# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOE SOLO and BLEACHTECH L.L.C.,
on behalf of themselves and all others
similarly situated,

                  Plaintiffs,

  v.

UNITED PARCEL SERVICE CO.,

               Defendant.

Case No.  14-12719 GER-RSW

Hon. Gerald E. Rosen

Magistrate Judge R. Steven Whalen

---

ANDREW J. MCGUINNESS (P42074)
drewmcg@topclasslaw.com
ANDREW J. MCGUINNESS, ESQ.
122 S. Main Street, Suite 118
P.O. Box 7711
Ann Arbor, Michigan 48107
Telephone: 734.274.9374

PAUL F. NOVAK (P39524)
pnovak@milberg.com
DIANA GJONAJ (P74637)
dgjonaj@milberg.com
MILBERG LLP
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, Michigan 48226
Telephone: 313.309.1760

Attorneys for Plaintiffs

PAUL T. FRIEDMAN (CA SBN 98381)
PFriedman@mofo.com
CAITLIN SINCLAIRE BLYTHE
(CA SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
(Friedman: Admitted 3/25/1999;
Blythe: Admitted 2/28/2014)

GREGORY B. KOLTUN
(CA SBN 130454)
GKoltun@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
(Admitted 2/6/2014)

BONNIE L. MAYFIELD (P40275)
bmayfield@dykema.com
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone: 248.203.0700

Attorneys for Defendant
UNITED PARCEL SERVICE CO.

## DEFENDANT UNITED PARCEL SERVICE CO.'S
## ANSWER TO COMPLAINT

Defendant United Parcel Service Co. ("UPS Co."), through its undersigned counsel, hereby submits this Answer to Plaintiffs Joe Solo and BleachTech L.L.C.'s (collectively, "Plaintiffs") Complaint and answers as follows:

In answering the Complaint, UPS Co. denies all allegations contained in the headings and unnumbered paragraphs in the Complaint.

## INTRODUCTION

1.      In response to Paragraph 1, UPS Co. admits that the UPS Rate and Service Guide ("UPS Service Guide") addresses United Parcel Service, Inc.'s ("UPS") limitation of liability for loss or damage to a shipment to $100 without a declaration of value.  UPS Co. further admits that the UPS Service Guide provides that UPS's limitation of liability for loss or damage can be increased by making a declaration of value and paying an additional charge, subject to terms and conditions.  Except as expressly admitted, UPS Co. denies each and every one of the allegations contained in Paragraph 1 for the reason that they are not true.

2.      In response to Paragraph 2, UPS Co. admits that the UPS Service Guide in effect in July 2013 (and attached to the Complaint as Exhibit B) provides that the maximum declared value is $50,000 per package.  UPS Co. further admits that the UPS Service Guide provides that UPS's limitation of liability for loss or damage can be increased up to the per package maximum by making a declaration

1

of value for an additional charge, subject to terms and conditions.  Except as

expressly admitted, UPS Co. denies each and every allegation contained in

Paragraph 2 for the reason that they are not true.

3.      In response to Paragraph 3, UPS Co. admits that the UPS Service

Guide in effect in July 2013 (and attached to the Complaint as Exhibit B) includes

the following information for declared value provided by UPS:

| Description | Fee | |
|---|---|---|
| Package | Package | |
| - UPS's liability for loss or damage to a shipment is limited to $100.00 without a declaration of value. | - $0.00-$100.00 | $0.00 |
| - The maximum declared value is $50,000.00 per package. UPS's liability for loss or damage can be increased up to $50,000.00 (subject to terms and conditions) by making a declaration of value for an additional charge. | - $100.01-$50,000.00 for each $100.00 (or portion of $100.00) of the total value declared | $0.85 |
| | - Minimum | $2.55 |
| - Declared Value charges for freight collect and third-party shipments may be billed to your shipper account. | | |
| - Refer to ups.com/terms for more information. | | |

UPS Co. further admits that the "Export and Import Value-Added Services"

section of the UPS Service Guide in effect in July 2013 (and attached to the

Complaint as Exhibit B) includes the following information for declared value

regarding international packages:

| Description | Fee | |
|---|---|---|
| - UPS's liability for loss or damage to a shipment is limited to $100.00 without a declaration of value. | - $0.00-$100.00 | $0.00 |
| - The maximum declared value is $50,000.00 per package/$100,000.00 per pallet. UPS's liability for loss or damage can be increased up to $50,000.00 per package or $100,000.00 per pallet by making a declaration of value for an additional charge (subject to terms and conditions). | - $100.01-$50,000.00 for each $100.00 (or portion of $100.00) of the total value declared | $0.85 |
| | - Minimum | $2.55 |
| - For shipments with a declared value of more than $50,000.00, multiply the total declared value by the rate to determine the declared value charge for the shipment. | - For shipments with a declared value of more than $50,000.00: $0.0085 times the declared value | |
| - Declared Value charges for freight collect and third-party shipments may be billed to your shipper account. | | |
| - Refer to ups.com/terms for more information. | | |

Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 3 for the reason that they are not true.

4.      UPS Co. denies each and every allegation contained in Paragraph 4 for the reason that they are not true.

5.      UPS Co. denies each and every allegation contained in Paragraph 5 for the reason that they are not true.

6.      In response to Paragraph 6, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of whether shipping consultants made the alleged statements about UPS Co.'s practices, and on that basis UPS Co. denies those allegations.  To the extent that Paragraph 6 alleges that the statements purportedly made by shipping consultants are true, UPS Co. denies each and every such allegation contained in Paragraph 6 for the reason that they are not true.

7.      UPS Co. denies each and every allegation contained in Paragraph 7 for the reason that they are not true.

8.      UPS Co. denies each and every allegation contained in Paragraph 8 for the reason that they are not true.

9.      UPS Co. denies each and every allegation contained in Paragraph 9 for the reason that they are not true.

sf-3646638

10.     UPS Co. denies each and every allegation contained in Paragraph 10 for the reason that they are not true.

## THE ALLEGED PARTIES

11.     In response to Paragraph 11, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS. Co. denies each and every allegation contained in Paragraph 11.

12.     In response to Paragraph 12, UPS Co. admits Solo used a The UPS Store location to ship a package on December 26, 2013 with declared value of $565.  Except as expressly admitted, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis UPS. Co. denies each and every other allegation contained therein.

13.     In response to Paragraph 13, UPS Co. admits Solo used a The UPS Store location to ship a package on December 26, 2013 with declared value of $565.

14.     UPS Co. denies each and every allegation contained in Paragraph 14 for the reason that they are not true.

15.     In response to Paragraph 15, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

4

therein, and on that basis UPS. Co. denies each and every allegation contained in Paragraph 15.

16.     In response to Paragraph 16, UPS Co. admits BleachTech paid for declared value for the packages listed.  Except as expressly admitted, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis UPS. Co. denies each and every other allegation contained therein.

17.     In response to Paragraph 17, UPS Co. admits that the charge for declared value included a charge for each $100 (or portion of $100) of the total value declared, including for the first $100 of the total value declared.  Except as expressly admitted, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis UPS. Co. denies each and every other allegation contained therein.

18.     The last sentence of Paragraph 18 contains argument purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis UPS. Co. denies each and every allegation contained in the last sentence of Paragraph 18.  UPS Co. is without knowledge or information sufficient to form a

belief as to the truth of the other allegations contained in Paragraph 18, and on that basis UPS. Co. denies each and every other allegation contained therein.

19.    In response to Paragraph 19, UPS Co. admits that it has the ability to identify some shipments made by its shippers, and for some such shipments whether the shipper declared a value in excess of $100 and paid the applicable charge.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 19 for the reason that they are not true.

20.    In response to Paragraph 20, UPS Co. admits it is an indirect wholly-owned subsidiary of United Parcel Service, Inc. – Delaware, is incorporated in Delaware, and maintains its principal office in Atlanta, Georgia.

## ALLEGED JURISDICTION AND VENUE

21.    In response to Paragraph 21, UPS Co. admits that the Court has jurisdiction over actions that meet the requirements of 28 U.S.C. § 1332(d); however, Plaintiffs' claims may be subject to a mandatory arbitration provision contained in the UPS® TARIFF / TERMS AND CONDITIONS OF SERVICE – UNITED STATES ("UPS Terms").  UPS Co. admits that Plaintiffs purport to bring a class action, but UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.

6

22.     In response to Paragraph 22, UPS Co. admits that one or more UPS entities conduct business within this judicial district, including marketing, sales, and the provision of transportation services.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 22 for the reason that they are not true.

23.     Paragraph 23 contains conclusions of law purporting to be allegations of fact.  Accordingly, no response is required.

### ALLEGED FACTS COMMON TO THE CLASS

24.     In response to Paragraph 24, UPS Co. admits that the UPS Terms, together with the documents incorporated therein, sets forth "the general terms and conditions of contract under which United Parcel Service® ('UPS') is engaged in the transportation of shipments itself and jointly through interchange with its affiliates via the services described below."  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 24 for the reason that they are not true.

25.     In response to Paragraph 25, UPS Co. admits that the UPS Terms provide that UPS's liability for loss or damage to each UPS domestic package is limited to a value of $100, except as set forth in the UPS Terms.  UPS Co. further admits that the UPS Terms provide that, to increase UPS's limit of liability for loss or damage above $100, the shipper must declare a value in excess of $100 for each

7

package in the declared value field of the UPS Source Document or the UPS Automated Shipping System used (as those terms are defined by the UPS Terms), and pay an additional charge.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 25 for the reason that they are not true.

26.     In response to Paragraph 26, UPS Co. admits that the applicable UPS Service Guide provides cost information for certain domestic and international services offered by UPS, including declared value for carriage, and that such UPS Service Guide is published and made widely available.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 26 for the reason that they are not true.

27.     In response to Paragraph 27, UPS Co. admits that the UPS Service Guide in effect in July 2013 (and attached to the Complaint as Exhibit B) includes the following information for declared value offered by UPS:

| Description | Fee |
|---|---|
| Package<br>- UPS's liability for loss or damage to a shipment is limited to $100.00 without a declaration of value.<br>- The maximum declared value is $50,000.00 per package. UPS's liability for loss or damage can be increased up to $50,000.00 (subject to terms and conditions) by making a declaration of value for an additional charge.<br><br>- Declared Value charges for freight collect and third-party shipments may be billed to your shipper account.<br>- Refer to ups.com/terms for more information. | Package<br>- $0.00-$100.00                                          $0.00<br>- $100.01-$50,000.00<br>  for each $100.00 (or<br>  portion of $100.00) of<br>  the total value declared        $0.85<br>- Minimum                                      $2.55 |

UPS Co. further admits that the "Export and Import Value-Added Services" section of the UPS Service Guide in effect in July 2013 (and attached to the

Complaint as Exhibit B) includes the following information for declared value

regarding international packages:

| Description | Fee | |
| --- | --- | --- |
| - UPS's liability for loss or damage to a shipment is limited to $100.00 without a declaration of value.<br>- The maximum declared value is $50,000.00 per package/$100,000.00 per pallet. UPS's liability for loss or damage can be increased up to $50,000.00 per package or $100,000.00 per pallet by making a declaration of value for an additional charge (subject to terms and conditions).<br><br>- For shipments with a declared value of more than $50,000.00, multiply the total declared value by the rate to determine the declared value charge for the shipment.<br><br>- Declared Value charges for freight collect and third-party shipments may be billed to your shipper account.<br>- Refer to ups.com/terms for more information. | - $0.00-$100.00<br>- $100.01-$50,000.00 for each $100.00 (or portion of $100.00) of the total value declared<br>- Minimum<br>- For shipments with a declared value of more than $50,000.00:<br>  $0.0085 times the declared value | $0.00<br><br><br><br>$0.85<br>$2.55 |

28.    UPS Co. denies each and every allegation contained in Paragraph 28

for the reason that they are not true.

29.    In response to Paragraph 29, UPS Co. admits that the fee for declared

value for carriage under the UPS Service Guide in 2013 was $0.85 for each $100

(or portion of $100) of the total value declared.  UPS Co. further admits that for a

declaration of value of $350, the charge would have been $3.40, and the fee for a

declaration between $400 and $500 would have been $4.25.  Except as expressly

admitted, UPS Co. denies each and every allegation contained in Paragraph 29 for

the reason that they are not true.

30.    UPS Co. denies each and every allegation contained in Paragraph 30

for the reason that they are not true.

31.    UPS Co. denies each and every allegation contained in Paragraph 31

for the reason that they are not true.

sf-3646638

32.    UPS Co. admits the allegations in Paragraph 32.

33.    UPS Co. admits that a press release attached as an exhibit to a Form

8-K filed by UPS. Co.'s parent company on January 17, 2014 states:  "On

December 23rd UPS delivered more than 31 million packages, the most ever and

13% over the prior-year peak day."

## UPS CO.'S ALLEGED EFFORT TO ERECT AN EXCULPATORY WALL OF ONE-SIDED CONTRACT PROVISIONS

34.    UPS Co. denies each and every allegation contained in Paragraph 34

for the reason that they are not true.

35.    Paragraph 35 contains argument and conclusions of law purporting to

be allegations of fact.  Accordingly, no response is required; however, to the extent

a response is required, UPS Co. denies each and every allegation contained in

Paragraph 35 for the reason that they are not true.

36.    UPS Co. denies each and every allegation contained in Paragraph 36

for the reason that they are not true.

37.    In response to Paragraph 37, UPS Co. is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained

therein, and on that basis UPS Co. denies each and every allegation contained in

Paragraph 37.

38.    In response to Paragraph 38, UPS Co. is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained

therein, and on that basis UPS Co. denies each and every allegation contained in Paragraph 38.  To the extent Paragraph 38 alleges that UPS Co. or any of its affiliates overcharges for declared value, UPS Co. specifically denies those allegations for the reason that they are not true.

39.     In response to Paragraph 39, UPS Co. affirmatively alleges that the 180 day notice requirement is consistent with federal law, 49 U.S.C. § 13710. UPS Co. denies each and every other allegation contained in Paragraph 39 for the reason that they are not true.

40.     UPS Co. denies each and every allegation contained in Paragraph 40 for the reason that they are not true.

41.     UPS Co. denies each and every allegation contained in Paragraph 41 for the reason that they are not true.

42.     UPS Co. denies each and every allegation contained in Paragraph 42 for the reason that they are not true.

43.     Paragraph 43 contains argument and conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. denies each and every allegation contained in Paragraph 43 for the reason that they are not true.

44.     Paragraph 44 contains argument and conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent

11

a response is required, UPS Co. denies each and every allegation contained in Paragraph 44 for the reason that they are not true.

## ALLEGED CLASS ALLEGATIONS

45.     In response to Paragraph 45, UPS Co. admits that Plaintiffs purport to bring this action on behalf of a putative class described in Paragraph 45, but UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 45 for the reason that they are not true.

46.     In response to Paragraph 46, UPS Co. admits that Plaintiffs purport to bring this action in the alternative on behalf of one or more putative issue class(es) described in Paragraph 46, but UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  No response is required to the allegations about class or classes regarding UPS Co.'s alleged violation of 49 U.S.C. § 13708(b) because this Court dismissed that claim with prejudice, which the Sixth Circuit affirmed.  Opinion, *Solo v. United Parcel Service Co.*, No. 15-1426 (6th Cir. Mar. 18, 2016).  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 46 for the reason that they are not true.

12

47.    In response to Paragraph 47, UPS Co. admits that Plaintiffs purport to bring this action on behalf of a putative class—or, in the alternative, one or more issue class(es)—described in Paragraph 47, but UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 47 for the reason that they are not true.

48.    In response to Paragraph 48, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained therein, and on that basis UPS Co. denies each and every other allegation contained in Paragraph 48.

49.    In response to Paragraph 49, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  UPS Co. further denies each and every other allegation contained in Paragraph 49, including all subparts, for the reason that they are not true.

50.    In response to Paragraph 50, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any

13

putative class members are entitled to recovery in this action.  UPS Co. further denies each and every other allegation contained in Paragraph 50 for the reason that they are not true.

51.     In response to Paragraph 51, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained therein, and on that basis UPS Co. denies each and every other allegation contained in Paragraph 51.

52.     In response to Paragraph 52, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  UPS Co. further denies each and every other allegation contained in Paragraph 52 for the reason that they are not true.

## COUNT I

## ALLEGED BREACH OF CONTRACT

53.     In response to Paragraph 53, UPS Co. incorporates by this reference its responses to Paragraphs 1 through 52 of the Complaint.

54.     In response to Paragraph 54, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any

14

putative class members are entitled to recovery in this action.  UPS further denies that all UPS shippers are governed by "uniform contracts."  UPS Co. admits that one or more plaintiffs and members of the putative class have made shipments subject to the UPS Terms and the UPS Service Guide.  Except as expressly admitted or denied, UPS Co. is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis UPS Co. denies each and every other allegation contained therein.

55.    UPS Co. denies each and every allegation contained in Paragraph 55 for the reason that they are not true.

56.    UPS Co. denies each and every allegation contained in Paragraph 56 for the reason that they are not true.

57.    UPS Co. denies each and every allegation contained in Paragraph 57 for the reason that they are not true.

## COUNT II

## ALLEGED BASIS FOR DECLARATORY RELIEF, 28 U.S.C. §2201

58.    In response to Paragraph 58, UPS Co. incorporates by this reference its responses to Paragraphs 1 through 57 of the Complaint.

59.    In response to Paragraph 59, UPS Co. admits that Plaintiffs purport to bring this Count pursuant to 28 U.S.C. § 2201, but UPS Co. denies that Plaintiffs

or any putative class members are entitled to recovery in this action.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 59 for the reason that they are not true.

60.     Paragraph 60 contains conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. denies each and every allegation contained in Paragraph 60 for the reason that they are not true.

61.     Paragraph 61 contains no allegations; just a statement.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. admits the Court has statutory authority to grant declaratory relief, but UPS Co. denies that Plaintiffs are entitled to any such relief in this action.

62.     UPS Co. denies each and every allegation contained in Paragraph 62 for the reason that they are not true.

63.     Paragraph 63 contains conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. denies each and every allegation contained in Paragraph 63 for the reason that they are not true.

64.     In response to Paragraph 64, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  UPS Co. further

denies each and every allegation contained in paragraph 64, including all subparts, for the reason that they are not true.

## COUNT III

## ALLEGED VIOLATION OF FEDERAL TRANSPORTATION STATUTE

65.　In response to Paragraph 65, UPS Co. incorporates by this reference its responses to Paragraphs 1 through 64 of the Complaint.

66-72. Paragraphs 66 through 72 contain allegations in support of a claim that this Court dismissed with prejudice, which the Sixth Circuit affirmed. Opinion, *Solo v. United Parcel Service Co.*, No. 15-1426 (6th Cir. Mar. 18, 2016). Accordingly, no response is required because Paragraphs 66 through 72 no longer are part of the case.  However, to the extent a response is required, Paragraphs 71 and 72 contain no allegations; just statements.  Accordingly, no response to Paragraphs 71 and 72 is required; however, to the extent a response is required, UPS Co. admits that 49 U.S.C. § 14704(a)(2) creates a private right of action and that 49 U.S.C. § 14704(e) permits the recovery of attorneys' fees and costs, but UPS Co. denies that Plaintiffs are entitled to bring any such private right of action or that Plaintiffs are entitled to any such recovery in this action.  In response to Paragraph 69, UPS Co. admits that 49 U.S.C. § 13708(b) provides that "[n]o person may cause a motor carrier to present false or misleading information on a document about the actual rate, charge, or allowance to any party to the

17

transaction," but UPS Co. denies that UPS Co. has violated 49 U.S.C. § 13708(b) or is responsible for any such violation.  Paragraphs 67, 68, and 70 contain conclusions of law purporting to be allegations of fact.  Accordingly, no response to Paragraphs 67, 68, and 70 is required; however, to the extent a response is required, UPS Co. denies each and every allegation contained in Paragraphs 67, 68, and 70 for the reason that they are not true.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraphs 66 through 72 for the reason that they are not true.

## COUNT IV

## ALLEGED UNJUST ENRICHMENT (IN THE ALTERNATIVE)

73.     In response to Paragraph 73, UPS Co. incorporates by this reference its responses to Paragraphs 1 through 72 of the Complaint.

74.     In response to Paragraph 74, UPS Co. specifically denies that the UPS Service Guide states that, where a shipper declares a value in excess of $100, the first $100 of UPS's liability for loss or damage is provided at no additional charge. UPS Co. further denies each and every other allegation contained in Paragraph 74 for the reason that they are not true.

75.     In response to Paragraph 75, UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to recovery in this action.  UPS Co. admits

Solo used a The UPS Store location to ship a package on December 26, 2013. Except as expressly admitted or denied, UPS Co. is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and on that basis UPS Co. denies each and every other allegation contained therein.

76.     UPS Co. denies each and every allegation contained in Paragraph 76 for the reason that they are not true.

77.     In response to Paragraph 77, UPS Co. admits that it asserted an affirmative defense based on lack of standing in its First Amended Answer in *Sivak v. United Parcel Service Co.*, No. 2:13-cv-15263 (E.D. Mich. Jan. 6, 2014). Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 77.

78.     In response to Paragraph 78, UPS Co. admits that the UPS Terms provide that "UPS assumes no liability other than to the Third-Party Retailer as the shipper of the package, for lost, damaged or delayed packages sent via the Third-Party Retailer."  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 78.

79.     UPS Co. denies each and every allegation contained in Paragraph 79 for the reason that they are not true.

sf-3646638

80.     UPS Co. denies each and every allegation contained in Paragraph 80 for the reason that they are not true.

81.     UPS Co. denies each and every allegation contained in Paragraph 81 for the reason that they are not true.

82.     Paragraph 82 contains argument and conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. denies each and every allegation contained in Paragraph 82 for the reason that they are not true.

83.     Paragraph 83 contains argument and conclusions of law purporting to be allegations of fact.  Accordingly, no response is required; however, to the extent a response is required, UPS Co. admits that Plaintiffs purport to seek in the alternative relief for unjust enrichment on behalf of a putative class, but UPS Co. denies that this case is appropriate for class action treatment and further denies that Plaintiffs or any putative class members are entitled to any such relief in this action.  Except as expressly admitted, UPS Co. denies each and every allegation contained in Paragraph 83 for the reason that they are not true.

## REQUESTS FOR RELIEF

84.     UPS Co. denies that this case is appropriate for class action treatment and denies that Plaintiffs or any putative class members are entitled to any relief

whatsoever.  Accordingly, UPS Co. denies all allegations set forth in the section of the Complaint entitled, "Requests for Relief," including all subparts.

85.    UPS Co. denies all allegations in the Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that UPS Co. bears any burden, of proof or otherwise, as to any of them, UPS Co. asserts the following affirmative defenses to Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (ARBITRATION OBLIGATION)

To the extent subject to the individual binding arbitration provision contained in the UPS Terms, Plaintiffs and all putative class members are obligated to resolve all of their claims—including those arising before and after December 30, 2013—by individual binding arbitration.

## SECOND AFFIRMATIVE DEFENSE
### (NO STANDING)

Any recovery on Plaintiffs' Complaint, or any claim for relief averred therein, is barred to the extent that either or both of the Plaintiffs was not in direct contractual privity with UPS Co., or otherwise lacks standing to assert these claims on their own behalf or on behalf of the putative classes against UPS Co.

**THIRD AFFIRMATIVE DEFENSE**
**(CONTRACTUAL LIMITATIONS)**

Plaintiffs' claims for relief are subject to, and limited by, the terms,

exclusions, conditions, and limitations contained in the UPS Terms and UPS Rate

and Service Guide (together, the "UPS Shipping Contract"), including the

obligation to satisfy conditions precedent to recovery by giving appropriate notice

of a disputed invoice within 180 days of receipt.

**FOURTH AFFIRMATIVE DEFENSE**
**(FAILURE TO PROVIDE TIMELY NOTICE**
**OF CONTEST – 49 U.S.C. § 13710)**

Plaintiffs' claims are barred, in whole or in part, for failure to give

appropriate notice of a disputed invoice within 180 days of receiving a contested

bill, as required by 49 U.S.C. § 13710.

**FIFTH AFFIRMATIVE DEFENSE**
**(CLAIM REQUIREMENT)**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs

failed to submit a written claim in accordance with the applicable UPS Shipping

Contract.

**SIXTH AFFIRMATIVE DEFENSE**
**(FEDERAL PREEMPTION)**

Plaintiffs' state law claims are preempted by, *inter alia*, federal common

law, the provisions of the Federal Aviation Administration Authorization Act of

22

1994, 49 U.S.C. §§ 14501(c)(1) & 41713(b)(4)(A), the Carmack Amendment to

the Interstate Commerce Act, 49 U.S.C. § 14706, and other relevant statutes

contained in Title 49 of the United States Code.

### SEVENTH AFFIRMATIVE DEFENSE
### (LACK OF CAUSATION)

Plaintiffs' claims are barred, in whole or in part, because to the extent

Plaintiffs have suffered the injury or damages alleged, such injury or damages were

not caused by the acts or omissions of UPS Co.

### EIGHTH AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATIONS)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s)

of limitations, including but not limited to 49 U.S.C. § 14705(b).

### NINTH AFFIRMATIVE DEFENSE
### (ADDITIONAL AFFIRMATIVE DEFENSES)

UPS Co. has not completed its investigation and discovery into the

allegations of the Complaint.  Therefore, UPS Co. cannot fully anticipate all

affirmative defenses that may be applicable to this action at this time and hereby

reserves its right to add additional affirmative defenses if and to the extent such

affirmative defenses are applicable to this action.

## PRAYER FOR RELIEF

WHEREFORE, defendant UPS Co. prays for judgment against Plaintiffs as follows:

A.     That Plaintiffs take nothing by way of this suit and that judgment be entered in favor of UPS Co;

B.     That UPS Co. be awarded costs as may be allowed by the law; and

C.     That UPS Co. be granted all such other relief as the Court may deem reasonable and just.

24

Dated:        April 25, 2016              By:  /s/ Gregory B. Koltun
                                               GREGORY B. KOLTUN

                                          PAUL T. FRIEDMAN (CA SBN 98381)
                                          PFriedman@mofo.com
                                          CAITLIN SINCLAIRE BLYTHE
                                          (CA SBN 265024)
                                          CBlythe@mofo.com
                                          MORRISON & FOERSTER LLP
                                          425 Market Street
                                          San Francisco, California  94105-2482
                                          Telephone: 415.268.7000
                                          (Friedman: Admitted 3/25/1999;
                                          Blythe: Admitted 2/28/2014)

                                          GREGORY B. KOLTUN
                                          (CA SBN 130454)
                                          GKoltun@mofo.com
                                          MORRISON & FOERSTER LLP
                                          707 Wilshire Boulevard
                                          Los Angeles, California  90017-3543
                                          Telephone: 213.892.5200
                                          (Admitted 2/6/2014)

                                          BONNIE L. MAYFIELD (P40275)
                                          bmayfield@dykema.com
                                          DYKEMA GOSSETT PLLC
                                          39577 Woodward Avenue, Suite 300
                                          Bloomfield Hills, MI 48304
                                          Telephone: 248.203.0700

                                          Attorneys for Defendant
                                          UNITED PARCEL SERVICE CO.

sf-3646638

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2016, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following: Andrew J. McGuinness

(drewmcg@topclasslaw.com), Paul F. Novak (pnovak@milberg.com), and Diana

Gjonaj (dgjonaj@milberg.com).

Dated:    April 25, 2016             By:  /s/ Gregory B. Koltun
                                          GREGORY B. KOLTUN

                                     PAUL T. FRIEDMAN (CA SBN 98381)
                                     PFriedman@mofo.com
                                     CAITLIN SINCLAIRE BLYTHE
                                     (CA SBN 265024)
                                     CBlythe@mofo.com
                                     MORRISON & FOERSTER LLP
                                     425 Market Street
                                     San Francisco, California  94105-2482
                                     Telephone: 415.268.7000
                                     (Friedman: Admitted 3/25/1999;
                                     Blythe: Admitted 2/28/2014)

                                     GREGORY B. KOLTUN
                                     (CA SBN 130454)
                                     GKoltun@mofo.com
                                     MORRISON & FOERSTER LLP
                                     707 Wilshire Boulevard
                                     Los Angeles, California  90017-3543
                                     Telephone: 213.892.5200
                                     (Admitted 2/6/2014)

                                     BONNIE L. MAYFIELD (P40275)
                                     bmayfield@dykema.com
                                     DYKEMA GOSSETT PLLC
                                     39577 Woodward Avenue, Suite 300
                                     Bloomfield Hills, MI 48304
                                     Telephone: 248.203.0700

                                     Attorneys for Defendant
                                     UNITED PARCEL SERVICE CO.

1