UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

Joe Solo, et al,

      Plaintiffs,

      vs.

UNITED PARCEL SERVICE CO.,

      Defendant.

Case No.: 2:14-cv-12719

Hon. Gerald E. Rosen

Mag. Judge S. Steven Whalen

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, Michigan  48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Paul F. Novak (P39524)
Diana Gjonaj (P74637)
MILBERG LLP
Chrysler House
719 Griswold St, Ste 620
Detroit, Michigan  48226
Phone: (313) 309-1760
pnovak@milberg.com
dgjonaj@gmail.com

Daniel R. Karon
Beau D. Hollowell
KARON LLC
700 W. St. Clair Ave. Ste. 200
Cleveland, Ohio  44113
(216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

*Counsel for Plaintiffs and the Proposed Class*

Gregory B. Koltun
MORRISON & FOERSTER LLP
707 Wilshire Blvd
Los Angeles, California  90017-3543
Phone: (213) 892-5200
gkoltun@mofo.com

Paul T. Friedman
Caitlin Sinclaire Blythe
MORRISON & FOERSTER LLP
425 Market St
San Francisco, California  94105-2482
Phone: (415) 268-7000
pfriedman@mofo.com
cblythe@mofo.com

Bonnie Mayfield (P40275)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan  48304
Phone: (248) 203-0851
bmayfield@dykema.com

*Counsel for Defendant*

# JOINT RULE 26(F) REPORT AND INITIAL DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs Joe Solo and BleachTech LLC, and Defendant United Parcel Service Co. ("UPS"), by and through their respective counsel, based upon their May 5, 2016, Rule 26(f) conference, submit this Joint Rule 26(f) Report and  propose the following Initial Discovery Plan.

1.    **Initial Disclosures**

The parties generally agree that they shall exchange the information required by the initial disclosure requirements of Rule 26(a) within 30 days of May 17, 2016 (that is, <u>June 16, 2016</u>), except that UPS requests that these disclosures be limited to information relevant to the question of whether Plaintiffs' claims are subject to binding arbitration under the UPS Tariff/Terms and Conditions of Service ("UPS Terms").  The parties hereby stipulate and agree that they may serve discovery requests and responses via email, and that such requests and responses shall be deemed "served" under the rules on the date that they are emailed (Eastern Time) as if they had been mailed by United States Mail on such date.

**2.    The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed and Whether Discovery Should Be  Conducted In Phases.**

**a.  <u>Subjects on Which Discovery May Be Needed:</u>**

**Plaintiffs' Position**

Pursuant to this Court's scheduling order instruction, Plaintiffs have already

served their Interrogatory No. 1, seeking detailed information generally relevant to ascertaining the scope of the claims presented, in order to assist the parties and the Court in understanding and applying the proportionality principles in the recently amended civil rules.

Plaintiffs presently contemplate taking discovery from Defendant; any persons identified by Defendant as having information within the scope of Rule 26; any witnesses identified by Defendant; present and former employees of Defendant; experts; agent and representatives of the Defendant; and from third parties— including shipping consultants who may have experience or other factual knowledge regarding UPS policies or practices relating to declared value coverage—believed to have potentially relevant information.

Plaintiffs presently contemplate taking discovery concerning liability, class certification, defenses, and damages relating to the claims presented in the Complaint and any amended complaint. Such discovery will include, but will not necessarily be limited to:

1.  The history, chronology, development, and changes to UPS declared value coverage pricing, charges, and the presentation of those charges;

2.  Organizational charts of UPS and related entities;

3.  Past and present UPS personnel with responsibilities regarding declared value coverage;

4.  Policies, practices, communications, contractual relationship(s) between UPS and Third Party Retailers as defined in the Complaint

3

(including UPS Stores);

5. UPS contracts, communications, policies and practices relating to shippers who have negotiated special or custom agreements with UPS that may not incorporate or apply the pricing tables for described in the Complaint, or substantially identical tables;

6. The enforceability of UPS's asserted 180-day notice requirement;

7. Defendants' allegations, admissions, other discovery responses, and defenses.

Paragraph 1 of the UPS Tariff/Terms and Conditions of Service ("UPS Terms"), Complaint Exhibit A (ECF #1, pg. ID 25), provide: "In tendering a shipment for service, the shipper agrees that the version of the Terms and the applicable Service Guide in effect at the time of shipping will apply to the shipment and its transportation." There is no dispute that UPS Terms contained no arbitration agreement at the time of the shipments alleged in the Complaint. Moreover, UPS has averred that it has no contractual privity with "indirect shippers," i.e., those like Plaintiff Solo who ship through a UPS Store or other Third Party Shipper. Plaintiffs take the position that UPS knew that direct shippers, such as Plaintiff BleachTech LLC, shipped packages with a declared value of more than $300 prior to the time it filed its motions to dismiss in this Court in both the companion *Sivak, et al., vs. UPS* action and in the instant action. Accordingly, Plaintiffs take the position that no limitation or delay of discovery regaring issus of arbitration are appropriate at this time.

**UPS's Position**

As of December 30, 2013, the UPS Terms have included a binding arbitration clause applicable to "any controversy or claim, whether at law or equity, arising out of or related to the provision of services by UPS, regardless of the date of accrual of such dispute." As this Court previously has recognized, the UPS Terms set forth the basic terms and conditions between UPS and shippers in the United States.

UPS believes one or both Plaintiffs' claims may be subject to the arbitration provision. In order to confirm the applicability of the arbitration clause, UPS has issued written discovery requests limited to the arbitration issue, including identification of shipments made by each plaintiff. Depending on Plaintiffs' responses, UPS anticipates that it will move to compel arbitration of one or both Plaintiffs' claims.

UPS respectfully requests that this Court phase discovery as set forth below, with the initial discovery phase limited to the question of whether Plaintiffs agreed to arbitrate their claims.

Subject to the foregoing, UPS anticipates taking discovery on topics that will include the following:

1. Arbitrability of Plaintiffs' claims;

Following resolution of the arbitration issue, UPS anticipates taking

discovery on topics including the following:

> 2. Plaintiffs' compliance with contractual and statutory notice provisions, including whether Plaintiffs notified UPS (or caused UPS to be notified) of disputed charges within required time limitations.
>
> 3. Shipping charges actually assessed for packages Plaintiffs claim were overcharged.
>
> 4. Facts pertaining to Plaintiffs' allegations regarding the manner in which UPS charges for declared value or issues refunds to shippers that purchased declared value.
>
> 5. Facts pertaining to class certification.

### b. **Discovery Deadline**

The Parties agree that any discovery-related motions must be filed prior to the discovery completion date.

**Plaintiffs' Position**

Plaintiffs propose preliminarily that that fact discovery extend through January 31, 2017. Plaintiffs oppose any phasing of fact discovery. If discovery is stayed in whole or in any respect on account of any motion to stay, or there are other case developments that affect the scope or timing of discovery, the Plaintiffs anticipate that this cutoff may need to extended.

**UPS's Position**

UPS proposes phased discovery as follows:

**(i) Phase One Discovery**: The initial phase of discovery shall be limited to discovery relating to whether one or both Plaintiffs agreed to arbitrate this dispute

under the UPS Terms.  This phase of discovery could close on August 1, 2016.

UPS would file a motion to compel arbitration on or before August 15, 2016.

**(ii)  Phase Two Discovery**:  In the event that this Court denies UPS's

motion to compel arbitration in whole or in part, fact discovery relating to the

merits of Plaintiffs' claims and UPS's defenses would commence.  UPS proposes

that this second phase of discovery would extend through June 30, 2017.

### c.  Additional Phasing of Discovery

With regard to discovery relating to the *merits* of this action, the parties agree

that discovery need not be bifurcated among liability, damages, and class

certification matters, and that a schedule for expert discovery be established at a

future scheduling conference. The parties recognize and agree that any expert report

or opinion offered in support of or in opposition to class certification will require

that the expert(s) be deposed before a hearing on class certification, and that each

party will require an opportunity to present argument to the Court based on such

discovery prior to a ruling on class certification.

3.    **Depositions**

**Plaintiffs' Position**

Given the scope of the claims in this class action, Plaintiffs seek initially to

be permitted to depose up to 25 total party and third-party witnesses (not including

experts), with all Rule 30(b)(6) depositions (regardless of scope of topics covered

or the number of witnesses designated by UPS) treated as one deposition.  Plaintiffs

would seek leave of Court before seeking to depose more witnesses, if needed.

**UPS's Position**

UPS does not believe that it is appropriate to alter the default limit of 10 total

depositions-per side set forth in the Federal Rules of Civil Procedure at this time.

Instead, UPS proposes that the parties meet and confer regarding any adjustment to

the limit after completion of document production, once both sides have had the

opportunity to evaluate the number of depositions that may be needed in light of the

witnesses who may actually have knowledge relevant to the claims.  If the parties

are unable to agree, the parties would reserve the right to seek leave of Court before

seeking to expand these limitations.

### 4.    Electronically Stored Information (ESI).

Plaintiffs have supplied Defendant with detailed information regarding the

format in which they have requested that ESI should be produced in response to

their discovery requests. Defendant has informed Plaintiffs that it anticipates having

similar requirements. However, the parties have not yet had a substantive meet and

confer regarding ESI, pursuant to Fed. R. Civ. P. 26(f)(3)(C).  At this time, the

parties do not  contemplate any issues related to the disclosure or discovery of ESI.

As contemplated by the Rules, the parties agree to meet and  confer to discuss what

categories of ESI might be relevant in this litigation and  anticipated for production

throughout the course of discovery, and to determine the appropriate format of document production, with the intent that standard Microsoft Office-type documents are produced in a manner that can be used with commercially available document management or litigation support software. Because ESI is broad, and the parties cannot predict all possible forms of production for all categories of documents or ESI that Plaintiffs may seek, the parties will continue to meet and confer throughout the course of discovery to discuss appropriate production scope and formats as the action progresses. Absent a stipulation to the contrary, meetings or conferences concerning discovery requests shall not extend the time required under the rules for response(s) and/or objection(s).

> **5.    The case presents the following issues relating to claims of privilege or of protection of trial preparation materials:**

The parties have agreed to log any asserted privileges regarding written discovery as required under the Rules, with the following exceptions:

**Plaintiffs' position**: that no party shall be required to log communications with trial counsel in either this litigation or the *Sivak, et al., v. UPS* case to which this case was deemed a "companion case" and therefore transferred to the judicial officers assigned to this case.

**UPS's position**: that no party shall be required to log communications with trial counsel in this litigation taking place after the filing of this litigation. To the extent that other issues arise relating to claims of privilege or the

protection of trial preparation materials, the parties will meet and confer with respect to establishing any protocols relating to these situations.

The parties agreed that UPS will draft and circulate to Plaintiffs a proposed protective order covering confidential information by May 16, 2016; that the parties shall endeavor to negotiate a stipulated confidentiality order thereafter; and that if they are unsuccessful they will jointly submit to the Court by May 26, 2016, a form of confidentiality order in Microsoft Word format highlighting their respective proposed language, for resolution and entry in final form by the Court.

### 6. Changes to limitations on discovery imposed by Federal Rules of Civil Procedure or the local rules.

**Plaintiffs' Position**

As indicated above, Plaintiffs initially seek permission to take 25 party and non-party depositions, which number may need to be expanded. UPS believes the default limit of 10 should not be altered at this time.

At this time, Plaintiffs seek to promulgate 60 interrogatories, treating their Interrogatory No. 1 as a single interrogatory, and not counting inquiries regarding ESI policies, custodians, repositories, formats, etc. Plaintiffs will seek leave of Court if they have a need to promulgate more than 60 interrogatories.

**UPS's Position**

As explained above, UPS does not believe that the default limits under the Federal Rules of Civil Procedure should be altered at this time. UPS agrees to meet

and confer in good faith to determine whether adjustments to the limits are needed

if and when the need arises.

**7.    Motion for Summary Judgment.**

The parties propose that any motions for summary judgment be filed no later

than 21 days after the close of all discovery, and at least 60 days before the pretrial

conference.

**8.    Trial**

The parties ask that the Court set a trial date based upon the schedule

implemented by the Court at the May 17, 2016, scheduling conference.

The parties preliminarily anticipate the need for 6-10 full trial days (not

counting jury selection).

**9.    Early Settlement/Alternative Dispute Resolution**

The parties do not anticipate a realistic probability of early settlement at this

time.  The parties will continue to evaluate the prospect for some form of

alternative  dispute resolution and will advise the Court accordingly.

11

Dated:        May 16, 2016

Respectfully submitted,


Andrew J. McGuinness (P42074)          /s/ Gregory B. Koltun (by AJM w/permission)
ANDREW J. MCGUINNESS, ESQ.              Gregory B. Koltun
122 S Main St, Suite 118               MORRISON & FOERSTER LLP
P O Box 7711                           707 Wilshire Blvd
Ann Arbor, Michigan  48104             Los Angeles, California  90017-3543
Phone: (734) 274-9374                  Phone: (213 892-5200
drewmcg@topclasslaw.com                gkoltun@mofo.com

*Counsel for Plaintiffs*                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ _Andrew J. McGuinness_