UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOE SOLO, et al., | Case No.: 2:14-cv-12719 |
| Plaintiffs, | |
| vs. | Hon. Gerald E. Rosen |
| UNITED PARCEL SERVICE CO., | |
| Defendant. | Mag. Judge R. Steven Whalen |

## STIPULATED PROTECTIVE ORDER
## RE: CONFIDENTIAL INFORMATION

The parties to this action, each having requested entry of different proposed protective orders regarding confidential information, good cause appearing therefor, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED as follows:

1.      **DEFINITIONS**

1.1      Party:  any party to this action and its affiliated companies, including all officers, directors, employees, and outside counsel (and their respective support staff) thereof, and all members of a certified class.  Counsel for Plaintiffs or other interim class counsel designated by the Court may make the designations permitted by this Protective Order on behalf of putative class members.

1.2      Designating Party:  a Party or non-party (third party) that

designates Disclosure or Discovery Material as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.3      Disclosure or Discovery Material:  all documents, items, or other

information, regardless of the medium or manner in or through which such

materials or information were or are generated, stored, or maintained (including,

among other things, testimony, transcripts, or tangible things) that are produced or

generated in disclosures or responses to discovery in this action.

1.4      "CONFIDENTIAL" Information or Items: Disclosure or

Discovery Material that contains a trade secret or other confidential research,

development, or proprietary commercial information, including but not limited to

customer information; or sensitive personal information (including, e.g., phone

numbers and financial account numbers); or information that otherwise is entitled

to protective treatment under Fed. R. Civ. P. 26(c).  Confidential Information shall

not include publicly available information or information obtained from sources

other than the Party or Designating Party, except upon a showing that such

material was covered by a prior protective order, agreement, or in the case of an

individual a legitimate expectation of privacy.

1.5      "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

or Items:  CONFIDENTIAL Information or Items that contain information the

disclosure of which would create a substantial risk of causing a person to suffer a significant competitive, financial or commercial disadvantage.

1.6     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

1.7     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.8     Protected Material:  any Disclosure or Discovery Material that is designated in good faith as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.9     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation, including his or her employees and support personnel, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes without limitation professional jury or trial consultants retained in connection with this litigation and any mock jurors or focus groups organized by such consultants.

1.10     Professional Vendors:  persons or entities that provide litigation support services (e.g., document review; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## 2.     **SCOPE**

3

2.1      The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material, and designated deposition testimony and Exhibits.

2.2      Nothing in this Protective Order shall apply to restrict the presentation of any facts, testimony, evidence or argument at any hearing or trial.

## 3.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4.   **DESIGNATING PROTECTED MATERIAL**

4.1      <u>Designating Disclosure or Discovery Material for Protection</u>. Any Producing Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material that it produces entitled to protection under the definition for these designations set forth above.  No Designating Party may designate material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" without a reasonable and

good faith belief that such designation is appropriate under the terms of this Protective Order.

4.2     If it comes to a Designating Party's attention that any Disclosure or Discovery Material that it designated for protection does not qualify for protection at all, or no longer qualifies for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing such designation.

4.3     If any Party uses Protected Material that it designated as such in support of a position in connection with any motion without sealing such material, then the opposing Party shall immediately be entitled to use any of the same Protected Material or related Protect Material without restriction notwithstanding any other provision of this Protective Order.

4.4     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Protective Order (e.g., Paragraph 4.4(b), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Protective Order by clearly designating the material before it is disclosed or produced.  Designation pursuant to this Protective Order shall be accomplished as follows:

(a)     <u>For information in documentary form or digital image format</u> (apart from transcripts of depositions), the Producing Party shall affix the legend

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.

   (b) A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must within fourteen (14) days determine which documents, or portions thereof, qualify for protection under this Protective Order, and, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material and, then produce the specified documents.

   (c) <u>For testimony given in deposition</u>, any Party or non-party offering or sponsoring the testimony may designate the testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by making a statement to that effect on the record during the deposition. Alternatively, within fourteen (14) days of receipt of a transcript or recording of a deposition, any Party or the offering or sponsoring non-party may designate such

transcript or recording or any portion thereof as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY by notifying all Parties, in writing, *of the specific pages and lines of the transcript* or recording that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All transcripts or recordings of depositions shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for fourteen (14) days after receipt of the transcript or recording, or until either written notice of confidentiality designations by any Party or written notice that no such designations will be made is received from such Parties, whichever occurs first.

(d)     In connection with depositions, court reporters and videographers shall not disclose Protected Material, including transcripts or exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person other than outside counsel for the parties or to the Court without a further Court order to do so.

(e)     <u>For information produced in some form other than documentary, and for any other tangible items</u>, a Producing Party who or which is also a Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or items are stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If

only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

4.5     Inadvertent Failures to Designate.  Inadvertent failure to designate Disclosure or Discovery Material as "CONFIDENTIAL"  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of production shall not be deemed a waiver of the Producing Party's right to so designate the Disclosure or Discovery Material and may be remedied by supplemental written notice to the Receiving Party.  If such notice is given, all Disclosure and Discovery Material so designated shall thereafter be subject to this Protective Order as if it had been initially designated as Protected Material.  After any designation is made in accordance with this paragraph, counsel for the Producing Party shall be responsible for providing replacement copies of all previously unmarked copies of the Protected Material.

## 5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     Timing of Challenges.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

5.2     Judicial Intervention.  At all times the burden of establishing that information is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" rests with the Designating

8

Party. Nothing in this Section 5 shall alter the procedure for treatment of Protected Materials filed in connection with a court filing or otherwise made part of the court record, as set forth in Section 9 below.

5.3     Disputes over Designations.  A Party challenging a Designating Party's confidentiality designation shall attempt in good faith to resolve the challenge by conferring with counsel for the Designating Party, consistent with the obligations imposed by Federal Rules of Civil Procedure 26(c)(1) and 37(a)(1), and Local Rule 37.1. In conferring, the Designating Party must explain the basis for its confidentiality designation.

5.4     Protected Material of Third Parties.  In instances where a Party produces information received from a third party that is claimed by that third party to contain confidential or sensitive information, and such information is designated by the Producing Party as "CONFIDENTIAL", or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and a Receiving Party seeks to challenge such designation, such Receiving Party shall provide the third party with written notice of the challenge to enable the third party a reasonable opportunity to oppose the challenge.

## 6.     STORAGE AND DISCLOSURE OF PROTECTED MATERIAL

6.1     Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the

persons authorized under this Protective Order. For purposes of this Protective Order, a secure website, or other internet-based document depository with adequate security and access limited to the persons authorized under this Protective Order, shall be deemed a secure location.

6.2 The restrictions on Disclosure or Discovery Material in this Protective Order shall not apply to information that, at or prior to production or disclosure thereof in this action, is or was public knowledge as a result of publication by one having the unrestricted right to do so, or which is otherwise in the public domain. Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or non-party of its own Protected Material.

6.3 Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or non-party whose confidentiality interest is being protected by the designation of Disclosure or Discovery Material as Protected Material, a Receiving Party may disclose "CONFIDENTIAL" information or items only:

(a) to the Receiving Party's outside counsel in this action, as well as attorneys, paralegals, law clerks, and support staff of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

10

(b)     to the officers, directors, employees, and in-house legal personnel of the Producing, Designating, or Receiving Party (or to the officers, directors, employees, and in-house legal personnel of a parent, subsidiary, or affiliate of the Receiving Party) to whom disclosure is reasonably necessary for this litigation each of whose violation of this Protective Order will subject such person and affiliate Party to contempt or other sanction;

(c)     to Experts to whom disclosure is reasonably necessary for this litigation and who shall be provided a copy of this Protective Order and shall be bound hereby;

(d)     subject to Section 9, to the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(e)     to court reporters, videographers, their staffs, Professional Vendors, and any private or Court-appointed mediator to whom disclosure is reasonably necessary for this litigation;

(f)     during the preparation for and conduct of their depositions, to witnesses in the action to whom disclosure is reasonably necessary, who shall be provided a copy of this Protective Order and shall be bound hereby;

(g)     pursuant to any information request or subpoena by a governmental department or agency, subject to the provisions of Section 7, below;

(h)     pursuant to a subpoena by a non-governmental party, as provided, in Section 7, below; and

(i)     to the author or a recipient of the information or the original source of such Protected Material.

6.4     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to (nor the content discussed with) anyone other than the following persons:

(a)     the Receiving Party's outside counsel in this action as well as attorneys, paralegals, law clerks, and support staff of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     a single, designated in-house counsel responsible for managing this litigation for a Party;

(c)     Experts to whom disclosure is reasonably necessary for this litigation and who shall be provided a copy of this Protective Order and shall be bound hereby;

(d)     deposition witnesses while on the record during their depositions whose testimony is being taken with respect to the information, or

about the subject matter of the information, who shall be provided a copy of this Protective Order and shall be bound hereby;

(e)    the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(f)    court reporters, videographers, their staffs, Professional Vendors, and any private or Court-appointed mediator to whom disclosure is reasonably necessary for this litigation;

(g)    any person pursuant to any information request or subpoena by a governmental department or agency, subject to the provisions of Section 7, below;

(h)    any person pursuant to a subpoena by a non-governmental party, as provided, in Section 7, below; and

(i)    the author or a recipient of the information or the original source of such Protected Material.

6.5    If Protected Material is disclosed or discussed at a deposition, only the court reporter, any videographer, the witness, a representative of the Parties, and any additional persons who are authorized by the terms of this Protective Order to see such material may be present for the portion of the deposition at which such Protected Material is discussed.

7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

7.1     If a Receiving Party is (a) subpoenaed in another action or proceeding; or (b) served with any other legal process (including but not limited to a court, administrative, or agency order) by a person not a party to this litigation, and such subpoena or other legal process compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL —— ATTORNEYS'' EYES ONLY," the Receiving Party must so notify the Designating Party as well as all other Parties, in writing (by email or fax, if possible) as soon as reasonably possible and in no event more than five (5) court days after receiving the subpoena or legal process, such notification to include a copy of the subpoena or legal process.

7.2     The Receiving Party also must promptly inform in writing the party seeking disclosure of the Protected Material under Section 7.1, above, that some or all of the material sought is the subject of the Protective Order. In addition, the Receiving Party must send a copy of this Protective Order promptly to the person (other than a court or judicial office) seeking disclosure of the Protected Material.

7.3     In addition, the Receiving Party shall not voluntarily disclose the Designating Party's Protected Material until ten (10) days after it has provided notice to the Designating Party pursuant to Section 7.1, above, to allow the Designating Party time to challenge the subpoena or legal process.  Absent a

14

timely challenge by the Designating Party no disclosure of Protected Material in compliance with any subpoena or legal process will be deemed a violation of this Protective Order.

7.4    If the Designating Party timely challenges the subpoena or legal process to disclose its Protected Material, the Designating Party shall be responsible, at its own cost, for obtaining any extension, order to quash, or other relief sufficient to relieve the Receiving Party of the obligation to comply with the subpoena or legal process. If the Designating Party notifies the Receiving Party that it has objected to the subpoena or legal process within the time period set forth in Section 7.3, above, the Receiving Party shall not disclose the Designating Party's Protected Material until resolution of any objection asserted by the Disclosing Party either by agreement or by final order of the Court with jurisdiction over the objection of the Disclosing Party.

7.5    The Receiving Party shall not oppose the Designating Party's efforts to obtain an extension, order to quash, or other relief from the obligation to comply with the subpoena or legal requirement, provided, however, that the Receiving Party at all times retains its rights to challenge any designation under this Protective Order.

7.6     Nothing in these provisions shall be construed as authorizing or requiring a Receiving Party in this action to disobey any lawful directive from another court.

## 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material after its designation as such to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d)  provide a copy of this Protective Order to whom unauthorized disclosures were made, thereby binding any such person to the terms herein. .

## 9.     FILING PROTECTED MATERIAL

9.1     In connection with any court filing (e.g., motion) in which a Party reveals or appends Protected Material, the filing Party shall initially file a redacted version omitting such material.

9.2     The Parties shall then meet and confer in good faith within seven (7) days of such filing to attempt to reach an agreement as to what portions, if any, of such Protected Material should be sealed.

16

9.3     If the Designating Party seeks to seal all or part of the Protected Material redacted from the original filing, the Designating Party within twenty-one (21) days of the of the initial redacted filing shall file a motion (which may include any stipulation of the Parties) for entry of a protective order permitting the filing of the redacted maerials under seal, in compliance with Local Rule 5.3(b). In the event no such motion is filed, the original filing Party shall re-file the complete, unredacted filing in the public record.

9.4     If a Designating Party files a motion to seal all of the Protected Material redacted from the original filing, then no public filing of the Protected Material will be made unless ordered by the Court. If the Court grants the motion to seal in whole or in part, then the Designating Party shall separately file in compliance with such order all sealed materials and "relate" that filing to the original (redacted) filing.

9.5     If the Designating Party files a motion for protective order seeking the sealing of some, but not all, of the Protected Material in the original filing, then the Designating Party shall be responsible for promptly providing the filing Party with a version of the original filing in Adobe .pdf format redacted so as to omit only the Protected Material that is the subject of the motion to seal, and the original filing Party will file a "MODIFIED REDACTED VERSION" of the original filing.

9.6     If the Court grants some, but not all, of the relief requested by

Designating Party in its motion to seal, then the Designating Party shall be

responsible for promptly providing an "AMENDED REDACTED VERSION" of

the original filing in Adobe .pdf format reflecting the Court's ruling, for filing by

the original filing Party.

9.7     Nothing in this Protective Order shall be deemed to alter the legal

standards for sealing any portion of the court record, or modify the requirements of

Local Rule 5.3(a) (Sealing Items Authorized By Statute Or Rule).  Any Protected

Material made public as part of the court record in this case will no longer be

treated as Protected Material under this Protective Order.

## 10.    <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Designating Party,

within ninety (90) days after the final termination of this action (which shall be

deemed to commence the day after all opportunities for further appeal or other

review of the last final order or judgment entered by this or any court relating to

any claim presented or sought to be presented in this action expire), each

Receiving Party must return to the Producing Party or destroy all Protected

Material.  As used in this paragraph, "all Protected Material" includes materials

described in Section 2 ("Scope") of this Protective Order.  With notice to the

Designating Party, the Receiving Party may destroy some or all of the Protected

18

Material instead of returning it to the Producing Party.  Whether the Protected

Material is returned or destroyed, the Receiving Party upon timely request must

submit a written certification to the Producing Party (and, if not the same person or

entity, to the Designating Party) by the 90 day deadline that all the Protected

Material was returned or destroyed.  Notwithstanding these provisions, counsel are

entitled to retain archival copies of all pleadings, motion papers, transcripts, legal

memoranda, correspondence, expert reports, or attorney work product, even if such

materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in

Section 3 ("Duration"), above.

## 11.   <u>INADVERTENTLY PRODUCED DOCUMENTS</u>

If a Party at any time notifies any other Party that it inadvertently produced

documents, testimony, information, and/or things that are protected from

disclosure under the attorney-client privilege, work product immunity, and/or any

other applicable privilege or immunity, or the Receiving Party discovers such

inadvertent production, the inadvertent production shall not be deemed a waiver of

the applicable privilege or immunity.  The Receiving Party shall return all copies

of such documents, testimony, information, and/or things to the inadvertently

producing Party within seven (7) court days of receipt of written notice of the

inadvertent production from the Producing Party, and the Producing Party shall

19

provide a Privilege Log of all returned material within seven (7) days of their return.  The Receiving Party shall not use such material or information derived therefrom for any purpose until further order of the Court.

## 12.   **THIRD PARTIES**

Any third party producing documents, information and/or providing testimony in this litigation may take advantage of this Protective Order in seeking to protect such person's interests.

## 13.   **MISCELLANEOUS**

13.1     Right to Further Relief. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

13.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

13.3     <u>Binding Effect on Recipients of Protected Material</u>.  Any person

to whom Protected Materials is disclosed shall be given a copy of this Order and

shall be be bound by its terms.

**IT IS SO ORDERED.**

DATED:  October 17, 2016          <u>s/Gerald E. Rosen</u>
                                  U.S. District Court Judge


STIPULATED BY:

<u>*/s/ Diana Gjonaj*</u>                    <u>*/s/ Jessica Kaufman (w/ permission)*</u>
Diana Gjonaj (P74637)             Jessica Kaufman
MILBERG LLP                       MORRISON & FOERSTER LLP
719 Griswold St, Suite 620        250 West 55th Street
Detroit, MI  48226                New York, NY 10019-9601
Phone: (313) 309-1760             Phone:  1 (212) 336.4257

*Counsel for Plaintiffs and the Proposed*    *Counsel for Defendant*
*Class*

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Protective Order Re. Confidential Information that was

entered by the United States District Court for the Eastern District of Michigan on

_____, 2016 ("Protective Order"), in the case of *Solo v. United*

*Parcel Service Co.*, Case No. 2:14-cv-12719-GER-RSW.  I agree to comply with

and to be bound by all the terms of such Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to such Protective Order to

any person or entity except in strict compliance with the provisions of such

Protective Order.

If information designated as "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" pursuant to such Protective Order is disclosed to me, I further agree that I

will not share or use such information in a manner that could harm the competitive,

financial or commercial interests of any person whose interest are protected by

such designation.

I further agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Michigan for the purpose of enforcing the terms of

such Protective Order, even if such enforcement proceedings occur after

termination of this action or  of my current employment.


Dated: _____

City and State where signed:  _____

Printed name:  _____

Signature:  _____