UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE SOLO and BLEACHTECH, L.L.C.,

    Plaintiffs,

v.

UNITED PARCEL SERVICE CO.,

    Defendant.
_____/

Case No. 14-12719
HON. DENISE PAGE HOOD

# ORDER DENYING DEFENDANT'S "EX PARTE" MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL[#106]

On September 6, 2017, the Court denied Defendant's Motion to Stay. On September 20, 2017, Defendant filed a Motion for Clarification, for which a response is not yet due. On October 2, 2017, only days before the period in which to file a Notice of Appeal regarding the Court's September 6, 2017 Order expired, Defendant filed an "Ex Parte" Motion for Extension of Time to File Notice of Appeal. On October 3, 2017, Plaintiffs filed a response to the Motion for Extension of Time.

Rule 3 of the Federal Rules of Appellate Procedure, which prescribes the method for taking an appeal, and Rule 4, which limits the time in which an appeal may be taken, combine to form a jurisdictional threshold prerequisite for matters

1

before the Court of Appeals. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988); *Smith v. Barry*, 502 U.S. 244 (1992); *Brooks v. Toyotomi Co., Ltd.*, 86 F.3d 582, 586 (6th Cir. 1996); and *United States v. Webb*, 157 F.3d 451 (6th Cir. 1998). In a civil case, Fed.R.App.P. 4(a)(1) requires that a Notice of Appeal under Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order from which the appeal is taken. The district court may extend the time for filing a Notice of Appeal pursuant to Fed.R.App.P. 4(a)(5), which states:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party moves no later than 30 days <u>after</u> the time prescribed by this Rule 4(a) expires; <u>and</u>
>
> (ii) <u>regardless</u> of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5) (emphasis added). Good cause is shown where "forces beyond the control of the appellant" prevented the appellant from filing a timely notice of appeal. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). The Sixth Circuit has noted that "the filing of a notice of appeal does not require much thought or time." *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989).

Having reviewed Defendant's Motion for Extension of Time and brief in

2

support thereof, the Court is not persuaded that Defendant has established good cause for extending the time to file a notice of appeal at this time. Defendant does not cite forces beyond its control for why it cannot file a timely appeal. Rather, the only reason it cites to extend the time to file a <u>notice</u> of appeal (not the appellate brief itself) is because the Court has not ruled on the Motion for Clarification, filed by Defendant, that Defendant wants resolved. Based on when Defendant filed the Motion for Clarification, Plaintiff's response to that motion is not yet due, which means it is not yet ready for the Court to rule on it.

Accordingly,

IT IS ORDERED that Defendant's Motion for Extension of Time to File Notice of Appeal [Dkt No. 106] is **DENIED**.

IT IS ORDERED.

Dated: October 6, 2017      S/Denise Page Hood
                            Denise Page Hood
                            Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager