# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOE SOLO and BLEACHTECH L.L.C., on behalf of themselves and all others similarly situated, | Case No. 14-12719 GER-RSW |
| | Hon. Gerald E. Rosen |
| Plaintiffs, | Magistrate Judge R. Steven Whalen |
| v. | |
| UNITED PARCEL SERVICE CO., | |
| Defendant. | |

ANDREW J. MCGUINNESS (P42074)
drewmcg@topclasslaw.com
ANDREW J. MCGUINNESS, ESQ.
122 S. Main Street, Suite 118
P.O. Box 7711
Ann Arbor, Michigan 48107
Telephone: 734.274.9374

SANFORD P. DUMAIN
sdumain@milberg.com
ELIZABETH MCKENNA
emckenna@milberg.com
CHARLES SLIDDERS
cslidders@milberg.com
MILBERG LLP
One Pennsylvania Plaza
50th Floor
New York, New York 10119
Telephone: 212.594.5300

DANIEL R. KARON
(OH SBN 0069304)
dkaron@karonllc.com
KARON LLC
700 W. St. Clair Avenue, Suite 200
Cleveland, Ohio 44113
Telephone: 216.622.1851
(Admitted 2/17/2015)

Attorneys for Plaintiffs

GREGORY B. KOLTUN
(CA SBN 130454)
GKoltun@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
(Admitted 2/6/2014)

PAUL T. FRIEDMAN (CA SBN 98381)
PFriedman@mofo.com
CAITLIN SINCLAIRE BLYTHE
(CA SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
(Friedman: Admitted 3/25/1999;
Blythe: Admitted 2/28/2014)

BONNIE L. MAYFIELD (P40275)
bmayfield@dykema.com
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
Telephone: 248.203.0700

Attorneys for Defendant
UNITED PARCEL SERVICE CO.

## DEFENDANT UNITED PARCEL SERVICE CO.'S REPLY BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION OF RULING ON MOTION TO STAY OR DISMISS

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

- *Counts v. Gen. Motors, LLC*, No. 16-CV-12541, 2017 WL 1406938 (E.D. Mich. Apr. 20, 2017)

- *In re Checking Account Overdraft Litig.*, 780 F.3d 1031 (11th Cir. 2015) (*Larsen*)

- *Taylor v. Pilot Corp.*, No. 14-CV-2294-SHL-TMP, 2016 WL 4524310 (W.D. Tenn. Mar. 3, 2016), *aff'd*, No. 16-5326, 2017 WL 2628892 (6th Cir. June 19, 2017)

- *United Steel Workers of Am., AFL-CIO-CLC v. Whittar Steel Strip, Div. of Dofasco Steel, Inc.*, 888 F.2d 1392 (Table) 1989 WL 134200 (6th Cir. 1989)

**PRELIMINARY STATEMENT**

On October 6, 2017, UPS filed a notice of appeal of the Order Denying Defendant's Motion to Stay or Dismiss Proceedings (Dkt. No. 104 or "Arbitration Order"). (Dkt. No. 110.) While the notice of appeal deprives this Court of jurisdiction over this motion, UPS is filing this reply brief in an abundance of caution to preserve its rights. *See, e.g.*, *Dental Assocs., P.C. v. Am. Dental Partners of Michigan, LLC*, No. 11-11624, 2012 WL 1555093, at *2-4 (E.D. Mich. Apr. 30, 2012).

**INTRODUCTION**

UPS's motion for clarification should be granted. As an initial matter, and contrary to Plaintiffs' position in the Opposition, UPS is *not* asking the Court to decide a new issue unrelated to the Court's waiver determination. UPS is only asking this Court to confirm the position taken by UPS throughout the proceedings (and never contested by Plaintiffs)—that any decision on waiver of the right to compel arbitration applies only to the named Plaintiffs. The parties did not request that the Court resolve waiver as to absent class members, nor did the Arbitration Order address whether the waiver determination extends to absent class members. UPS properly sought clarification of that sole issue.

Plaintiffs' belated attempt to extend the Court's waiver determination to absent class members should be rejected out of hand. At no point during the

1

proceedings on the Motion to Stay or Dismiss did the Plaintiffs take the position that waiver applied to putative class members. By contrast, UPS has consistently argued—both in its Motion to Stay or Dismiss and the motion for clarification—that there can be no decision on waiver of the right to compel arbitration against putative class members before the class certification stage. As UPS has shown, this Court lacks jurisdiction to decide waiver as to absent class members before certification. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1036-37 (11th Cir. 2015) (*Larsen*). For that reason, UPS expressly reserved its rights with respect to the putative class in briefing, stating that "[o]f course, UPS cannot have waived its right to arbitrate as to putative class members because the unnamed class members are not parties to the action until a class is certified." (*See* UPS's Mot. to Stay or Dismiss Proceedings at 31 n.9) (Dkt. No. 76).) Plaintiffs' attempt to expand the scope of UPS's arbitration motion flatly mischaracterizes the record.

Plaintiffs also are wrong that there is a uniform class of "similarly situated" plaintiffs. In order to enforce a contractual right to arbitrate, UPS has to establish the existence of a written agreement to arbitrate covering the subject matter of the dispute. 9 U.S.C. § 2. That determination will depend on *when* each absent class member shipped with UPS and the nature of the class member's contractual relationship with UPS, which may vary from shipper to shipper. For that reason,

UPS took discovery from the named Plaintiffs before it filed its Motion to Stay or Dismiss in order to establish whether, how, and when they accepted the arbitration provision and dedicated *pages* of its Motion to establishing each Plaintiff's specific relationships with UPS. UPS would have to make the same kind of showing for absent class members.

## ARGUMENT

### I. THE SCOPE AND APPLICATION OF AN ORDER ARE ESTABLISHED GROUNDS FOR CLARIFICATION

UPS is entitled to seek clarification on the scope and application of the Court's Order.

The Plaintiffs, who argue that UPS is not entitled to a decision on an issue not addressed by the Court, misconstrue UPS's position. UPS seeks clarification on the *scope* and *application* of the Arbitration Order and not resolution of an issue not previously decided by the Court. Indeed, UPS assumes that the Court did not intend to apply its ruling to absent class members, because no party claimed that a waiver determination would apply to absent class members. UPS simply asks the Court to clarify that it did not intend to apply its ruling to absent class members. This is a classic basis for clarification. *See e.g.*, *Counts v. Gen. Motors, LLC*, No. 16-CV-12541, 2017 WL 1406938, at *2 (E.D. Mich. Apr. 20, 2017) ("In response to motions for clarification, courts typically discuss the scope and application of the order being clarified."); *United Steel Workers of Am., AFL-CIO-CLC v. Whittar*

3

*Steel Strip, Div. of Dofasco Steel, Inc.*, 888 F.2d 1392 (Table) 1989 WL 134200 (6th Cir. 1989).

Plaintiffs' cited authority does not support their position. In *Spear v. Fenkell*, No. CV 13-2391, 2016 WL 7475814, at *12 (E.D. Pa. Dec. 29, 2016), the court denied a clarification motion because it sought entry of summary judgment on three grounds not raised in the motion. UPS's motion is not comparable. At bottom, Plaintiffs appear to be arguing that clarification is unavailable when a party receives a ruling from the court dismissing or granting its motion. Plaintiffs are wrong. If the Court were to adopt their position, for which the Plaintiffs provide no relevant, applicable authority, it would mean a party could never seek clarification of a court's order. That is not the law. *See United Steel Workers of Am.*, 888 F.2d 1392, 1989 WL 134200, at *1 ("United's motion is properly characterized as a motion to seek clarification from an ambiguity."); *Counts*, 2017 WL 1406938 at *2.[1]

## II. THE COURT'S ORDER ON WAIVER SHOULD NOT APPLY TO PUTATIVE CLASS MEMBERS

---

[1] Plaintiffs' reliance on *Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank*, 807 F. Supp. 2d 699 (N.D. Ill. 2011), is also misplaced. There, the court denied a clarification motion because it concluded the motion was motivated by the party's dissatisfaction with the district court's judgment. *Id.* at 704. The Arbitration Order never concluded that the waiver determination applies to absent class members. UPS accordingly is not seeking clarification because it is dissatisfied with the ruling, but rather to ensure the scope and application of the waiver determination are clear.

4

The Court should clarify the Arbitration Order to confirm its application only to the named Plaintiffs for the simple reason that neither UPS nor the Plaintiffs ever took the position that a waiver determination would be applied to absent class members. Furthermore, UPS sought to compel arbitration only as to the named Plaintiffs. Therefore, there was no reason for the Court to make a determination in its Arbitration Order as to whether UPS had waived the right to compel arbitration as to absent class members. The Court should therefore clarify that its Arbitration Order did not make a determination (either way) as to whether UPS had waived the right to move to compel arbitration as to absent class members.

Furthermore, if the Court intends to reach the substantive issue of whether UPS has waived the right to move to compel arbitration as to absent class members, it should decide against waiver for the simple reason that the Court does not have jurisdiction over putative class members unless and until a class is certified. Courts in this circuit have held that there is no jurisdiction over putative class members until *after* class certification. *See, e.g.*, *Taylor v. Pilot Corp.*, No. 14-CV-2294-SHL-TMP, 2016 WL 4524310, at *3 (W.D. Tenn. Mar. 3, 2016), ("putative class members are not parties to the case prior to class certification"), *aff'd*, No. 16-5326, 2017 WL 2628892 (6th Cir. June 19, 2017); *cf. Larsen*, 780 F.3d at 1037. The Plaintiffs cannot simply ignore this authority by relying on *In*

*re: Checking Account Overdraft Litig.*, No. 09-MD-02036-JLK, 2016 WL 6087709 (S.D. Fla. Oct. 17, 2016) (*Garcia*) or *Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261 (6th Cir. 2015), neither of which have application here.

The Plaintiffs argue that, under *Garcia*, waiver must be extended to existing and future class members.[2] However, *Garcia* was decided only ***after*** a class was certified and thus has no application here. This was made clear by the Eleventh Circuit's decision in *Larsen*. In *Larsen*, which was an earlier decision in the class action litigation underlying *Garcia*, the Court of Appeals concluded the district court lacked jurisdiction to resolve waiver with respect to absent class members because a class had not yet been certified. As the court explained, "[a]bsent class certification, there is no justiciable controversy between [the Defendant] and the unnamed putative class members." *Larsen*, 780 F.3d at 1037. Indeed, in *Garcia*, the district court acknowledged that it previously lacked a jurisdictional basis to resolve the issue of waiver before class certification. *Garcia*, 2016 WL 6087709 at *3. As no class has been certified here, *Garcia* does not apply.

The Plaintiffs next argue that waiver applies against all "similarly situated" plaintiffs under the reasoning in *Gunn*. That argument is a red herring for several reasons. First, as the Plaintiffs themselves emphasize, the Court in *Gunn* was able to conclude that the contracts signed by the plaintiffs contained an arbitration

---

[2] Further, the district court's decision in *Garcia* was appealed on October 28, 2016 to the Eleventh Circuit, with oral argument heard on August 24, 2017, and is currently under submission.

6

ny-1300829

clause that was "broad enough to cover the claims asserted" and that the plaintiffs were all "similarly situated." *Gunn*, 625 F. App'x at 264, 267 ("In relation to the issues posed by the waiver question, all plaintiffs are 'similarly situated'"). That conclusion was based on factors that are not present here, including the fact that hundreds of claimants *already had opted in*. *Id.* at 267. In the Opposition, Plaintiffs do not even attempt to show how putative class members are "similarly situated" to the named Plaintiffs.

Second, in *Gunn*, the court did not address the issue of the justiciability of the claims of unnamed class members pre-certification. The Plaintiffs have not pointed to any case from this circuit that contradicts or displaces *Larsen*, or other case law which clearly holds that putative class members are parties to the action.

## CONCLUSION

For the reasons set forth herein and in the motion for clarification, UPS respectfully requests that the Court grant UPS's motion and confirm that the Arbitration Order applies only to the named Plaintiffs.

Dated: October 11, 2017

By: /s/ Gregory B. Koltun
    GREGORY B. KOLTUN

GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
(Admitted 2/6/2014)

Attorneys for Defendant
UNITED PARCEL SERVICE CO.

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Andrew J. McGuinness (drewmcg@topclasslaw.com), Sanford P. Dumain (sdumain@milberg.com), Elizabeth McKenna (emckenna@milberg.com), Charles Slidders (cslidders@milberg.com), and Daniel R. Karon (dkaron@karonllc.com).

Dated: October 11, 2017     By: /s/ Gregory B. Koltun
                                GREGORY B. KOLTUN

                            GREGORY B. KOLTUN (CA SBN 130454)
                            GKoltun@mofo.com
                            MORRISON & FOERSTER LLP
                            707 Wilshire Boulevard
                            Los Angeles, California  90017-3543
                            Telephone: 213.892.5200
                            (Admitted 2/6/2014)

                            Attorneys for Defendant
                            UNITED PARCEL SERVICE CO.