# UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 16, 2018

Mr. Sanford P. Dumain
Mr. Daniel Richard Karon
Mr. Bryan Leitch
Ms. Deanne E. Maynard
Mr. Andrew J. McGuinness
Ms. Elizabeth Anne McKenna
Ms. Jill Margaret Wheaton

      Re:  Case No. 18-1260, *Joe Solo, et al v. United Parcel Service Co.*
            Originating Case No. : 2:14-cv-12719

Dear Counsel,

  The Court issued the enclosed Order today in this case.

                                        Sincerely yours,

                                        s/Briston S. Mitchell
                                        Case Manager
                                        Direct Dial No. 513-564-7082

cc:  Mr. David J. Weaver

Enclosure

No mandate to issue

No. 18-1260

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 16, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JOE SOLO, et al., ) | |
| ) | |
| Plaintiffs-Appellees, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED PARCEL SERVICE CO., ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: MERRITT, CLAY, and BUSH, Circuit Judges.

Defendant United Parcel Service Co. ("UPS") appeals the district court's order denying its motion for clarification of the denial of its motion to stay or dismiss proceedings pending arbitration. Plaintiffs Joe Solo and Bleachtech LLC move to dismiss the appeal for lack of jurisdiction. UPS opposes dismissal, and Plaintiffs reply.

We have jurisdiction to hear "appeals from all final decisions of the district courts."[1] 28 U.S.C. § 1291. A final decision is one "by which a district court disassociates itself from a case." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995). The parties dispute whether UPS's motion to clarify or amend the district court's order denying a stay or dismissal should be treated as a motion for clarification or a motion for reconsideration. In either case, it is not final and appealable under 28 U.S.C. § 1291 or 1292. 28 U.S.C. § 1291; *see, e.g.*, *Asser v. Corrigan*, 952 F.2d 403 (Table) (6th Cir. 1992).

---

[1] "[E]xcept where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.

No. 18-1260
-2-

Thus, in order for us to possess jurisdiction over this appeal, another jurisdiction-granting provision must be satisfied. The Federal Arbitration Act (the "FAA") grants appellate jurisdiction over a limited selection of interlocutory orders. 9 U.S.C. § 16. UPS argues its appeal falls under § 16(a) of the FAA, which allows interlocutory appeals of orders denying a stay on an issue "referable to arbitration." 9 U.S.C. § 3; *see* 9 U.S.C. § 16(a)(1)(A). UPS asserts that this appeal should be allowed to proceed because it implicates its other appeal in Case No. 17-2244, which is before us under 9 U.S.C. § 16(a). However, appellate jurisdiction under § 16(a) is confined to the types of orders specifically listed in the statute. *See Van Dusen v. Swift Transp. Co. Inc.*, 830 F.3d 893, 898–99 (9th Cir. 2016) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 84–89 (2000)). Further, our precedent does not allow the FAA to be used "as a smuggling route for otherwise non-appealable issues." *Taylor v. Pilot Corp.*, 697 F. App'x 854, 859 (6th Cir. 2017).

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk