UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and on behalf of all others similarly situated,

        Plaintiff

v.

UNITED PARCEL SERVICE, INC., an Ohio Corporation,

        Defendant.

Case No. 14-12719 DPH-RSW

Honorable Denise Page Hood

### ORDER GRANTING PRELIMINARY APPROVAL OF CONDITIONAL CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE

WHEREAS, Plaintiff, BleachTech LLC, and Defendant, United Parcel Service, Inc., an Ohio Corporation (the "Parties") have entered into an Amended Class Action Settlement Agreement ("Settlement Agreement") subject to the Court's final approval;

WHEREAS, Plaintiff has moved pursuant to Rule 23(e), without Defendant's opposition, for preliminary approval of the settlement on a classwide basis under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), conditioned upon the Court's final approval;

WHEREAS, it appears to the Court that the settlement described in the

Settlement Agreement was the result of extensive arms'-length settlement negotiations between the Parties with a neutral mediator;

WHEREAS, Plaintiff asks the Court to conditionally certify the Class as defined below for settlement purposes, appoint it as class representative, and appoint class counsel; and

WHEREAS, Plaintiff asks this Court to appoint Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator to authorize class notice as detailed in the moving papers, set a Final Approval Hearing date, and authorize the Parties and Epiq Class Action & Claims Solutions, Inc. to take steps to implement the settlement subject to final approval and certification of a settlement class;

NOW THEREFORE, the Court hereby orders as follows:

1. Plaintiff's motion for preliminary approval is granted. The Court finds, based on the parties' submissions, that the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the Class for purposes of judgment on the proposal.

2. The Court hereby directs the Parties and the Settlement Administrator to notify the Class of the proposed settlement pursuant to the notice plan set forth in the Settlement Agreement, as highlighted below.

3. ***Final Approval Hearing.*** The Final Approval Hearing will be held before this Court, in Courtroom 218, at the United States District Court of the

Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit, Michigan at **10:00 a.m. on June 28, 2022**, or such other place, time, and date set by the Court.

4. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings in this Order.

5. *Class.* For settlement purposes only and contingent upon Final Approval by this Court, the Court provisionally certifies the following class:

> Except as excluded below, all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates.

Specifically excluded from the scope of the Class are any packages with a declaration of value that was later voided, any packages shipped under an account of a The UPS Store location, and any packages shipped through any other Third-Party Retailer (as defined by the July 8, 2013, UPS Tariff/Terms and Conditions of Service—United States, attached as Exhibit A to Plaintiff's Amended Complaint) to the extent the claim is asserted by a customer of such Third-Party Retailer, which packages will not be deemed Covered Packages. Also excluded is any entity in which Defendant has or had a controlling interest or that has a controlling interest in Defendant and all The UPS Store locations, and all other authorized UPS shipping agents

and partners, including authorized outlets, to the extent packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Also excluded are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submitted a valid Request for Exclusion or was found by the Court to have adequately opted out of the Class.

6. *Appointments.* The Court appoints BleachTech LLC provisionally as Class Representative. The Court appoints Andrew J. McGuinness, Daniel R. Karon, and Sanford P. Dumain as interim Class Counsel pursuant to Rule 23(g)(3).

7. *Notice.* The Court approves Epiq Class Action & Claims Solutions, Inc. to serve as Settlement Administrator. Under Class Counsel's direction and in accordance with the Court's order, the Settlement Administrator will provide Notice as provided in the Settlement Agreement, respond to inquiries from potential Class Members, and receive Requests for Exclusion. Defendant will pay for fifty percent of the Settlement Administrator's reasonable services and expenses in connection with administering the settlement. The remaining fifty percent shall be paid from the Settlement Common Fund, subject to review by Class Counsel.

8.   The Settlement Administrator shall disseminate Notice to the potential Class Members by the following means:

   a.   For all Class Members for whom Defendant has supplied an email address, the Settlement Administrator shall send via email a Short Form Notice by May 11, 2022 (the "Notice Date").

   b.   The email Short Form Notice shall direct Class Members to the Settlement Website, www.UPSdeclaredvaluesettlement.com where the full Long Form Notice, including opt out instructions and electronic Request for Exclusion Form, is available.

   c.   For Class Members without an email address on file with Defendant or whose Short Form Notice sent via email is returned as undeliverable, the Settlement Administrator will send via United States Mail, First Class postage prepaid, a copy of the Postcard Notice by the Notice Date.

   d.   The Postcard Notice shall direct Class Members to the Settlement Website where the full Long Form Notice, including opt out instructions and electronic Request for Exclusion Form, is available.

   e.   The Postcard Notice shall be sent to the last addresses provided

        to the Settlement Administrator by UPS.

f.     For Class Members whose Postcard Notices are returned as undeliverable, the Settlement Administrator shall use commercially reasonable efforts to locate forwarding or updated addresses and resend the Postcard Notice to such updated addresses.

g.     No later than the Notice Date, the Settlement Administrator shall implement an Internet publication notice program through the Google Display Network for 30 days duration targeting at least 14 million impressions. The Publication Notice shall use banner advertisements substantially in the form of Exhibit D to the Settlement Agreement.

h.     Defendant is responsible for notifying the appropriate federal and state officials of this Settlement Agreement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

i.     No fewer than 15 days before the Final Approval Hearing, the Settlement Administrator shall provide the following information to counsel for the Parties:

        i.     The number of email Short Form Notices sent to Putative Class Members;

        ii.     The number of Postcard Notices sent to Putative Class

6

        Members;

        iii. The approximate number of visits to the Settlement Website from the date of this Order's entry;

        iv. Any information about objections to the settlement that the Settlement Administrator has not previously forwarded;

        v. Any other tracking information reasonably requested by either Party's counsel; and

        vi. A report stating the number of Putative Class Members who have submitted timely and valid Requests for Exclusion, including a listing of the names and addresses of such Opt Outs, and reporting the number of claim points allocated to the Putative Class Members who have submitted timely and valid Requests for Exclusion divided by the total claim points available to the Settlement Class, as calculated by the Settlement Administrator (the "Exclusion Percentage").

    j.     Class Counsel shall file the list of Opt-Outs not less than seven (7) days before the Final Approval Hearing. Class Counsel's submission shall differentiate between valid Opt-Outs and invalid Opt-Outs as determined by the Settlement Administrator.

9.     The Court finds that the dissemination of Notice in the manner described above constitutes reasonable notice and the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, and is consistent with Federal Rule of Civil

Procedure 23 and the Due Process Clause of the United States Constitution.

10. ***Opting Out.*** Putative Class Members who wish to exclude themselves from the Class, the Settlement, its benefits, and the release of claims pursuant to the Settlement must submit a Request for Exclusion. To be effective, the Request for Exclusion must be valid and timely.

11. To be valid, a Request for Exclusion must:

    a. identify the full name and address of the Putative Class Member requesting exclusion;

    b. be dated and personally signed (original or electronic signatures accepted) by the Putative Class Member, responsible individual requesting exclusion, or person documented to be acting under valid power of attorney, guardianship, or other legal authority to sign on behalf of the Putative Class member or his or her estate;

    c. contain a statement that reasonably indicates a desire to be excluded from the settlement. The following statement meets this requirement: "I want to opt out of the Settlement Class certified in the Bleachtech v. UPS case"; and

    d. provide the unique I.D. number contained in the Settlement Administrator's email or postcard sent or the Putative Class Member's UPS account number(s).

12. To be timely, the Requests for Exclusion must be emailed or postmarked no later than 30 days before the Final Approval Hearing (the "opt-out deadline"). If the opt-out deadline falls on a Sunday or federal holiday, the deadline is the next day that is not a Sunday or federal holiday.

13. Requests for Exclusion that do not meet these requirements will not

exclude a Putative Class Member from the Settlement. Mass or class opt-outs are not allowed.

14. The Short Form, Postcard, and Long Form Notices shall state the opt-out deadline. Request for Exclusion Forms shall be available for download from the Settlement Website and available by the Settlement Administrator through First Class Mail. A Class Member who submits a valid and timely Request for Exclusion is not eligible to receive any Settlement Benefit.

15. The Settlement Administrator shall log all Requests for Exclusion and shall forward the log to counsel for the Parties by 15 business days after the opt-out deadline.

16. By seven business days after the opt-out deadline, counsel for the Parties shall forward to the Settlement Administrator any Requests for Exclusion they have received.

17. *Objections.* Class Members who do not request exclusion from the Class may object to the Settlement. Class Members who object must file with the Court written notices of their intent to object and must serve copies of their objection on counsel for the Parties as set forth below.

18. Any Class Member who submits a valid objection may appear at the Final Approval Hearing in person, by video or audio feed if the Court orders, or by counsel and may be heard to the extent permitted under applicable law and allowed

by the Court concerning the fairness, reasonableness, and adequacy of the settlement and Class Counsel's application for Service Award, attorneys' fees, and reimbursement of costs and expenses.

19.    Class Members must individually exercise their right to object to the settlement and, except in the case of a deceased or incapacitated Class Member or where a Class Member is represented by counsel, not by another Person acting or purporting to act in a representative capacity.

20.    To be considered valid, an objection must:

    a.    identify the case name and number "*BleachTech v. UPS,* Case No. 2:14-cv-12719";

    b.    be filed with the Court no fewer than 30 days before the Final Approval Hearing;

    c.    be postmarked and mailed to counsel for the Parties at the addresses listed in the Long Form Notice no fewer than 30 days before the Final Approval Hearing (unless the Class Member filed an objection via the Court's ECF system such that copies are transmitted electronically to counsel for the Parties);

    d.    set forth the full name, current address, telephone number, and unique I.D. number of the objecting Class Member assigned by the Settlement Administrator;

    e.    set forth a statement of the position the Class Member wishes to assert, including the factual and legal grounds for the position;

    f.    state whether the Class Member intends to appear and requests to be heard in person or through counsel at the Final Approval Hearing and state the names of any witnesses the Class Member might call in connection with the Objection and summarize these witnesses' testimony;

      g.    provide copies to counsel for the Parties of all documents the Class Member wishes to submit in support of their position;

      h.    provide the names, addresses, and phone numbers of any attorneys representing the Class Member;

      i.    identify by case name, case number, and court all class action settlements objected to by the Class Member and their counsel in the last three years; and

      j.    include the Class Member's signature.

17. If a Class Member, their counsel, or any person with whom they are working in bringing the objection has objected to a class action settlement on more than three occasions, the Class Member shall:

      a.    list all cases in which such objections were filed, including by whom;

      b.    state the outcome of the objection;

      c.    state the amount of money, if any, paid in connection with the objection to the objector, their counsel, or anyone else, and state by whom such payment was made and whether it was disclosed to the court overseeing the proposed settlement.

18. Only objections fulfilling the foregoing requirements will be deemed adequate.

19. Any Class Member who does not file a timely and adequate notice of intent to object in accordance with the foregoing requirements waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the settlement.

20. To the extent any Class Member objects to the settlement and their

objection is overruled in whole or in part, the Class Member will be forever bound by the Judgment of the Court.

21. Counsel for the Parties may seek expedited leave from the Court to depose any objector before the scheduled Final Approval Hearing if an objector does not agree to an expedited deposition. Counsel for the Parties may also request expedited production before the deposition of any nonprivileged materials relevant to the objection and proportionate to the needs of this case.

21. ***Final Approval.*** Class Counsel shall submit a motion for final approval of the settlement by the Court, as well as a motion for attorneys' fees, expenses, and Service Award and any supporting memoranda, declarations, or other statements and materials, no later forty-five (45) days before the Final Approval Hearing. The Parties may submit supplemental memoranda in support of the motions for final settlement approval and attorneys' fees, expenses, and Service Awards no fewer than seven (7) days before the Final Approval Hearing.

22. The Notice to the Class shall contain a date, time, and location of the Final Approval Hearing, subject to later change by the Court. A Final Approval Hearing will occur seventy-five (75) days from the date the Court enters its order granting preliminary approval of the Settlement Agreement but not less than 100 days after Class Counsel files the Motion for Preliminary Approval of the settlement.

23. At the Final Approval Hearing the Court will consider:

    a. the fairness, reasonableness, and adequacy of the settlement and whether to approve it;

    b. whether to grant the Injunctive Relief set forth in the Settlement Agreement;

    c. whether to retain jurisdiction to enforce the Settlement and to dismiss the action with prejudice; and

    d. whether to grant Class Counsel's application for attorneys' fees, expenses, and Service Awards for the Class Representative.

24. In the event the Settlement Agreement is terminated in accordance with its provisions, the settlement shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

25. ***Summary of Dates.*** The following chart contains a summary of Dates and Deadlines:

| Event | Date |
|---|---|
| Defendant causes to be provided to the Settlement Administrator an Excel spreadsheet of the names and last known email addresses and mailing addresses of Putative Class Members ("Class Member List")[1] | 10 days after the date of this Order. |

---

[1] The Settlement Administrator shall maintain the confidentiality of the Class Member List, Class Member account data, or other Class Member information and shall use the information contained in the Class Member List and other Class Member information solely for purposes of implementing this Settlement or as directed by the Court.

| Event | Date |
|---|---|
| Deadline for Defendants to fund $700,000 of the Settlement Common Fund. | 15 Days after the date of this Order. |
| Deadline to disseminate Notice to the Class ("Notice Date") | 30 days after the date of this Order. |
| Plaintiff to File Motion for Final Approval and Fee and Cost Application | At least 45 days before the Final Approval Hearing. |
| Last day for objections to settlement or opposition to Motion for Final Approval and/or Application for Fees, Costs, and Service Award | 30 days before the Final Approval Hearing |
| Last day for potential Class Members to file Requests for Exclusion | 30 days before the Final Approval Hearing. |
| Counsel for the Parties to forward to the Settlement Administrator copies of any Requests for Exclusion received by them | Seven business days after the Opt-Out deadline. |
| Settlement Administrator to log each Request for Exclusion received and forward copies of the log and all Requests for Exclusion counsel for the Parties. | 15 business days after the Opt-Out deadline. |
| Settlement Administrator to provide counsel for the Parties: (1) number of email Short Form Notices it sent to Putative Class Members; (2) number of Postcard Notices it sent to Putative Class Members; (3) approximate number of visits to the Settlement Website from the date of this Order's entry; (4) any information about objections to the settlement that it has not previously forwarded; (5) any other tracking information reasonably requested by either Party's counsel; (6) a report stating the number of Putative Class Members who have submitted timely and valid Requests for | 15 Days before the Final Approval Hearing. |

| Event | Date |
|---|---|
| Exclusion, including a listing of the names and addresses of such Opt-Outs, and reporting the number of claim points allocated to the Putative Class Members who have submitted timely and valid Requests for Exclusion divided by the total claim points available to the Settlement Class, as calculated by the Settlement Administrator (the "Exclusion Percentage"). | |
| Last day for the Parties to file supplemental papers in support of Motion for Final Approval and/or Fee Cost and Service Award Applications | Seven Days before the Final Approval Hearing. |
| Deadline for Class Counsel to file report regarding Requests for Exclusion | Seven Days before the Final Approval Hearing. |
| Final Approval Hearing | **June 28, 2022** (75 days from the date of this Order but not less than 100 days following the filing of Plaintiff's Preliminary Approval Motion). |
| Defendant to cause the amount approved by the Court for attorneys' fees and expenses and the Service Award to be paid into the Qualified Settlement Fund. | 10 Days of the Effective Date, "Effective Date" defined as the later of: (i) 37 Days after the entry of the judgment or entry of the Court's order on attorneys' fees and costs, whichever occurs later, where the time for appeal has expired and no appeal has been filed; or (ii) if any appeal, petition for rehearing, motion to reconsider, or other review of the judgment has been filed or sought, 37 Days after the judgment is affirmed without substantial or material change or the appeal is dismissed or otherwise disposed of (unless any substantial or material change is accepted by the Parties), and no other appeal, petition for rehearing, or other review is |

| Event | Date |
|---|---|
| | pending, and the time for further appeals, petitions, requests for rehearing, or other review has expired; or<br>(iii) if any appeal, petition for rehearing, motion to reconsider, or other review of the Court's order on attorneys' fees and costs has been filed or sought, 37 Days after the Court's order on attorneys' fees and costs is resolved, or the appeal is resolved, dismissed or otherwise disposed of and no other appeal, petition for rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired. |
| Settlement Administrator to divide the Net Settlement Fund by the total number of claim points calculated under Sections 3.2.1 and 3.2.2 of the Settlement Agreement to determine the value of one claim point ("Claim Point Value"). | 10 Days of the Effective Date. |
| Settlement Administrator to withdraw 50 percent of its Notice and Administration Expenses from the Settlement Common Fund. | 20 Days of the Effective Date. |
| Deadline for Settlement Administrator to pay Class Counsel Court-approved fees, expenses, and Service Award out of the Settlement Common Fund. | 20 Days of the Effective Date. |
| Defendant to cause the estimated remainder of the Cash Payment to be paid into the Qualified Settlement Fund—$4,850,000 less amounts previously paid to the Qualified Settlement Fund and less estimated Total Account Credits. | 30 days of the Effective Date. |

| Event | Date |
|---|---|
| Deadline for Defendant to issue account credits. | 45 Days after the Effective Date. |
| Deadline for Defendant to document by amount and Class Member each account credit issued and certify under oath or declaration subject to penalty of perjury the total amount of such credits. | 10 days after Defendant issues Class Members' credits. |
| Deadline for Settlement Administrator to mail checks. | 60 Days after the Effective Date or receipt of the mailing addresses from Defendant, whichever comes later. |
| Class Counsel to take steps necessary to destroy or erase all documents and data provided by Defendant. | Within 60 Days after the Effective Date. |
| Donation of Unused Class Funds (i.e., uncashed checks) to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, as *cy pres* award, or such other suitable non-profit organization as recommended by Class Counsel and approved by the Court. | 90 days after checks are mailed. |
| Injunction expires | August 20, 2024 (Three years after signing of the Settlement Agreement) |

**IT IS SO ORDERED.**

DATED: April 10, 2022        s/Denise Page Hood
                             Hon. Denise Page Hood
                             United States District Judge