UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant.

Case No. 14-12719 DPH-RSW

Honorable Denise Page Hood

---

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
P.O. Box 7711
Ann Arbor, MI  48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Daniel R. Karon (admitted)
Beau D. Hollowell
KARON LLC
700 W St Clair Ave, Suite 200
Cleveland, OH  44113
Phone: (216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

Sanford P. Dumain (admitted)
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLC
100 Garden City Plaza, Ste 500
Garden City, NY  11530
Phone: (212) 594-5300
sdumain@milberg.com

*Class Counsel*

Paul T. Friedman (admitted)
Caitlin Sinclair Blythe (admitted)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Phone: (415) 268-7000
cblythe@mofo.com

Gregory B. Koltun (admitted)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
Phone: (213) 892-5200
gkoltun@mofo.com

Sonal Hope Mithani (P51984)
MILLER CANFIELD PADDOCK & STONE PLC
101 North Main Street, 7th Floor
Ann Arbor, MI  48104
Phone: (734) 668-7786
mithani@millercanfield.com

*Counsel for Defendant*

---

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiff, without opposition by Defendant, moves this Court to enter an

order finally approving the parties' class action settlement. With the assistance of an experienced mediator, the parties reached the proposed settlement that this Court has preliminarily approved.

WHEREFORE, Plaintiff moves this Honorable Court to enter judgment substantially in the form of Exhibit 1 that:

1. Finally approves the parties' Amended Class Action Settlement Agreement, Exhibit 1 attached ("Settlement Agreement");

2. Reaffirms the Court's interim certification of the Rule 23(b)(2) and (b)(3) Settlement Class;

3. Finds that notice to the Settlement Class was issued in compliance with Rule 23 and due process;

4. Appoints BleachTech LLC as Settlement Class representative;

5. Appoints Andrew J. McGuinness, Daniel R. Karon, and Sanford P. Dumain as Class Counsel;

6. Overrules any objections;

7. Excludes from the Settlement Class the persons or companies listed on identified as timely opt-outs;

8. Authorizes the payment of all valid claims according to the Settlement Agreement's terms;

9. Grants the Injunctive Relief specified in the Settlement Agreement;

10. Reserves the continuing jurisdiction of this Court to preside over any ongoing proceedings relating to the Claims, this Settlement, and the Injunctive Relief; and

11. Enters Judgment substantially in the form of Exhibit 1, including an award of attorneys' fees to Class Counsel, reimbursement of Class Counsel's expenses, authorization of the payment of all Claim Administration expenses, and a grant of a Service Award.

In support of this Motion, Plaintiff submits the attached brief.

Dated: May 16, 2022                    Respectfully submitted,

                                       _s/Andrew J. McGuinness_____
                                       Andrew J. McGuinness (P42074)
                                       ANDREW J. MCGUINNESS, ESQ.
                                       P.O. Box 7711
                                       Ann Arbor, MI 48107
                                       Phone: (734) 274-9374
                                       drewmcg@topclasslaw.com

                                       Daniel R. Karon (admitted)
                                       Beau D. Hollowell
                                       KARON LLC
                                       700 W St Clair Ave, Suite 200
                                       Cleveland, OH  44113
                                       Phone: (216) 622-1851
                                       dkaron@karonllc.com
                                       bhollowell@karonllc.com

                                       Sanford P. Dumain (admitted)
                                       MILBERG COLEMAN BRYSON PHILLIPS
                                       GROSSMAN PLLP
                                       One Pennsylvania Plaza, Suite 1920
                                       New York, NY 10119
                                       Phone: (212) 594-5300
                                       sdumain@milberg.com

                                       *Class Counsel*

PLAINTIFF'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS SETTLEMENT

## TABLE OF CONTENTS

CONTROLLING OR MOST PERTINENT AUTHORITIES ................................ iii

ISSUES PRESENTED ............................................................................... iv

INTRODUCTION ....................................................................................... 1

BACKGROUND ......................................................................................... 3

    A.    Plaintiff's claims ............................................................................. 3

    B.    Relevant procedural history .......................................................... 4

    C.    Vigorous, arms-length settlement discussions led to the parties'
        settlement, which provides easy-to-obtain and significant benefits
        to Class Members. ......................................................................... 6

LAW AND DISCUSSION ........................................................................... 10

    A.    The standard governing final approval .......................................... 10

    B.    The parties' settlement is fair, reasonable, and adequate, and treats
        Class Members equitably relative to each other .......................... 12

    C.    The parties' settlement also holds up against the Sixth Circuit's
        standard ......................................................................................... 14

        1. No fraud or collusion exists because the parties negotiated their
        settlement at arm's length .......................................................... 14

        2. The Settlement will provide prompt payment to Class Members
        and will avoid the risks attendant to complex litigation ............ 15

        3. Sufficient discovery occurred for Plaintiff to have access to
        adequate information from Defendant. ...................................... 16

        4. Success on the merits is not guaranteed. ............................... 17

        5. Class Counsel believe the Settlement is reasonable given the
        strengths and weaknesses of the claims. .................................. 18

i

6.  The Settlement is fair to Absent Class Members. ................................21

7.  The Settlement serves the public interest. ............................................22

D.    The Settlement Class satisfies Rule 23....................................................23

1  Numerosity is established......................................................................23

2.  Class claims present common issues of law or fact. ...........................23

3.  Plaintiff's claims are typical of Class Members' claims.....................24

4.  Plaintiff and Class Counsel are adequate. ...........................................25

5.  The Rule 23(b) factors are satisfied. ....................................................26

6.  The notice was reasonable....................................................................29

7.  Negligible opt-outs have occurred, and no Class Members have
yet objected................................................................................................31

CONCLUSION ........................................................................................................32

CERTIFICATE OF SERVICE ...............................................................................33

## CONTROLLING OR MOST PERTINENT AUTHORITIES

### Cases

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)............................................28

*Dallas v. Alcatel-Lucent USA, Inc.*, No. 09–14596, 2013 U.S. Dist. LEXIS
    71204 (E.D. Mich. May 20, 2013) ................................................................15

*Gascho v. Global Fitness Holdings, LLC*, 822 F. 3d 269 (6th Cir. 2016)................1

*Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452 (6th Cir. 2020)........... 24, 27, 28

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d
    838 (6th Cir. 2013) ........................................................................................24

*Larue v. Selfiestyler, Inc.*, No. 2:19-cv-03617, 2002 U.S. Dist. LEXIS
    228605 (S.D. Ohio Dec. 4, 2020)................................................................15

*Martin v. Trott Law, P.C.,* No. 12838, 2018 U.S. Dist. LEXIS 167531 (E.D.
    Mich. Sept. 28, 2018) ....................................................................................1

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ........................ 12, 18, 21

### Rules

Fed. R. Civ. P. 23(b) ...............................................................................................11

Fed. R. Civ. P. 23(c)..................................................................................... 11, 29, 30

Fed. R. Civ. P. 23(e)......................................................................................... *passim*

## ISSUES PRESENTED

1. Is the parties' Settlement fair, reasonable, and adequate and should the Court grant final approval of it?

2. Has adequate notice to the Class been achieved, in compliance with Federal Rule of Civil Procedure 23, the requirements of due process, and Supreme Court precedents?

3. Should the Court retain jurisdiction to enforce the Settlement and enter final judgment?

Plaintiff answers "Yes" to all of these questions. Defendant does not oppose this Motion.

INTRODUCTION

After eight years of litigation—including three appeals—the parties reached a proposed class Settlement with the assistance of an experienced mediator, the Hon. Gerald Rosen (Ret.), who was the assigned judge during the initial phase of this litigation. The total Settlement Common Fund[1] created by the Settlement is approximately $5.7 million.[2] This is comprised of a payment by UPS in cash or account credits to active account holders totaling $4,850,000, together with UPS's payment of one-half of the notice and administration costs. Administration costs total $1,666,513. Defendant has additionally agreed to injunctive relief for three years that clarifies the UPS pricing table for declared value coverage to avoid future claims and confusion.

Defendant supplied data to the Settlement Administrator permitting it to

---

[1] Unless otherwise noted, capitalized terms have the meanings set out in the Amended Class Action Settlement Agreement ("Settlement Agreement") dated April 20, 2021, filed as Exhibit 1 to Plaintiffs' Unopposed Motion and Brief in Support for Preliminary Approval of Class Settlement. (ECF #144.)

[2] $4,850,000 (cash consideration) + $833,256.50 (half of $1,666,513 notice and administration costs) = $5,683,256.50. *See Gascho v. Global Fitness Holdings, LLC*, 822 F. 3d 269, 282 (6th Cir. 2016) ("To reach a resolution satisfactory to all parties, litigants may agree to cash and noncash settlement components. Calculating the ratio between attorney's fees and benefit to the class must include a method for setting the denominator that gives appropriate consideration to all components that the parties found necessary for settlement."); *Martin v. Trott Law, P.C.,* No. 12838, 2018 U.S. Dist. LEXIS 167531, at *24 (E.D. Mich. Sept. 28, 2018) ("[I]t is sensible to include the expenses of settlement administration in the Total Benefit to the class.").

identify 2,151,648 Class Members.[3] The Settlement will provide direct payments or immediately usable credits to Class Members without the need for them to file claims.

As of May 12, 2022, there were no opt-outs or objections.[4]

On April 8, 2022, the Court granted Plaintiffs' motion for entry of an order (1) directing the parties to provide notice to the proposed settlement class pursuant to Rule 23(e); (2) designating BleachTech LLC as interim class representative; and (3) designating Andrew J. McGuinness, Daniel Karon, and Sanford Dumain as interim class counsel pursuant to Rule 23(g). ECF No. 148. The parties' Settlement represents a strong recovery for the Class. It results from intense and repeated arm's length negotiations overseen by an experienced neutral mediator after class counsel had undertaken substantial, hard-fought discovery and the claims had been vetted by repeated dispositive motion practice, including the aforementioned appeals.

Because the parties' Settlement is fair, reasonable, and adequate, the notice satisfies Rule 23 and due process, and because this Court has already preliminarily concluded that it will be able to approve it and certify the Class, the Court should grant final approval and enter judgment substantially in the form attached as

---

[3] Aziz Decl. ¶ 8.

[4] The deadline for opt-outs and objections is May 30, 2022.

Exhibit 1A.

BACKGROUND

**A. Plaintiff's claims.**

Plaintiff's amended class action complaint seeks contract damages, declaratory, and injunctive relief on behalf of all persons and companies who used UPS to ship a package and purchased or paid for additional coverage for loss or damage from UPS. Plaintiff's complaint alleges that for years UPS overcharged customers for the first $100 of declared value coverage that UPS, in its standardized published rates, claimed to provide at no additional charge. Thus, Plaintiff alleges that UPS accepted liability for loss or damage for all shipments up to $100 as part of its service at no additional charge.

In particular, UPS's applicable Service Guide states that "UPS's liability for loss or damage to a shipment is limited to $100 without a declaration of value" and "[t]he maximum declared value is $50,000.00 per package. UPS's liability for loss or damage can be increased up to $50,000.00 (subject to terms and conditions) by making a declaration of value for an additional charge."

But the pricing table for "Value Added Services" for "Declared Value for Carriage" in the Service Guide specifies the price for additional declared value coverage as follows for each package:

3

| $0.00-$100.00 | $0.00 |
|---|---|
| $100.01–$50,000.00 for each $100.00 (or portion of $100.00) of the total value declared | $0.85 |
| Minimum | $2.55 |

*Id.* at 70.

According to Plaintiff, UPS promised in its Service Guide that the first $100 of coverage would be at no additional charge, whether a shipper purchased additional declared value coverage or not. Despite this promise, Plaintiff alleges UPS charged shippers an additional amount for the first $100 coverage when shippers purchased excess declared value coverage over the amount that would otherwise equate with the minimum charge for the corresponding shipment.

According to Plaintiff, UPS's overcharges for the first $100 of value for packages shipped with a declared value reflect a breach of contract , which Plaintiff designed its lawsuit to redress.

## B. Relevant procedural history.

This litigation commenced on December 27, 2013, with the filing of two class actions (in California and in this Court). Before consolidation, Judge Rosen dismissed the case in this court as a matter of law. Instead of appealing, counsel refiled the California case here, which Judge Rosen dismissed.

Plaintiffs appealed (first appeal), and the Sixth Circuit reversed. Following

remand discovery ensued, after which UPS moved to compel mandatory arbitration seeking to apply its post-Class Period arbitration terms retroactively. This Court denied UPS's motion and its subsequent Motion for Clarification. UPS appealed the arbitration ruling (second appeal). UPS appealed denial of its Motion for Clarification as well (third appeal).

Plaintiffs moved to dismiss the third appeal for lack of appellate jurisdiction. The Sixth Circuit granted that motion.

The Sixth Circuit affirmed this Court's denial of UPS's arbitration motion, holding that the arbitration agreement was not applicable because it was not found in the contracts in place during the time plaintiffs asserted that UPS charged the allegedly improper fee. Rather, the contracts provided that the terms in effect at the time of shipping were to apply, not subsequent terms. Additionally, the court of appeals held that even if the scope of the arbitration agreement could have been applied to prior shipments, this Court properly concluded that UPS waived any right to arbitrate because it spent more than two years vigorously litigating the merits of the claims in this Court and on appeal before seeking to compel arbitration.

Although this lawsuit originally sought relief on behalf "indirect" shippers who shipped through a "third-party retailer" or other intermediary, such as The UPS Store, discovery and settlement negotiations demonstrated that indirect

shipper Joe Solo did not pay an incremental charge for the first $100 of declared value under the challenged UPS pricing tables. Moreover, the evidence demonstrated that all or virtually all of The UPS Store customers and customers of other third-party shippers did not pay an incremental charge for the first $100 of declared value pursuant to UPS' disputed pricing tables. Accordingly, with the consent of the parties and Mr. Solo, and with leave of this Court, Plaintiff's counsel amended the complaint to drop Solo and the unjust enrichment claim, and now seek certification of a class of only direct shippers represented by BleachTech LLC.[5]

## C. Vigorous, arms-length settlement discussions led to the parties' settlement, which provides easy-to-obtain and significant benefits to Class Members.

On June 27, 2018, June 26, 2020, and September 1, 2020, the parties undertook mediation before the Honorable Gerald E. Rosen (Ret.). At the third session, the parties agreed in principle to settle this action on a class basis on the terms set forth in the Settlement Agreement.

Defendant agreed to pay cash consideration of $4,850,000 to settle Class Members' claims, and moreover to fund one-half of the settlement administration and notice costs.

---

[5]Indirect shippers are not included in the Class defined in the Settlement Agreement and are not releasing any claims. Importantly, Plaintiff's counsel did not negotiate a release of any potential indirect shipper claims.

Additionally, UPS agreed to injunctive relief to clarify its declared value pricing tables for three years from the date of the Settlement Agreement. If UPS desires to make certain changes to the pricing table, it will be required to notify Class Counsel in advance. If Class Counsel objects to such changes and the parties cannot agree, the Settlement Agreement provides a mechanism for expedited private mediation before Judge Rosen, or another mutually agreeable mediator, at UPS's expense. If the parties still cannot resolve any differences, UPS will be required to seek the Court's approval before implementing changes within the scope of the injunction. Changes required by law and changes to the incremental price charge amount alone (including elimination of the incremental charge altogether) do not fall within the scope of the injunctive relief.

The terms of the Settlement are fully described in the Settlement Agreement and in the Plaintiff's Unopposed Motion and Brief In Support for Preliminary Approval of Class Settlement (ECF 144). The Settlement Class is defined as:

> Except as excluded below, all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates.

Excluded from the Class and the releases set forth in Section 13 of the Settlement are any packages with a declaration of value that was later voided, any packages

shipped under an account of a The UPS Store location, and any packages shipped

through any other Third-Party Retailer (as defined by the July 8, 2013 UPS

Tariff/Terms and Conditions of Service – United States (attached as Exhibit A to

the Amended Complaint)) to the extent the claim is asserted by a customer of such

Third-Party Retailer, which packages will not be deemed Covered Packages.[6]

 This non-reversionary common-fund settlement will be distributed by the

Settlement Administrator to Class Members on a *pro rata* basis—that is, in

proportion to each Class Member's claim points relative to the total claim points.

Claims forms are *not required*, though Class Members might be required

reasonably to verify their identity and payment information to the Settlement

Administrator if UPS's records are not sufficient to verify the same.

 Conveniently, Class Members with Active Accounts with UPS will receive

their distribution of the Net Settlement Fund via account credit (reducing the

prospect of uncashed checks). These account credits will be issued by UPS no later

---

[6] Also excluded from the Class is any entity in which Defendant has or had a controlling interest or which has a controlling interest in Defendant and all The UPS Store locations, and all other authorized UPS shipping agents and partners, including authorized outlets, to the extent that their packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Further excluded from the Class are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submits a valid Request for Exclusion or is found by the Court to have adequately opted out of the Class.

than 45 days after the Effective Date. Unapplied account credits Settlement Administrator will be processed through UPS's standard business practices (including direct payments to customers with unapplied credits). *No account credits will revert to UPS.*[7]

For Class Members who do not have Active Accounts the Settlement Administrator will mail checks to them for their distribution. Distribution checks will be good for 90 days after the date on the check. Funds represented by credits that are not applied or used within 45 days of issuance and checks uncashed after 90 days, shall constitute "Unused Class Funds." Unused Class Funds are proposed to be donated to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, as a *cy pres* award.

Consistent with the Settlement and the Preliminary Approval Order, Class Counsel by separate motion seek a service award of $5,000 for Plaintiff, an award of attorneys' fees of 33 1/3% of the Settlement Common Fund, and reimbursement of their out-of-pocket expenses.

---

[7] UPS is required to certify to the Settlement Administrator, under oath, the total number of account credits issued. The Settlement Administrator shall then credit or reimburse UPS from the Net Settlement Fund the total of such applied credits within 30 days of receipt of such certification unless otherwise ordered by the Court, effectively maintaining the cash consideration (not counting UPS's payment of one-half of administration costs) at $4.85 million.

LAW AND DISCUSSION

**A. The standard governing final approval**

Federal Rule of Civil Procedure 23(e) was amended in December 2018 to formalize a two-step approval process. Initially, the parties (typically through the named plaintiffs) are required to submit sufficient information for the court to determine whether to authorize class notice and set a final approval hearing. The standard for that decision is whether the parties have made a showing that permits the court to conclude it "will likely be able to: (i) approve the proposal under Rule 23(e)(2) [final approval]; and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). [8] This Court made this determination in its Order Granting Preliminary Approval of Conditional Class Action Settlement and Directing Class Notice, entered April 8, 2022 (ECF 148).

---

[8] The Advisory Committee Note adds that "the decision to give notice of a proposed settlement to the class is an important event [and] should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object." To achieve the court's confidence, "[t]he parties must provide the court with information sufficient to determine whether notice should be sent [and should] provide the court with all available materials they intend to submit to support approval under Rule 23(e)(2) and that they intend to make available to class members." *Id.* In other words, courts now frontload the decision to approve proposed class settlement "by considering many of the same factors at the initial notice stage that [they] will consider at the later approval stage." *Peck v. Air Evac EMS, Inc.*, No. 18-cv-615, 2019 U.S. Dist. LEXIS 119011, at *6–7 (E.D. Ky. June 5, 2019).

Under Rule 23(e)(1), notice must satisfy the requirements of amended Rule 23(c)(2)(B) for a class to be certified under Rule 23(b)(3) and trigger class members' time to request exclusion. The parties may then provide the court information about class members opt-out rate when the court considers final approval of the proposed settlement.[9]

Before approving a binding settlement, and after a final fairness hearing, the Court must conclude that it is "fair, reasonable, and adequate."[10] To gauge whether a settlement is fair, reasonable, and adequate, Rule 23(e)(2) directs courts to consider the following factors:

- the class representatives and class counsel have adequately represented the class;

- the proposal was negotiated at arm's length;

- the relief provided for the class is adequate, considering the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; the terms of any proposed award of attorney's fees, including timing of payment; and any agreement required to be identified under Rule 23(e)(3); and

- the proposal treats class members equitably relative to each other.[11]

---

[9] Committee Notes on 2018 Amendments to Fed. R. Civ. P. 23(e).

[10] Fed. R. Civ. P. 23(e)(2). *See also Garner Properties & Mgmt., LLC. v. City of Inkster*, No. 17-cv-13960, 2020 U.S. Dist. LEXIS 146655, at *21 (E.D. Mich. Aug. 14, 2020) (recognizing need to consider settlement's fairness, reasonableness, and adequacy at final approval).

[11] Rule 23(e)(2)  also directs courts to consider any side agreements between the parties made in connection with the proposed settlement agreement. There are no

In addition to the Rule 23(e)(2) factors, the Court may also consider the Sixth

Circuit's settlement factors:

- the risk of fraud or collusion;

- the complexity, expense and likely duration of the litigation;

- the amount of discovery engaged in by the parties;

- the likelihood of success on the merits;

- the opinions of class counsel and class representatives;

- the reaction of absent class members; and

- the public interest.[12]

No single factor is determinative, and the Court should consider the factors

relevant to the circumstances of each individual case.[13]

**B.  The parties' settlement is fair, reasonable, and adequate, and
    treats Class Members equitably relative to each other.**

Plaintiff's counsel has successfully negotiated a proposed settlement with

several key, pro-consumer features, frequently lacking in consumer class action

settlements:

- The $5.7 million in total payments by UPS represents a substantial
  percentage of the potential claims. This represents over 50% of the

---

such agreements in this action.

[12] *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

[13] *In re Auto Parts Antitrust Litig.*, No. 17-cv-13005, 2018 U.S. Dist. LEXIS
225726, at *231 (E.D. Mich. Nov. 6, 2018).

potential claims for the 12 million Covered Packages shipped in the second half of 2013 alone (the strongest claims). While it represents a smaller percentage of all Covered Packages, in the opinion of Class Counsel it represents a strong recovery for the Class as a whole in light of the risks, costs, and further attendant delays of continued litigation;

- Given the large class size (over 2 million Class Members), UPS's payment of one-half of settlement administration and notice costs is particularly significant. Without this feature, notice costs alone would have significantly diminished the cash consideration UPS was willing to pay to resolve the claims;

- There is *no claims process* as part of this settlement; 100% of the proceeds of the net settlement fund will be distributed, either in cash or through account credits that are cash equivalents, without the necessity of Class Members filing a claim, based upon UPS's records. This standout feature alone distinguishes this settlement, since a claims rate no more than 7% is typically achieved in consumer class actions (meaning that some 93% of class members would get nothing in exchange for the release of their claims);

- This is a *non-reverter* settlement. This means that UPS will not recover any of the net settlement fund that is unable reasonably to be distributed to Class Members (e.g., uncashed checks). Instead, the National Consumer Law Center, a nonprofit law firm dedicated to advancing consumer rights, will receive such *cy pres* funds; and

- UPS has already changed its business practices based on this Settlement, modifying the challenged pricing table language to address the substance of the claims, and has agreed to injunctive relief to avoid future consumer confusion for three years from the date the Settlement Agreement was signed.

As discussed at some length in Plaintiff's Unopposed Motion for

Preliminary Approval of Class Settlement (ECF 144, Page ID. 3125-3129),

incorporated herein by this reference), the Settlement treats Class Members

equitably relative to each other. Specifically, the Settlement allocates two claim

points per Covered Package shipped between July 1, 2013, and December 29, 2012

(within the six-month notice period UPS's Terms seek to impose), and one claim

point for each Covered Package shipped before July 1, 2013. In the judgment of

Class Counsel, this allocation equitably values Class Members' respective claims.

McGuinness Decl. ¶¶ 27, 28 (ECF 144, Page ID. 3231, 3239-3240).

Channeled through Rule 23(e), this arms-length settlement, which treats all

Class Members equally and effectively distributes class relief, could not have been

achieved were it not for the hard work of capable Class Counsel and the

investment and cooperation of BleachTech.

**C. The parties' settlement also holds up against the Sixth
    Circuit's standard.**

**1. No fraud or collusion exists because the parties
     negotiated their settlement at arm's length.**

Courts "'presume the absence of fraud or collusion in [class-action]

settlements, unless evidence to the contrary is offered."[14] Courts also find

---

[14] *Larue v. Selfiestyler, Inc.*, No. 2:19-cv-03617, 2002 U.S. Dist. LEXIS 228605,
*6 (S.D. Ohio Dec. 4, 2020) (quoting *In re Telectronics Pacing Sys. Inc.*, 137 F.
Supp. 2d 985, 1016 (S.D. Ohio 2001). *See also Marro v. N.Y. State Teachers' Ret.
Sys.*, No. 16-1821, 2017 U.S App. LEXIS 24073, *5 (6th Cir. Nov. 27, 2007)
(rejecting collusion argument when no evidence submitted) (citing *Moulton v. U.S.
Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009)); *IUE-CWA v. Gen'l Motors Corp.*,
238 F.R.D. 583, 598 (E.D. Mich. 2006); *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d
866, 897–98 (6th Cir. 2019).

settlements that are a product of private mediation satisfy the arms-length requirement.[15]

The parties negotiated this Settlement at arm's length and over several months with the assistance three mediation sessions with Judge Rosen as well as several intervening phone calls with him. Judge Rosen had strong familiarity with the claims, and this case was remanded to his docket after the first appeal.

**2. The Settlement will provide prompt payment to Class Members and will avoid the risks attendant to complex litigation.**

"[T]here is no such thing as risk-free, expense-free litigation."[16] "Courts have held that 'there is a strong public interest in encouraging settlement of complex litigation and class-action suits because they are 'notoriously difficult and

---

[15] *Dallas v. Alcatel-Lucent USA, Inc.*, No. 09–14596, 2013 U.S. Dist. LEXIS 71204, at *22–23 (E.D. Mich. May 20, 2013) (settlement facilitated by neutral mediator was in good faith and at arm's length); *Smyers v. Ohio Mulch Supply, Inc.*, No. 2:17-cv-1110, 19-cv-1632, 2020 U.S. Dist. LEXIS 246662, at *7 (S.D. Ohio Dec. 4, 2020); *In re Auto. Parts Antitrust Litig.*, 2020 U.S. Dist. LEXIS 174177, at *169 (E.D. Mich. Sept. 23, 2020); *Ware v. CKF Enters.*, No. 5:19-183-DCR, 2020 U.S. Dist. LEXIS 154995, at *14–15 (E.D. Ky. Aug. 26, 2020); *Bartell v. LTF Club Operations Co.*, No. 2:14-cv-401, 2020 U.S. Dist. LEXIS 229682, at *8 (S.D. Ohio Aug. 7, 2020) (settlement at arms' length when facilitated by experience and highly skilled mediators); *see also O'Bryant v. Pillars Prot. Servs.*, No. 2:19-cv-1354, 2020 U.S Dist LEXIS 238047, *13 (S.D. Ohio Dec. 17, 2020) (negotiating with mediator and then finalizing settlement afterwards was "product of arms-length negotiations.").

[16] *IUE-CWA*, 238 F.R.D. at 596.

unpredictable' and settlement conserves judicial resources.'"[17] "'[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.'"[18] And "'complex litigation of this sort is costly and time-consuming . . . .'"[19]

Unless the Settlement is approved, the parties will at a minimum have to pursue additional discovery, fight multiple discovery motions, engage in further expensive ESI negotiations and additional document productions, and brief and argue class certification and summary judgment—not to mention trial and further possible appeals. Additionally, the magistrate ruled that Plaintiff potentially would be responsible for considerable e-discovery costs, which increased the litigation risk to Plaintiff and its counsel, particularly when considering that the class includes over 2 million members, with over 12 million Covered Package shipments in the second half of 2013 alone.

### 3. Sufficient discovery occurred for Plaintiff to have access to adequate information from Defendant.

---

[17] *Déjà Vu*, 925 F.3d at 899 (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)).

[18] *In re Telectronics Pacing Sys, Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001) (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)); *In re Delphi Corp. Sec.*, 248 F.R.D. 483, 497 (E.D. Mich. 2008) ("'For class actions in particular, courts view settlement favorably because it avoids the costs, delays and multitudes of other problems associated with them.'") (quoting *Telectronics*, 137 F. Supp. 2d at 1013).

[19] *IUE-CWA*, 238 F.R.D. at 596 (quoting *UAW*, 2006 U.S. Dist. LEXIS 14890, at *56 (citing *Sprague v. GMC*, 133 F.3d 388, 397 (6th Cir. 1998) (*en banc*))).

"'[T]he district judge need only have sufficient facts before [her] to intelligently approve or disapprove the settlement.'"[20] The discovery conducted satisfies the threshold necessary to demonstrate that class counsel had information sufficient to evaluate Plaintiff's claims.[21]

Discovery was underway when the parties settled. Class counsel had access to important discovery to weigh the advantages and risks of continued litigation and to make informed settlement recommendations to Plaintiff. In addition to the depositions of important witnesses, Defendant had produced over 23,000 pages of documents, including substantial ESI.

### 4. Success on the merits is not guaranteed.

The fairness of a class action settlement "turns in large part on the bona fides of the parties' legal dispute."[22] In assessing the parties' settlement, the Court's task "is not to decide whether one side is right or even whether one side has the better of these arguments . . . . The question rather is whether the parties are using

---

[20] *Id.* at 597–98 (quoting *UAW*, 2006 U.S. Dist. LEXIS at *59–60) (other citations omitted).

[21] *See e.g., id.* at 598 (collecting cases); *Déjà Vu*, 925 F.3d at 898–99 ("[C]ourts have held that settlements are permissible where 'notwithstanding the status of discovery, Plaintiff's negotiators had access to a plethora of information regarding the facts of their case.'") (quoting *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981)).

[22] *UAW*, 497 F.3d at 631.

settlement to resolve a legitimate legal and factual disagreement."[23] The ultimate

question for the Court is whether the interests of the class are better served if the

litigation is resolved by the settlement rather than continued litigation.[24] While this

factor requires that the Court understand the relative strengths of the claims and

defenses somewhat, it need not resolve them.[25]

While Plaintiff is confident in the merits of this case, Defendant insists that

its actions were consistent with the Terms and the law. Because Defendant's

liability, ultimately, is a jury question, there is a risk that the Class would not

prevail at trial. These critical disagreements and considerations support final

approval of the Settlement.

### 5. Class Counsel believe the Settlement is reasonable given the strengths and weaknesses of the claims.

Courts give substantial weight to the experience of the attorneys who

prosecuted the case and negotiated the settlement.[26] This Court has consistently

held that "where class counsel is experienced and diligent, their 'endorsement of

---

[23] *Id.* at 632.

[24] *See IUE-CWA*, 238 F.R.D. at 595.

[25] *Id.* at 595.

[26] *Id.* at 597 (citing *UAW*, 2006 U.S. Dist. LEXIS 14890, at *57 (other citations omitted); *see also In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 525 (E.D. Mich. 2003) ("in approving a proposed settlement, the court also considers the opinion of experienced counsel as to the merits of the settlement").

the settlement is entitled to significant weight.'"[27] Since counsel for both parties

have extensive experience, their positive outlook toward the fairness of the

settlement favors approving it.[28] Class Counsel, who have extensive class action

litigation experience, thoroughly analyzed the facts and law and concluded that the

settlement is in the best interest of the Class. Plaintiff also participated actively in

the mediations and fully supports the settlement.

In particular, UPS's contracts attempt to impose upon shippers a 180-day

notice period for making claims such as those alleged in Plaintiff's Amended

Complaint. Despite this temporal restriction, the Parties' settlement includes

shipments dating all the way back to January 1, 2011—*almost 2 ½ extra years*.[29]

---

[27] *Coulter-Owens v. Rodale*, No. 14-12688, 2016 U.S. Dist. LEXIS 134234, at *10 (E.D. Mich. Sept. 29, 2016) (quoting *Sheick v. Automotive Component Carrier LLC*, No. 2:09-cv-14429, 2010 U.S. Dist. LEXIS 110411, 2010 WL 4136958, at *19 (E.D. Mich. Oct. 18, 2010)).

[28] *Déjà Vu*, 925 F.3d at 899 ("counsel representing both parties had extensive experience, which supports the District Court's finding that counsels' positive outlook towards the fairness of the settlement weighed in favor of approving the Settlement Agreement.").

[29] In exchange for the ability to claim all the way back to January 1, 2011, claims of Class Members (i.e., those who shipped Covered Packages after January 1, 2011) for shipments before that date are released. Because UPS naturally desired release of all potential claims of Class Members who are receiving notice and consideration under the Settlement, was willing to pay additional aggregate consideration for release of Class Members' shipments before January 1, 2011, and lacked reasonably available data to fully identify shipments before that date, this feature maximizes Class Members' recovery while achieving resolution of the Litigation. Potential claims of shippers who *only* shipped before January 1, 2011 (and who therefore do not fall within the class definition), are not released.

19

In recognition of UPS's temporal restriction, and the relative strength of claims that occurred within 180 days of the filing of Plaintiff's original Complaint, the Parties' settlement-distribution formula embraces a thoughtful point system that ensures fairness to all Class Members. For every package with a declared value in excess of $200 for shippers subject to Retail Rates or in excess of $300 for shippers not subject to Retail Rates ("Covered Package") between July 1, 2013, and December 29, 2013 (within180 days of Plaintiff's original complaint), each Covered Package is entitled to two claim points. For every Covered Package shipped between January 1, 2011, and June 30, 2013 (the extra almost 2 ½ years), each Covered Package is entitled to one claim point.[30]

Within 10 days of the Effective Date, the Settlement Administrator will divide the Net Settlement Fund by the total number of claim points calculated under the preceding paragraph to determine the value of one claim point ("Claim Point Value"). Each Class Member will then be entitled to a share of the Net Settlement Fund equal to the number of claim points they have accrued multiplied by the Claim Point Value.

---

[30] For the period from January 1, 2011, to December 31, 2012, because UPS's records reflect the total number of packages with declared value without regard to whether declared value charge exceeds the minimum charge, the Settlement Administrator will use an estimate of the percentage of declared value packages with charges over the minimum charge to arrive at the number of Covered Packages.

This approach recognizes the relative strength of Class Members' claims and provides compensation for Class Members whose shipments fall outside 180 days of the date Plaintiff filed its original Complaint, while allocating appropriately greater compensation for Covered Shipments within the 180-day window.

### 6. The Settlement is fair to Absent Class Members.

"This factor assesses whether the proposed settlement[] 'appears to be the result of arm's length negotiations between the parties and fairly resolves all claims which were or could have been asserted.'"[31] Experienced counsel is also "an essential check on the process, safeguarding the rights of absent class members."[32]

All Approved Claimants will receive a *pro rata* portion of the Net Settlement Fund. Amended Class Action Settlement at 11 (ECF 144, Page ID. 3104). The settlement is even-handed and does not favor Plaintiff who receives in the same manner as all other Class Members.[33] The "'absent class members have not lost out in favor of [the] attorney and named class members.'"[34] The Class

---

[31] *In re Delphi Corp. Sec.*, 248 F.R.D. at 498 (quoting *In re Rio Hair Naturalizer Prods. Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, at *42 (E.D. Mich. Dec. 20, 1996)).

[32] *UAW*, 497 F.3d at 626.

[33] *See Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016) (approving class settlement where release was restructured not to prevent absent class members from defending collection actions based on fraudulent affidavits).

[34] *IUE-CWA*, 238 F.R.D. at 598 (quoting *UAW*, 2006 U.S. Dist. LEXIS 14890, at

Members are similarly situated and cohesive,[35] and "[t]he claims of the Class

Representative[] are treated no differently under the Settlement Agreement from

the claims of any other Class Member."[36]

### 7.  The Settlement serves the public interest.

"Courts have held that 'there is a strong public interest in encouraging

settlement of complex litigation and class action suits because they are 'notoriously

difficult and unpredictable' and settlement conserves judicial resources.'"[37] The

public's interest is served "'by conserving the resources of the parties and the court

. . ..'"[38]

Not only will this settlement prevent prolonged litigation and conserve

judicial resources, but also it will provide ongoing public benefits. The injunctive

relief will reduce the prospect of consumer confusion.[39] Also, credits not applied

within 45 days of issuance and checks uncashed after 90 days ("Unused Class

---

*60).

[35] *Id.* (citing *Heit v. Van Ochten*, 126 F. Supp. 2d 487, 490–91 (W.D. Mich. 2001) (other citations omitted).

[36] *UAW v. GMC,* No. 05-CV-73991-DT, 2006 U.S. Dist. LEXIS 14890, at *66 (E.D. Mich. Mar. 31, 2006) (Cleland, J.).

[37] *Déjà vu*, 925 F.3d at 899 (quoting *Cardizem*, 218 F.R.D. at 532).

[38] *IUE-CWA*, 238 F.R.D. at 599 (quoting *UAW*, 2006 U.S. Dist. LEXIS 14890, at *67 (quoting *In re Cardizem*, 218 F.R.D. at 530)).

[39] Because UPS is regarded as a leading shipping and supply chain management company, Class Counsel anticipates that other carriers might similarly clarify their pricing terms, providing a beneficial ripple effect.

Funds") will be donated *cy pres* to the National Consumer Law Center, a §

501(c)(3) nonprofit public interest law firm engaged in the education, training, and

promotion of consumer protection law or such other suitable non-profit

organization as recommended by Class Counsel and approved by the Court. In the

absence of any approved *cy pres* award, Unused Class Funds shall be redistributed

to or on behalf of Class Members as directed by the Court.[40]

**D. The Settlement satisfies Rule 23.**

**1. Numerosity is established.**

The class consists of 2,151,648 Class Members based on information

provided by UPS and the Settlement Administrator's calculation. Azari Decl. ¶ 8,

Exhibit 2, attached. Thus, per Rule 23(a)(1), the class is "'so numerous that joinder

of all members is impracticable.'"[41]

**2. Class claims present common issues of law or fact.**

Under Rule 23(a)(2), commonality "'simply requires a common question of

law or fact.'"[42] A single common question of law or fact will suffice.[43] The

---

[40] Detailed information regarding the NCLC was submitted at the preliminary
approval phase.

[41] *IUE-CWA*, 238 F.R.D. at 591 (quoting Fed.R.Civ.P. 23(a)(1)).

[42] *Id.* (quoting *Reese v. CNH Am. LLC*, 227 F.R.D. 483, 486 (E.D. Mich. 2005)
(other citations omitted)).

[43] *Id.; See also Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592,
619 (6th Cir. 2007) *Reese v. CNH Am. LLC,* 227 F.R.D. 483, 487 (E.D. Mich.
2005).

commonality inquiry "focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit."[44]

This breach-of-contract action focuses on standard pricing tables applicable to all Class Members. Whether Defendant breached the terms contained in this tables presents a common question capable of a common answer that will drive this lawsuit's resolution.[45]

### 3. Plaintiff's claims are typical of Class Members' claims.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." "Like commonality, the typicality requirement is not onerous, and is satisfied if there is a strong similarity of legal theories, 'even if substantial factual distinctions exist between the named and unnamed class members.'"[46] "[A] plaintiff's claim is typical if it arises from

---

[44] *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013); *Gradisher v. Check Enforcement Unit, Inc*., 203 F.R.D. 271, 277 (W.D. Mich. 2001) ("The commonality requirement is generally met where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents.").

[45] *See, e.g.*, *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 458 (2020) ("To satisfy commonality, Plaintiff's 'claims must depend on a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012)); *Whirlpool*, 722 F.3d at 850 ("[T]here need be only one common question to certify a class.").

[46] *IUE-CWA*, 238 F.R.D. at 592 (quoting *Rankin v. Rots*, 220 F.R.D. 511, 518 (E.D. Mich. 2004)).

the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."[47]

Here, Plaintiff's claims arise out the same pricing tables that affected all Class Members. The typicality requirement also focuses on the type of injury suffered by the Class and the interests of Class Members.[48] BleachTech and Class Members are all seeking money damages and injunctive relief.

### 4.  Plaintiff and Class Counsel are adequate.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This means "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."[49] Plaintiff's interests are consistent with, and not antagonistic to, the interests of the class. Plaintiff's active pursuit of this matter over eight years of litigation and three appeals and participation in deposition and documentary discovery and mediation demonstrates it has been an engaged representative.

To test the adequacy of class counsel, "the court must consider: 1) the work

---

[47] *Id.* (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082 (footnote and quotation omitted)).

[48] *See id.* at 592.

[49] *Id.* at 592 (quoting *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976) (other citations omitted)).

counsel has done in identifying or investigating potential claims in the action, 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, 3) counsel's knowledge of the applicable law, and 4) the resources counsel will commit to representing the class."[50] Class Counsel have extensive experience in complex class action litigation. *See* Class Counsels' Declarations, Plaintiff's Motion for Award of Attorneys' Fees, Approval of Service Award, and for Reimbursement of Expenses Exhibits 1, 2, & 3 (filed contemporaneously with this Motion and incorporated herein by this reference), and have zealously represented Plaintiff and the Class.

### 5. The Rule 23(b) factors are satisfied.

Rule 23(b)(3) requires that "common questions will *predominate* over individual ones."[51] "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof.'"[52] "'[T]he fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate

---

[50] *Id.* (citing Fed.R.Civ.P. 23(g)(1)(C)).

[51] *Hicks*, 965 F.3d at 459  (emphasis in original) (citing *Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 544 (6th Cir. 2012)).

[52] *Id.* at 459–60 (quoting *Young*, 693 F.3d at 544 (quoting *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011)).

over common ones.'"[53]

Class Members shipped packages with Defendant—and paid for shipment of these packages—according to Defendant's pricing tables, such that adjudicating the merits of Plaintiff's claim would similarly resolve all Class Members' identical claims. This shared fact and Plaintiff's allegations thereupon, which fact and allegations are germane to Plaintiff's and Class Members' claims, fuel Plaintiff's lawsuit and predominate over any arguably individualized facts that might affect Class Members.[54]

Also, for a Rule 23(b)(3) class to be certified, a class action must be "a superior way to resolve the controversy."[55] "'The policy at the very core of the class-action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.'"[56] Courts "look to the purpose of class-action litigation. 'Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be

---

[53] *Id.* at 460 (quoting *Young*, 693 F.3d at 544 (quoting *Beattie v. CenturyTel. Inc.*, 511 F.3d 554, 564 (6th Cir. 2007))).

[54] *See, e.g., Klay v. Humana, Inc.*, 382 F.3d 1241, 1263 (11th Cir. 2004) ("A breach is a breach is a breach, whether you are on the sunny shores of California or enjoying a sweet autumn breeze in New Jersey.").

[55] *Hicks*, 965 F.3d at 463.

[56] *Id.* at 463 (quoting *Young*, 693 F.3d at 545 (quoting *Amchem Prods. v. Windsor*, 521 U.S. at 591, 617 (1997))).

without any effective redress unless they may employ the class-action device.'"[57]

Thus, "[c]ases alleging a single course of wrongful conduct are particularly well-suited to class certification.'"[58]

Courts consider the (i) alternatives to a class action,[59] and whether members have an interest in controlling their own cases; and (ii) whether the case will be manageable as a class. But in the settlement context, the proponent of the class need not establish manageability because it is proposed that there be no trial.[60] Here, the damages attributable to Defendant's alleged overcharges are so small on an individual basis so as not to justify the expense of individual litigation.[61]

Class Members have shown no interest in controlling their individual cases, which is unsurprising considering the size of individual claims and the time and expense involved in adjudicating them. That Class Members have not individually pursued their claims underscores the efficiency of class litigation in this dispute. Indeed, this settlement achieves a large percentage of what Class Members might

---

[57] *Id.* at 465 (quoting *Young*, 693 F.3d at 545 (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980))).

[58] *Id.* at 465 (quoting *Young*, at 545 (quoting *Power v. Hamilton Cty. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007))).

[59] *Id.* ("The alternative to adjudicating this case as a class action is for the Court to handle thousands, perhaps tens of thousands, of individual cases.").

[60] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

[61] *Geary v. Green Tree Servicing, LLC*, No. 2:14-CV-00522, 2017 U.S. Dist. LEXIS 93000, at * 27 (S.D. Ohio June 17, 2017) ("The reality is that few individual plaintiffs would sue or receive any redress at all in individual actions.").

have achieved with their own time and money. [62]

### 6. The notice was reasonable.

Federal Rule of Civil Procedure 23(e)(2) requires that notice is directed in a reasonable manner to all class members that would be bound by the settlement. Additionally, notice must comport with due process by being "reasonably calculated to reach interested parties."[63] Further, Rule 23(c) necessitates that notice is provided to the class regarding "the nature of the action; the definition of the class certified; the class claims, issues, or defenses; information on how a class member can enter an appearance with their lawyer; information on how class members can opt into or out of the settlement; and the binding effect of the settlement agreement."[64]

The Settlement Administrator projects that the Court-approved Notice Program reached approximately 90 percent of the Class. Exhibit 2 at ¶ 7. This reach was enhanced by internet banner advertising, which is ongoing, and a Settlement website, which is live. *Id.* ¶¶ 16-18.

Of the 2,151,648 Class Members for whom UPS supplied valid contact information to the Settlement Administrator, 429,453 Class Members had one or more valid email addresses. *Id.* at ¶ 8. They received, via industry standard best practices, email notice from the Settlement Administrator, which totaled 883,807

---

[62] Of course, dissatisfied Class Members may opt out.

[63] *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005).

[64] Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii) .

emails. Exhibit 2 at ¶¶ 8-12. Another 1,654,012 identified Class Members had a valid mailing address; they received Postcard Notice, via USPS first class mail, from the Settlement Administrator. *Id.* at ¶¶ 13-15.

Also, on August 30, 2021, the Settlement Administrator served notice on the appropriate federal and state officials as required by the Class Action Fairness Act.[65] *Id.* at ¶ 24.

The Settlement Administrator also established a dedicated settlement website with an easy to remember domain name: www.UPSDeclaredValueSettlement.com. *Id.* at ¶ 19. As of May 13, 2022, there have been 5,151 unique visitor sessions to the Settlement Website and 7,365 website pages presented. *Id.*

Finally, the Settlement Administrator established a toll-free telephone number, 866-991-0730, to allow Class Members to obtain additional information, listen to FAQs, request Notice be mailed, and during normal business hours speak to a service agent. *Id.* at ¶ 20. As of May 13, 2022, there have been 221 calls to the toll-free telephone number representing 1,668 minutes of use and service agents have handled 114 incoming calls to the toll-free telephone number representing 1,628 minutes of use. *Id.* at ¶ 21.

---

[65] 28 U.S.C. § 1715(b). *See also* Proof of Compliance with the Notice Requirements of The Class Action Fairness Act 2005 on behalf of Defendant. Exhibit 2-5.

The notice is easily understandable to the average class member and adequately explains the terms of the Settlement and putative class members' options about opting out. And importantly, the settlement involved no claim form, meaning Class Members need do nothing to receive their class relief.[66] This notice process was reasonable and adequate under the circumstances presented.[67]

### 7. Negligible opt-outs have occurred, and no Class Members have yet objected.

To date, the Settlement Administrator has received no opt-outs or objections, Exhibit 2 at ¶ 23, and only two weeks remain for Class Members to do so. Class Counsel will advise the Court on final numbers following the May 30, 2022, filing deadline via supplemental a filing.

---

[66] *Cf. Garner*, 2020 U.S. Dist. LEXIS 146655 at *20–21 (granting final approval to settlement that involved claim form requiring modest responses from class members).

[67] *See, e.g., Garner*, 2020 U.S. Dist. LEXIS at 21 (finding similarly understandable and disseminated notice adequate); *Thacker v. Chesapeake Appalachia, LLC*, 695 F. Supp. 2d 521, 526 (E.D. Ky. 2010) (concluding the notice process was adequate under Fed. R. Civ. P. 23 and the standards for due process).

CONCLUSION

For the foregoing reasons, Plaintiff asks that this Court grant its Unopposed

Motion for Final Approval of Class Settlement.

Dated: May 16, 2022        Respectfully submitted,

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St., Suite 118
P.O. Box 7711
Ann Arbor, MI 48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Daniel R. Karon (admitted)
Beau D. Hollowell
KARON LLC
700 W St Clair Ave, Suite 200
Cleveland, OH  44113
Phone: (216) 622-1851
dkaron@karonllc.com
bhollowell@karonllc.com

Sanford P. Dumain (admitted)
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLP
One Pennsylvania Plaza, Suite 1920
New York, NY 10119
Phone: (212) 594-5300
sdumain@milberg.com

*Class Counsel*

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the above date a copy of the foregoing was filed with the Court using the ECF system, which will send notification to all parties who have appeared through their attorneys of record.

_s/Andrew J. McGuinness_
Andrew J. McGuinness

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| BLEACHTECH L.L.C., on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br> vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation,<br><br>        Defendant. | Case No. 2:14-cv-12719<br><br>Hon. Denise Page Hood<br><br>CLASS ACTION |

## AMENDED CLASS ACTION SETTLEMENT AGREEMENT

This Amended Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into, subject to approval of the Court and entry of final judgment, between Plaintiff BleachTech L.L.C. ("Plaintiff" or "BleachTech"), individually and as Class Representative of the Class, as defined below, and Defendant United Parcel Service, Inc., an Ohio corporation ("Defendant," or "UPS"). Plaintiff and Defendant are, at times, individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

A.    On July 11, 2014, plaintiffs Joe Solo and BleachTech filed a putative class action complaint against UPS in the United States District Court for the Eastern District of Michigan, Case No. 2:14-cv-12719 (the "Litigation"). On December 30, 2020, with leave of Court, BleachTech filed an Amended Complaint (hereinafter, the "Complaint"). The Complaint excluded Joe Solo as a party, and Mr. Solo is not party to this Agreement.

B.    This Agreement is to settle the Litigation on behalf of a class of persons described below and contemplates the preliminary and final certification of a Settlement Class, as defined below, by the Court. As used in this Agreement, "Class Counsel" refers to Andrew J.

McGuinness, Daniel R. Karon, and Sanford P. Dumain, each of whom represent Plaintiff and seek interim and final appointment by the Court as Class Counsel on behalf of the Settlement Class contemplated hereby.

        C.      The Complaint alleges that Defendant has breached its contract(s) with Plaintiff and Class Members, and seeks compensatory, declaratory, and injunctive relief. Defendant denies that it committed any wrongdoing.

        D.      The Parties participated in three mediation sessions before the Hon. Gerald E. Rosen (Ret.), on June 27, 2018; June 26, 2020; and September 1, 2020. At the third session, the Parties reached an agreement in principle to settle the Litigation on the terms set forth in this Agreement.

        NOW, THEREFORE, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

        **1.**      **RECITALS AND DEFINITIONS**

        1.1      <u>Recitals</u>. The recitals set forth above are incorporated by reference and are explicitly made part of this Agreement.

        1.2      <u>Definitions</u>. As used in this Agreement, capitalized terms shall have the meanings provided below and elsewhere in the Agreement:

        (a)      "Active Account" means a UPS six-character account number that has not been closed, either by the shipper, by UPS, or under UPS's internal automatic account closure rules.

        (b)      "Cash Payment" means $4,850,000 (U.S.) less the Total Account Credits.

        (c)      "Class Counsel" has the meaning set forth in the Recitals.

        (d)      "Class Member" means a member of the Settlement Class, excluding members

who have timely filed valid Requests for Exclusion. "Putative Class Member" means a person who meets the definition of a member of the Settlement Class defined below, regardless whether such person has requested exclusion from the Class or whether the Class has been certified.

(e)       "Class Representative" means BleachTech.

(f)       "Covered Packages" means packages described in the Settlement Class (defined below).

(g)       "Days" means calendar days.

(h)       "Effective Date" means the later of:

i.       Thirty-seven (37) Days after the entry of the Judgment or the entry of the Court's order on attorneys' fees and costs, whichever occurs later, where the time for appeal has expired and no appeal has been filed; or

ii.       If any appeal, petition for rehearing, motion to reconsider, or other review of the Judgment has been filed or sought, thirty-seven (37) Days after the Judgment is affirmed without substantial or material change, or the appeal is dismissed or otherwise disposed of (unless any such substantial or material change is accepted by the Parties), and no other appeal, petition for rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired; or

iii.       If any appeal, petition for rehearing, motion to reconsider, or other review of the Court's order on attorneys' fees and costs has been filed or sought, thirty-seven (37) Days after the Court's order on attorneys' fees and costs is resolved, or the appeal is resolved, dismissed or otherwise disposed of and no other appeal, petition for rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

(i)       "Final Approval Hearing" means the hearing pursuant to Federal Rule of Civil

3

Procedure 23(e)(2), at or after which the Court shall:

        (i)       determine whether to grant final approval of the Settlement;

        (ii)      consider any objections to this Settlement and all responses thereto; and

        (iii)     consider Class Counsel's requests for an award of attorneys' fees, costs and expenses, and Service Awards.

      (j)      "Judgment" shall mean the order, substantially in the form of the attached Exhibit A, finally approving the Settlement, entering judgment in favor of Plaintiff and the Class, and entering any injunctive relief.

      (k)      "Long Form Notice" means the Notice of Proposed Settlement of Class Action that will be published on the Settlement Website established by the Settlement Administrator and to be emailed or mailed to Class Members upon request, substantially in the form attached as Exhibit B.

      (l)      "Net Settlement Fund" shall mean $4,850,000 less any Court-approved (1) Service Award to the Class Representative; (2) Court-approved attorneys' fees plus Class Counsel's expenses incurred in this litigation; and (3) fifty percent of Notice and Administration Expenses.

      (m)    "Notice" shall mean, collectively, the communications by which Class Members are sought to be notified of the Settlement and of the Court's Preliminary Approval of the Settlement, including any instructions for submitting Requests for Exclusion.

      (n)     "Notice and Administration Expenses" means expenses to send notice and administer the Settlement as contemplated by the Agreement.

      (o)     The "Notice Date" shall be thirty (30) Days after entry of the Preliminary Approval Order. The Settlement Administrator shall complete emailing a Short Form Notice for Putative Class Members with valid email contact information, or mail the Postcard Notice to

Putative Class Members without a known email address, based on a list of last known mail

addresses supplied by UPS as may be updated by the Settlement Administrator, by the Notice

Date. The Settlement Administrator shall cause the Publication Notice to be published by the

Notice Date. The Notice Date may be delayed by the Court for good cause shown.

(p)     "Opt Out" means a Putative Class Member who validly submits a timely Request

for Exclusion as provided in this Agreement and in the Long Form Notice.

(q)     "Party" and "Parties" shall have the meaning set forth in the introductory

paragraph of this Agreement.

(r)     "Person(s)" shall mean any natural person, individual, corporation, association,

partnership, limited liability company, trust, or any other type of legal entity.

(s)     "Plaintiff" shall have the meaning set forth in the introductory paragraph of this

Agreement.

(t)     "Postcard Notice" means a Short Form Notice via postcard substantially in the

form of Exhibit C attached hereto. The Settlement Administrator will mail the Postcard Notice

by United States Mail, First Class postage prepaid, to the last known physical address of all Class

Members without a valid email address, using last known mailing addresses or mailing addresses

as updated by the Settlement Administrator.

(u)     "Publication Notice" shall be one or more banner ads in a form similar to

Exhibit D attached, to be published online as described in Section 8.3 as recommended by the

Settlement Administrator reasonably to notify Putative Class Members without Active Accounts

for whom UPS lacks known email or mailing addresses.

(v)     "Preliminary Approval" or "Preliminary Approval Order" shall mean the Court's

entry of an order directing that Notice be given pursuant to Federal Rule of Civil

Procedure 23(e)(1), i.e., upon a finding that giving notice is justified by the Parties' showing that

the Court will likely be able to (i) approve this proposed Settlement under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal, and shall be substantially in the form of Exhibit E attached hereto.

(w)      "Released Claims" shall have the meaning set forth in Section 13.1 of this Agreement.

(x)      "Released Parties" shall mean UPS and each of its past or present employees, agents, officers, directors, shareholders, insurers, attorneys, advisors, consultants, representatives, parents, subsidiaries, affiliates, joint venturers, and divisions, and each of their predecessors, successors, heirs, and assigns.

(y)      "Releasing Parties" shall mean Plaintiff and Class Representative, for and on behalf of itself, each Class Member, and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns.

(z)      "Request for Exclusion" shall mean a request to be excluded from the Settlement Class, submitted in accordance with the terms and conditions of this Settlement Agreement and the instructions provided in the Long Form Notice.

(aa)      "Service Award" shall mean any cash award to be paid to the Class Representative for its effort in litigating and settling this Litigation for the Settlement Class.

(bb)      "Settlement" means the class settlement contemplated by this Agreement, in substantial compliance with the terms hereof, including any mutually agreeable amendment written and signed by the Parties or any modification mandated by the Court to which the Parties jointly agree.

(cc)      "Settlement Administrator" means Epiq Class Action & Claims Solutions, Inc.

(dd)      "Settlement Class" shall mean:

Except as excluded below, all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates.

Specifically excluded from the scope of the Class and the releases set forth in Section 13 of this Agreement are any packages with a declaration of value that was later voided, any packages shipped under an account of a The UPS Store location, and any packages shipped through any other Third-Party Retailer (as defined by the July 8, 2013 UPS Tariff/Terms and Conditions of Service – United States (attached as Exhibit A to the Amended Complaint)) to the extent the claim is asserted by a customer of such Third-Party Retailer, which packages will not be deemed Covered Packages. Also excluded is any entity in which Defendant has or had a controlling interest or which has a controlling interest in Defendant and all The UPS Store locations, and all other authorized UPS shipping agents and partners, including authorized outlets, to the extent that their packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Also excluded are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submits a valid Request for Exclusion or is found by the Court to have adequately opted out of the Class.

(ee)     "Settlement Common Fund" means the total cash consideration paid by Defendant and credits given as part of the Settlement, equal to $4,850,000 (U.S.), together with Defendant's fifty percent share of the Notice and Administration Expenses.

(ff)     "Settlement Website" means the website established by the Settlement Administrator containing the Long Form Notice, electronic version of the Request for Exclusion form, and other pertinent information to facilitate the Settlement.

(gg)    "Short Form Notice" means the Important Notice About a Class Action that the Settlement Administrator will email to all Class Members for whom UPS has supplied an email address, substantially in the form attached as Exhibit C. The email Short Form Notice shall direct Class Members to the Settlement Website, where the full Long Form Notice including opt out instructions and electronic Request for Exclusion Form will be available.

(hh)    "Total Account Credits" means the dollar amount of credits issued to Active Accounts.

(ii)    "Unused Class Funds" shall mean distribution checks issued to Class Members that remain uncashed past the checks' ninety (90) day stale date.

1.3     Singular and Plural. Definitions used herein shall apply to the singular and the plural forms of each term defined.

1.4     Gender. Definitions used herein shall apply to the masculine, feminine, and neuter genders of each term defined.

1.5     Terms of Inclusion. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

## 2.     COOPERATION BY THE PARTIES

2.1     The Parties and their counsel agree to cooperate fully with each other and the Settlement Administrator to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Settlement Agreement. The Parties and their counsel further agree to support the final approval of the Settlement Agreement, including against any objection thereto and any appeal of the Judgment.

### 3.   MONETARY CONSIDERATION TO THE CLASS

3.1    In exchange for the terms and conditions set forth in this Settlement Agreement, including without limitation the releases set forth in Section 13 below, Defendant will provide the following monetary consideration:

3.1.1   <u>Settlement Common Fund</u>. Defendant shall cause $700,000.00 (U.S.) of the Cash Payment to be made in immediately available funds into an interest-bearing Qualified Settlement Fund account established by the Settlement Administrator for the benefit of the Settlement Class within fifteen (15) Days of Preliminary Approval of the Settlement. Within ten (10) days of the Effective Date, Defendant shall cause the amount approved by the Court for attorneys' fees and expenses and the Service Award to be paid into the Qualified Settlement Fund. Defendant shall provide an estimate of Total Account Credits to the Settlement Administrator as soon as practicable after the Settlement Administrator calculates the Claim Point Value. Based on this estimate, Defendant shall cause the estimated remainder of the Cash Payment ($4,850,000 (U.S.) less the amounts previously paid to the Qualified Settlement Fund under this Section and less estimated Total Account Credits) to be paid into the Qualified Settlement Fund within thirty (30) days of the Effective Date. To the extent Defendant is unable to issue all estimated Total Account Credits (e.g., because an account was cancelled after estimate of Total Account Credits), it shall make an additional payment into the Qualified Settlement Fund in the amount of such un-issued credits within ten days of the certification of Total Account Credits pursuant to Section 3.2.5 below. Additionally, Defendant shall pay fifty percent (50%) of all valid invoices for Settlement administration, including notice costs, issued by the Settlement Administrator.

3.2    <u>Distribution of the Net Settlement Fund</u>. This is a non-reversionary common fund settlement, whose net proceeds are to be distributed by the Settlement Administrator and UPS to

Class Members. The Net Settlement Fund shall be distributed on a per claim point basis according to the formula in Sections 3.2.1-3.2.3 of this Agreement. Claims forms are not required; however, Class Members may be required reasonably to (1) attest to the number of Covered Packages they sent between January 1, 2011 and June 30, 2013, or (2) verify their identity and payment information at the request of the Settlement Administrator if UPS's records are not sufficient to verify same.

      3.2.1   For every U.S. origin package shipped under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates ("Covered Package") between July 1, 2013, and December 29, 2013, each Covered Package will be entitled to two (2) claim points. Covered Packages shipped during this period shall be determined by reference to UPS records.

      3.2.2   For every Covered Package shipped between January 1, 2011, and June 30, 2013, each Covered Package will be entitled to one (1) claim point. Covered Packages shipped during this period shall be determined by reference to UPS records. For the period from January 1, 2011 to December 31, 2012, because UPS records reflect total number of packages with declared value (without regard to whether declared value charge exceeds the minimum charge), the Settlement Administrator will use an estimate of the percentage of declared value packages with charges over the minimum charge to arrive at the number of Covered Packages.

      3.2.3   Within ten (10) Days of the Effective Date, the Settlement Administrator shall divide the Net Settlement Fund by the total number of claim points calculated under Sections 3.2.1 and 3.2.2 above to determine the value of one claim point ("Claim Point Value"). Each Class Member will be entitled to a share of the Net Settlement Fund equal to the number of claim points that Class Member is entitled to multiplied by the Claim Point Value.

3.2.4    Class Members shall receive their per claim point distribution of the Net Settlement Fund via account credit if they have Active Accounts with UPS. These account credits (the "Total Account Credits") will be issued by UPS no later than forty-five (45) Days after the Effective Date. As to Class Members who do not use their credits, UPS will attempt to locate the Class Member and pay the unused credits in accordance with UPS's regular business practices as to credit balances in inactive accounts. UPS will in no event retain such unused credits.

3.2.5    UPS shall document by amount and Class Member each account credit issued, and certify under oath or declaration subject to penalty of perjury the total amount of such credits within ten (10) Days of issuing such credits.

3.2.6    For Class Members who do not have Active Accounts, the Settlement Administrator shall mail checks to each such Class Member with the per claim point distribution within sixty (60) Days of the Effective Date or receipt of the mailing addresses from UPS, whichever comes later. Distribution checks will be good for ninety (90) Days after the date on the check.

3.2.7    Distribution checks uncashed after ninety (90) Days, shall constitute "Unused Class Funds." Unused Class Funds will be donated to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, as *cy pres* award, or such other suitable non-profit organization as recommended by Class Counsel and approved by the Court. In the absence of any approved *cy pres* award, Unused Class Funds shall be redistributed to or on behalf of Class Members as directed by the Court.

**4.      NON-MONETARY CONSIDERATION TO THE CLASS**

4.1      In addition to the consideration described in Section 3 above, as part of this

Settlement, UPS will also provide the following consideration ("Injunctive Relief"):

4.1.1      UPS represents that it has modified its published U.S. Rate and Service Guides to

include the following text in the "fee" column of its Declared Value for Carriage pricing tables:

| | |
|---|---|
| – Value from $100.01 to $300.00 | [fee in dollars] |
| – Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared) | [fee in dollars] |

Without limiting the generality of the foregoing, the following example[1] will be deemed

compliant with the Injunctive Relief consideration obtained on behalf of Class Members as part

of the Settlement:

| Available Options | Description | Fee | |
|---|---|---|---|
| Declared Value for Carriage | – UPS's liability for loss or damage for each domestic package or international shipment, or to each pallet in a UPS Worldwide Express Freight® Midday or UPS Worldwide Express Freight® shipment is limited to $100.00 without a declaration of value.<br>– The maximum declared value is $50,000.00 per package/$100,000.00 per pallet shipped via UPS Worldwide Express Freight Midday and UPS Worldwide Express Freight services. UPS's liability for loss or damage can be increased up to $50,000.00 per package or $100,000.00 per pallet by making a declaration of value for an additional charge (subject to terms and conditions). Certain domestic packages are eligible for the enhanced maximum declared value of $70,000.00, subject to restrictions set forth in the "UPS Tariff/Terms and Conditions of Service – United States" available at ups.com/terms and also set forth in "Maximum Declared Value" on page 8.<br>– Declarations of value from $100.01 to $300.00 are subject to a charge of $3.45. Declarations of value over $300.00 incur a charge for each $100.00 (or portion of $100.00) of the total value declared, including the first $100.00. For example, a declaration of $950.00 value incurs a charge of $11.50 (10 times $1.15).<br>– For international shipments with a declared value of more than $50,000.00, multiply the total declared value by the rate to determine the declared value charge for the shipment.<br>– For packages tendered to a UPS driver with a declared value amount of more than $1,000.00, the shipper must retain a high-value shipment summary signed by the driver. The UPS Shipping System provides this form when the shipping label is requested.<br>– Declared value charges can be included in charges billed to receivers or third parties. | – Value from $100.01 to $300.00<br><br>– Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared)<br><br>– For international shipments with a declared value of more than $50,000.00<br>$0.009 times the declared value | $3.45<br><br><br><br><br>$1.15 |

---

[1] All dollar figures—including without limitation the incremental declared value charge and minimum declared value charge—shown in this example are illustrative only, and not binding upon UPS as part of this Settlement Agreement.

4.1.2    The inclusion of the textual changes in the "fee" column of the UPS declared value pricing table above will be required for a period of three (3) years from the date of signing of this Agreement. UPS may in that period notify Class Counsel of a proposed change of the language or format of the language required by such Injunctive Relief to reflect changes in the law or a change in UPS's business practices (including, for example, changes in the appearance or format of the U.S. Rate and Service Guide). Font or type size do not require advance notice; nor does a change to reflect a change in declared value pricing that does not assess a charge for the first increment of protection (currently $100). If Class Counsel notifies UPS Counsel within seven (7) Days of an objection to the proposed change, and the objection cannot be resolved amicably, UPS may seek leave of Court on shortened notice prior to its proposed modification(s), or, at UPS's option and sole expense, any dispute regarding the proposed change shall be resolved through expedited mediation with the Hon. Gerald Rosen (Ret.) or other mediator mutually agreeable to the parties.

## 5.    ATTORNEY FEES AND COSTS AND SERVICE AWARDS

5.1    <u>Application for Attorneys' Fees and Expenses and Service Awards for the Plaintiffs</u>. Pursuant to the common fund doctrine and/or any applicable statutory fee provision and consistent with this Agreement, Class Counsel will apply to the Court by motion for an award of attorneys' fees not to exceed 33 1/3% of the Settlement Common Fund. Additionally, Class Counsel may apply to the Court for reimbursement of Class Counsel's reasonable expenses incurred throughout this Litigation. Class Counsel may also seek a Service Award of up to $5,000.00 for the Class Representative, and reimbursement of any Notice and Administration Expenses incurred by Plaintiff or Class Counsel. Each of these requests as approved by the Court shall be paid from the Settlement Common Fund. Attorneys' fees and expenses awarded by the Court shall be allocated among Plaintiff's attorneys in a manner that, in Class Counsel's opinion,

fairly compensates them for their respective contributions to the progress of and results obtained in the Litigation. Defendant and its agents agree not to oppose the applications for attorneys' fees or expenses, for Service Award, or Notice and Administration Expenses made in accordance with the term of this Agreement.

5.2    The Parties agree that this Settlement Agreement is not contingent upon the Court's approval or allowance of any specific attorneys' fee award, reimbursement of expenses, or the approval of any specific Service Award. In the event the Court approves the Settlement, but declines to award Class Counsel's attorneys' fees or costs in the amount requested by Class Counsel the Settlement Agreement will nevertheless be binding on the Parties to the extent permissible under applicable law.

5.3    Class Counsel and the Class Representative agree to provide the Settlement Administrator all identification information necessary to effectuate the payment of any fee award and Service Awards including, but not limited to, Taxpayer Identification Number(s), completed Internal Revenue Service Form W-9(s), and wire transfer information.

5.4    UPS shall not be liable for any additional fees or expenses of the Class Representatives or any Class Member in connection with the Litigation beyond those contemplated in this Agreement. Class Counsel agree that they will not seek any additional fees or costs from UPS in connection with the Litigation or the Settlement of the Litigation beyond those contemplated in this Agreement, and will look only to the Settlement Common Fund for payment of their court costs, fees and expenses. UPS expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a dismissal of the Litigation.

5.5    <u>Disbursement of Attorneys' Fees and Expenses and Plaintiff's Service Award</u>.

5.5.1    Class Counsel's attorneys' fees and expenses, as approved by the Court shall be

paid from the Settlement Common Fund to Class Counsel within twenty (20) days of the Effective Date.

5.5.2    Upon approval by the Court and pursuant to written directions from Class Counsel to the Settlement Administrator, any Service Award to the Class Representative shall be paid from the Settlement Common Fund within twenty (20) Days of the Effective Date. The Class Representative's per claim point share of the Net Settlement Fund as Class Members shall be processed separately along with other Class Members.

## 6.    PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

6.1    Class Counsel shall prepare the motion seeking a Preliminary Approval Order, which Defendants shall not oppose so long as it reflects the terms of this Settlement Agreement.

6.2    Without limitation, the Court shall be asked to approve the terms and conditions of this Settlement Agreement, the Notice to the Class, the method of Notice, the procedure for distributing the Net Settlement Fund, and to conditionally appoint the Class Representative and Class Counsel for the Settlement Class as part of its Preliminary Approval. The Parties stipulate and agree that, subject to Court approval and for purposes of the Agreement only, the Settlement Class defined above should be conditionally certified solely for purposes of the Settlement embodied in this Agreement.

## 7.    SETTLEMENT ADMINISTRATOR

7.1    The Settlement Administrator will work without limitation to: (i) provide Notice to potential Class Members in the manner set forth in the Preliminary Approval Order; (ii) establish and maintain the Settlement Website; (iii) identify and obtain updated contact information for Putative Class Members as necessary; (iv) respond to queries from Putative Class Members; (v) confirm the issuance of credits and process payments to Class Members; and (vi) provide any necessary certifications to the Court concerning the administration and

processing of the Settlement. The Settlement Administrator will also be available to respond to inquiries from Class Counsel, counsel for Defendant, and the Court.

7.2    UPS shall, within ten (10) Days of entry of the Preliminary Approval Order (if not previously supplied), cause to be provided to the Settlement Administrator an Excel spreadsheet of the names and last known email addresses and mailing addresses of Putative Class Members ("Class Member List"). The Settlement Administrator shall maintain the confidentiality of the Class Member List, Class Member account data, or other Class Member information and shall use the information contained in the Class Member List and other Class Member information solely for purposes of implementing this Settlement or as directed by the Court.

7.3    The Settlement Administrator shall provide regular reports to Class Counsel and to counsel for Defendant regarding the status of the Settlement administration, including the updating of addresses, number of short form notices emailed and mailed, number of Requests for Exclusion, number of class members and Covered Packages identified, number and amounts of account credits and distribution checks, and the total dollar amount of cashed and uncashed checks.

7.4    The Settlement Administrator shall be paid for the work directed by the Court or contemplated by this Agreement and the Settlement, 50% paid directly by Defendant and 50% paid from the Settlement Common Fund. The Settlement Administrator shall withdraw 50% of its Notice and Administration Expenses from the Settlement Common Fund after and within twenty (20) Days of the Effective Date.

7.5    The Settlement Administrator shall establish an interest-bearing Qualified Settlement Fund to receive and hold the Settlement Common Fund; to distribute attorneys' fees, expense reimbursements, and Service Award as authorized by the Court; and to distribute the Net Settlement Fund (aside from account credits) in accordance with the terms of the Settlement

Agreement as finally approved by the Court.

### 8. NOTICE OF SETTLEMENT AND ADMINISTRATION OF CLAIMS

8.1     For all Class Members for whom UPS has supplied an email address, the

Settlement Administrator shall send via email a Short Form Notice by the Notice Date. The

email Short Form Notice shall direct Class Members to the Settlement Website, where the full

Long Form Notice including opt out instructions will be available.

8.2     For all Class Members without an email address on file with UPS, and for those

Class Members whose Short Form Notice sent via email is returned as undeliverable, the

Settlement Administrator shall send via United States Mail, First Class postage prepaid, a copy

of the Postcard Notice by the Notice Date. The Postcard Notice shall direct Class Members to the

Settlement Website, where the full Long Form Notice including opt out instructions will be

available. The Postcard Notice shall be sent to the last known addresses provided by UPS. For

Class Members whose Postcard Notices are returned as undeliverable, the Settlement

Administrator shall use commercially reasonable efforts to locate forwarding or updated

addresses and re-send the Postcard Notice to such updated addresses.

8.3     The Settlement Administrator shall also implement, no later than the Notice Date,

an internet publication notice program through the Google Display Network for 30 days duration

targeting at least 14 million impressions. The Publication Notice shall use banner advertisements

substantially in the form of Exhibit D, attached.

8.4     Defendant will bear responsibility for notifying the appropriate federal and state

officials of this Settlement Agreement to the extent required by the Class Action Fairness Act of

2005, 28 U.S.C. § 1715.

8.5     No later than fifteen (15) Days before the Final Approval Hearing, the Settlement

Administrator shall provide to Class Counsel and counsel for Defendant the following

17

information:

(a)      The number of email Short Form Notices sent to Putative Class Members by the Settlement Administrator;

(b)      The number of Postcard Notices sent to Putative Class Members by the Settlement Administrator;

(c)      The approximate number of visits to the Settlement Website from the date of entry of a Preliminary Approval Order;

(d)      Any information about any objections to the Settlement that the Settlement Administrator has not previously forwarded;

(e)      A report stating the total number of Putative Class Members who have submitted timely and valid Requests for Exclusion, including a listing of the names and addresses of such Opt Outs and reporting the number of claim points allocated to the Putative Class Members who have submitted timely and valid Requests for Exclusion divided by the total claim points available to the Settlement Class, as calculated by the Settlement Administrator (the "Exclusion Percentage"); and

(f)      Any other tracking information reasonably requested by Class Counsel or counsel for Defendant.

8.6    Class Counsel shall file with the Court the list of Opt Outs not later than seven (7) Days before the Final Approval Hearing. Class Counsel's submission shall differentiate between the timely, valid Opt Outs and untimely or invalid Opt Outs as determined by the Settlement Administrator.

## 9.      REQUESTS FOR EXCLUSION

9.1      Putative Class Members who wish to exclude themselves from the Class, the Settlement, its benefits, and from the release of claims pursuant to the Settlement must submit a Request for Exclusion. To be effective, a Request for Exclusion must be valid and timely. To be valid, a Request for Exclusion must: (a) identify the full name and address of the Putative Class Member requesting exclusion; (b) be dated and personally signed (original or electronic signatures accepted) by the Putative Class Member or responsible individual requesting exclusion, or by a person documented to be acting under valid power of attorney, guardianship, or other legal authority to sign on behalf of the Putative Class member or his estate; and (c) contain a statement that reasonably indicates a desire to be excluded from the Settlement. The following statement shall be deemed to meet the requirement of subpart (c) of the preceding sentence: "I want to opt out of the Settlement Class certified in the *Bleachtech v. UPS* case." Additionally, the Request for Exclusion must provide EITHER the unique I.D. number(s) contained in an email or contained on a postcard sent by the Settlement Administrator to the Putative Class Member OR the UPS account number(s) of such Putative Class Member. Requests for Exclusion that do not meet these requirements will not operate to exclude a Class member from the Settlement. Mass or class opt-outs will not be allowed.

9.2      To be timely, the Request for Exclusion must be emailed or postmarked no later than thirty (30) Days before the Final Approval Hearing (the "opt-out deadline"). If the opt-out deadline would otherwise fall on a Sunday or federal holiday, the opt-out deadline shall be the next day that is not a Sunday or federal holiday. The opt-out deadline shall be stated in the Short Form Notice, Postcard Notice, and in the Long Form Notice. Request for Exclusion Forms shall be available for download from the Settlement Website and, upon request by a Class Member, made available by the Settlement Administrator through First Class Mail. A Class Member who

19

submits a valid and timely Request for Exclusion is not eligible to receive any payment or credit under this Agreement.

9.3     The Settlement Administrator shall promptly log each Request for Exclusion that is received and shall forward copies of the log and all such Requests for Exclusion to Class Counsel and counsel for Defendant within fifteen (15) business days after the opt-out deadline.

9.4     Within seven (7) business days after the opt-out deadline fixed for Putative Class Members to request exclusion from the Class, Class Counsel and counsel for Defendant shall forward to the Settlement Administrator copies of any Requests for Exclusion received by them.

9.5     UPS, at its sole discretion, has the right (but not the obligation) to terminate the Settlement Agreement if (1) the Exclusion Percentage amounts to 5% or more of the total claim points available to the Settlement Class, as calculated by the Settlement Administrator; and (2) UPS notifies Class Counsel in writing that it has elected to terminate the Settlement Agreement within seven (7) Days of notice of the Exclusion Percentage from the Settlement Administrator (after the opt-out deadline passes). If the Settlement Agreement is terminated, it will be deemed null, void, and unenforceable.

**10.    OBJECTIONS**

10.1    Class Members who do not request exclusion from the Class may object to the Settlement. Class Members who choose to object to the Settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties, as set forth in more detail in below. Any Class Member who submits a valid objection may appear at the Final Approval Hearing in person, by video or audio feed if the Court so orders, or by counsel and be heard to the extent permitted under applicable law and allowed by the Court, concerning the fairness, reasonableness and adequacy of the Settlement, and on Class Counsel's application for Service Award, of attorneys' fees, and reimbursement of costs and expenses. The

right to object to the Settlement must be exercised individually by a Class Member and, except in the case of a deceased or incapacitated Class Member or where a Class Member is represented by counsel, not by another Person acting or purporting to act in a representative capacity.

10.2     To be considered valid, an objection must: (1) clearly identify the case name and number "*BleachTech v. UPS,* Case No. 2:14-cv-12719"; (2) be filed with the Court no later than thirty (30) Days before the Final Approval Hearing; (3) be postmarked and mailed to Class Counsel and Defendant's Counsel at the addresses listed in the Long Form Notice no later than thirty (30) Days before the Final Approval Hearing (unless the Class Member filed an objection via the Court's ECF system, such that copies will be transmitted electronically to these counsel); (4) set forth the full name, current address, and telephone number, and the unique I.D. number assigned by the Settlement Administrator of the objecting Class Member; (5) set forth a statement of the position the Class Member wishes to assert, including the factual and legal grounds for the position; (6) state whether the Class Member intends to appear and requests to be heard, in person or through counsel, at the Final Approval Hearing, and set forth the names and a full summary of testimony of any witnesses that the Class Member might want to call in connection with the objection; (7) provide copies of all documents that the Class Member wishes to submit in support of his or her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Class Member; (9) identify by case name, case number and court each class action settlements objected to by the Class Member and his or her counsel (if any) in the last three years; and (10) include the Class Member's signature. If a Class Member, their counsel, or any person with whom they are working in bringing the objection has objected to a class action settlement on more than three occasions, the Class Member shall, (i) list all cases in which such objections were filed, and by whom; (ii) state the outcome of the objection; (iii) state the amount of money, if any, paid in connection with the objection to

objector, to their counsel, or to anyone else, including by whom such payment was made and whether it was disclosed to the court overseeing the proposed settlement. Only objections fulfilling these requirements will be deemed adequate.

10.3    Any Class Member who does not file a timely and adequate notice of intent to object in accordance with this section waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement. To the extent any Class Member objects to the Settlement, and such objection is overruled in whole or in part, such Class Member will be forever bound by the Judgment of the Court.

10.4    Counsel for the Parties may seek expedited leave from the Court to depose an objector prior to the scheduled Final Approval (Fairness) Hearing if such objector does not voluntarily agree thereto, and may request expedited production of information and things prior to the deposition of any nonprivileged matter that is relevant to the objection and proportionate to the needs of the case.

## 11.    FINAL APPROVAL

11.1    If the Court preliminarily approves the Settlement Agreement, Class Counsel shall submit a motion for final approval of the Settlement by the Court, as well as a motion for attorneys' fees, expenses, and any requested Service Award, at a date set by the Court, but no later than forth-five (45) Days before the Final Approval Hearing. The Parties may submit supplemental memoranda in support of the motions for final Settlement approval and for attorneys' fees, expenses, and Service Awards at a date set by the Court, but no later than seven (7) Days before the Final Approval Hearing.

11.2    The Notice to the Class shall contain a date, time, and location for the Final Approval Hearing to be conducted by the Court, subject to later change by the Court. The Parties shall jointly request the Court to set a Final Approval Hearing 75 Days from the date the Court

enters an order granting preliminary approval of the Settlement Agreement, but not before 100

Days after Class Counsel files the Motion for Preliminary Approval of the Settlement.

11.3    If the Court finally approves the Settlement as fair, reasonable, and adequate, the

Parties shall jointly ask the Court to enter a Judgment substantially in the form of Exhibit A,

attached, which shall, *inter alia*:

> (a)    Certify the Settlement Class;
>
> (b)    Grant final approval to the Settlement Agreement as fair, reasonable, and
>
> adequate, in good faith and in the best interests of the Class, and order the Parties to carry
>
> out the provisions of this Settlement Agreement;
>
> (c)    Grant the Injunctive Relief set forth in this Settlement Agreement; and
>
> (d)    Reserve continuing jurisdiction by the Court to preside over any ongoing
>
> proceedings relating to this Settlement Agreement and the Injunctive Relief contemplated
>
> herein.

## 12.    CREDITS AND PAYMENTS

12.1    Class Members will be entitled to only their per claim point distribution,

described above in Section 3.2, subject to verification by the Settlement Administrator.

12.2    Payments will be made to Class Members either via Active Account credit or via

physical check mailed to the last known address, as outlined in Section 3.2 of this Agreement.

12.3    The Settlement Administrator shall mail distribution checks to be drawn on the

Net Settlement Fund to Class Members without Active Accounts no later than sixty (60) days

after the Effective Date; provided, however, that in no event will such payments be made until

the Settlement Common Fund is fully funded by Defendant, pursuant to Section 3.1.1 above, and

the appropriate per claim point distribution amount is determined.

12.4    Other than any Service Award, the payments or credits set forth above shall be the

only payments or credits to which any Class Member will be entitled pursuant to this Settlement Agreement.

### 13.    RELEASES

13.1    The Releasing Parties (as defined in Section 1.2(y) above), upon the Effective Date, hereby fully and irrevocably release and forever discharge the Released Parties (as defined in Section 1.2(x) above), from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, including any claim under any federal or state law, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any claim under any federal or state law, asserted or which could have been asserted arising from or relating to allegations in the Complaint or an incremental charge for the first $100 of declared value on a package tendered for shipment before December 29, 2013, where the declared value charge was above the minimum charge (collectively the "Released Claims"). Notwithstanding the foregoing, nothing in the Agreement shall release any claim by a shipper arising from or relating to charges for protection other than for the first $100 of declared value for carriage. The Released Claims specifically encompass all packages shipped by any Class Member before December 29, 2013, including packages shipped prior to January 1, 2011, and specifically exclude packages shipped after December 29, 2013.

13.2    Class Representative, on behalf of itself and all Class Members, hereby waives any and all provisions, rights, and benefits conferred by section 1542 of the California Civil Code or any comparable statutory or common law provision of any other jurisdiction, including, but not limited to Michigan. California Civil Code Section 1542 reads as follows:

<u>Certain Claims Not Affected By General Release</u>:

24

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

Class Representative, on behalf of itself and of all Class Members, expressly acknowledges that Class Representative and the Class Members are waiving the protections of section 1542 and of any comparable statutory or common law provision of any other jurisdiction, including Michigan.

13.3    Subject to the Court's entry of the Judgment, the Released Parties hereby completely release any and all claims and causes of action they may have had against the Plaintiff and Class Counsel relating to the Litigation.

13.4    Notwithstanding the entry of Judgment and without affecting the finality of same, the Court shall retain jurisdiction of the Litigation until such time as the Court determines that the Settlement is fully consummated according to the terms and conditions of this Agreement.

**14.    AMENDMENT**

14.1    This Agreement may be modified, amended or supplemented only by written agreement signed by or on behalf of all Parties and, if such modification, amendment or supplement is to be executed and become effective subsequent to the entry of the Preliminary Approval Order, only with the approval of the Court.

**15.    AUTOMATIC TERMINATION OF SETTLEMENT AGREEMENT AND TERMINATION RIGHTS**

15.1    If, for any reason, this Settlement Agreement does not become final on terms substantially similar to those submitted, or if such approval is reversed or substantially altered on appeal, and if each Party does not agree to any such substantial modification:

(a)    Except as expressly stated herein, this Settlement Agreement and all

25

judicial rulings made pursuant to the provisions of this Settlement Agreement (including all rulings regarding either Class certification or the Class Action Fairness Act) shall automatically become null and void and have no further force or effect, and all proceedings that have taken place with regard to this Settlement Agreement and the Settlement shall be without prejudice to the rights and contentions of the Parties hereto;

(b)      This Settlement Agreement, all of its provisions (including, without limitation, any provisions concerning Class certification), and all negotiations, statements, and proceedings relating to this Settlement Agreement shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective positions as of September 1, 2020.

(c)      This Settlement Agreement, any provision of this Settlement Agreement, and the fact of this Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever in the Litigation or any other proceeding except as may be necessary to account for the lapse of time due to the Settlement proceedings. Information produced or conveyed in the course of mediation shall remain confidential and subject to the confidentiality terms of the Court's mediation orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

(d)      The Common Settlement Fund, net of any Settlement Notice and Administration Expenses paid or incurred, shall be promptly transferred to the Defendant. This section shall survive any termination of this Settlement Agreement.

## 16.     INCORPORATION OF EXHIBITS

16.1    All exhibits attached hereto are hereby incorporated by reference as though set forth fully herein and are a material part of this Settlement Agreement. Any notice or other exhibit attached hereto that requires approval of the Court must be approved without substantial

change from its current form in order for this Settlement Agreement to become effective, unless the Parties agree in writing to such changes.

### 17.    GOVERNING LAW AND COMPLIANCE WITH TERMS OF SETTLEMENT AGREEMENT

17.1    All questions with respect to the construction of this Settlement Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of Michigan, without giving effect to its law of conflicts of laws.

### 18.    NO ADMISSION OF WRONGDOING OR THE VALIDITY OF ANY DEFENSE

18.1    Defendant has indicated its intent vigorously to contest each and every claim in the Litigation, and continues vigorously to deny all of the material allegations in the Litigation. Defendant enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Defendant nonetheless has concluded that it is in its best interests that the Litigation be settled on the terms and conditions set forth in this Settlement Agreement in light of the expense that would be necessary to defend the Litigation, the benefits of disposing of protracted and complex litigation, and the desire of Defendant to conduct its business unhampered by the distractions of continued litigation.

18.2    Neither the execution and delivery of this Settlement Agreement nor compliance with its terms shall constitute an admission or concession by Defendant of the truth of any of the allegations in the Litigation, or of any fault, liability, or wrongdoing of any kind by the Defendant. Defendant expressly denies fault and liability. Moreover, the Parties agree that this Settlement is not, and shall not be represented as, a concession of any weakness or flaw in Plaintiff's claims or of the validity of any defense.

18.3    To the extent permitted by law, this Settlement Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for claims covered by the releases in this Agreement.

## 19.    PREPARATION OF SETTLEMENT AGREEMENT, SEPARATE COUNSEL, AND AUTHORITY TO ENTER SETTLEMENT AGREEMENT

19.1    The Parties and their counsel have each participated and cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any Party as drafter of the Settlement Agreement.

19.2    The Parties each acknowledge that they have been represented by counsel of their own choice throughout all of the negotiations that led to the execution of this Settlement Agreement and in connection with the preparation and execution of this Settlement Agreement.

19.3    The Parties each represent and warrant that each of the Persons executing this Settlement Agreement is duly empowered and authorized to do so.

## 20.    HEADINGS

20.1    The headings contained in this Settlement Agreement are for reference only and are not to be construed in any way as part of the Settlement Agreement.

## 21.    COUNTERPARTS AND AUTHORIZATION

21.1    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties did not sign the same counterparts.

## 22.    ENTIRE AGREEMENT

22.1    This Settlement Agreement represents the entire agreement between the Parties

28

with respect to the subject matter hereof and supersede all prior contemporaneous oral and

written agreements and discussions. Each of the Parties covenants that it has not entered into this

Settlement Agreement as a result of any representation, agreement, inducement or coercion,

except to the extent specifically provided herein. Each Party further covenants that the

consideration recited herein is the only consideration for entering into this Settlement Agreement

and that no promises or representations of another or further consideration have been made by

any Person.

### 23.     CONFIDENTIALITY

23.1    Any and all negotiations related to the Settlement and the Agreement will remain

strictly confidential and shall not be discussed with anyone other than the Class Representative

and UPS, their retained attorneys, their accountants and financial or tax advisers, auditors,

retained consultants, the Court and its staff, and the mediator Hon. Gerald E. Rosen (Ret.) and

his staff, unless otherwise agreed to by Class Counsel and UPS or unless otherwise ordered by

the Court.

### 24.     DOCUMENTS AND DISCOVERY

24.1    Within sixty (60) Days after the Effective Date, Class Counsel agrees to take steps

necessary to destroy or erase all documents and data provided by UPS in the Litigation. Upon

request from UPS, Class Counsel shall certify in writing to UPS their compliance with this

section. Nothing in this section or the Agreement shall prohibit Class Counsel from retaining a

case file, including all pleadings, motion papers, court filings, deposition transcripts, legal

memoranda, correspondence, notes, and work product, so long as any exhibits to such documents

that contain documents or data marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

continue to be treated as such under the Protective Orders in this case. Further, nothing in this

section or in the Agreement shall prohibit Class Counsel from retaining the identifying

29

information of all Settlement Class Members, nor from contacting those persons, as Class

Counsel's clients, regarding this Settlement.

**25.    NOTICE**

25.1    All notices, requests, demands, and other communications to the Parties or their

counsel required or permitted to be given pursuant to this Settlement Agreement shall be in

writing and shall be emailed and mailed postage prepaid by First Class U.S. Mail to the

following persons at their addresses as set forth as follows:

**<u>Plaintiff's and Class Counsel</u>**

Andrew J. McGuinness
ANDREW J. MCGUINNESS, ESQ.
P O Box 7711
Ann Arbor, MI  48107-7711
drewmcg@topclasslaw.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave. Ste. 200
Cleveland, OH  44113
dkaron@karonllc.com

Sanford P. Dumain
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY  11530
sdumain@milberg.com

**<u>Counsel for Defendant United Parcel Service, Inc.</u>**

Gregory B. Koltun
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
gkoltun@mofo.com

25.2    The notice recipients and addresses designated in Section 25.1 above may be

changed by written notice pursuant to this Section.

WHEREFORE, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the last date of execution by all undersigned representatives of the Parties.

___/s/ Richard L. Immerman_____          Date: August 20, 2021

By:  Richard L. Immerman
Title: President

**Authorized Representative of Plaintiff and Class Representative BleachTech L.L.C.**

____/s/ Jill Termini_____ _____          Date: August 20, 2021

By:  Jill Termini

Title:  Senior Attorney, UPS Corporate Legal

**Authorized Representative of United Parcel Service, Inc.**

APPROVED AS TO FORM:

___/s/ Andrew McGuinness_____          Date: August 20, 2021

ANDREW J. MCGUINNESS, ESQ.

**Plaintiff's and Class Counsel**

___/s/ Gregory Koltun_____ _____          Date: August 20, 2021

Gregory Koltun
MORRISON & FOERSTER LLP

**Counsel for United Parcel Service, Inc.**

LIST OF EXHIBITS

A.      (Proposed) Judgment

B       Long Form Notice

C       Short Form Notice & Postcard Notice

D       Form of Publication Notice

E.      (Proposed) Preliminary Approval Order

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and
on behalf of all others similarly
situated,

Case No. 14-12719 DPH-RSW

Honorable Denise Page Hood

Plaintiff

v.

UNITED PARCEL SERVICE, INC., an
Ohio Corporation,

Defendant.

## [PROPOSED] JUDGMENT

The parties having submitted a duly executed Amended Class Action

Settlement seeking to settle this action on a classwide basis, the Court having

entered a separate Opinion and Order finally approving certification of this action

as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3)

("Opinion and Order"), and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS

FOLLOWS:

1.      This Judgment incorporates the capitalized terms and their definitions

as set forth in the Settlement Agreement, attached as Exhibit A and incorporated

herein.

2.      The Court has jurisdiction over the subject matter of this action,

Plaintiff, individually and as Class Representative, the Class Members, and

Defendant.

3.     The Class Notice constituted the best notice practicable under the

circumstances and fully complied with the requirements of due process, Federal

Rule of Civil Procedure 23, and all applicable statutes and laws.

4.     For the reasons given in the Opinion and Order, the Court finds that

the Settlement Agreement is in all respects, fair, reasonable, adequate, and in the

best interest of the Class. Any objections to the settlement have been considered

and are hereby overruled. Accordingly, the settlement is approved. The Court

hereby enters final Judgment approving the settlement as set forth in the Settlement

Agreement.

5.     The Court hereby directs the Parties, their counsel, and the Settlement

Administrator to implement and consummate the settlement in accordance with the

terms of the Settlement Agreement and this Court's orders.

6.     Pursuant to Federal Rule of Civil Procedure 23, the Court finally

certifies, for settlement purposes only, the Settlement Class defined as follows:

> Except as excluded below, all persons or entities who, from January 1,
> 2011, through December 29, 2013 (the "Class Period"), tendered to
> UPS (or paying party if the package was billed to a different account
> than the shipper) one or more U.S. origin packages under contract
> with UPS with a declared value in excess of $300 charged pursuant to
> UPS's published non-Retail rates or in excess of $200 charged
> pursuant to UPS's published Retail rates.

Specifically excluded from the scope of the Class are any packages with a declaration of value that was later voided, any packages shipped under an account of a The UPS Store location, and any packages shipped through any other Third-Party Retailer (as defined by the July 8, 2013, UPS Tariff/Terms and Conditions of Service—United States, attached as Exhibit A to Plaintiff's Amended Complaint) to the extent the claim is asserted by a customer of such Third-Party Retailer, which packages will not be deemed Covered Packages. Also excluded is any entity in which Defendant has or had a controlling interest or that has a controlling interest in Defendant and all The UPS Store locations, and all other authorized UPS shipping agents and partners, including authorized outlets, to the extent packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Also excluded are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submitted a valid Request for Exclusion or was found by the Court to have adequately opted out of the Class.

7.     All Persons who are included within the definition of the Settlement Class and who did not properly file Requests for Exclusion are hereby bound by

this Judgment and by the settlement. Attached as Exhibit B to this Judgment is a list setting forth the name of each Person who the Court finds has properly submitted a Request for Exclusion from the Class. The Persons identified shall not be entitled to benefits from the settlement and are not bound by this Judgment.

8.     The Court further finds that all Class Members and Releasing Parties who have not timely and properly excluded themselves shall, by operation of this Judgment, do fully and irrevocably release and forever discharge the Released Parties, from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, including any claim under any federal or state law, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any claim under any federal or state law, asserted or which could have been asserted arising from or relating to allegations in the Complaint or an incremental charge for the first $100 of declared value on a package tendered for shipment before December 29, 2013, where the declared value charge was above the minimum charge (collectively the "Released Claims"). Notwithstanding the foregoing, nothing in the Agreement or this Judgment shall release any claim by a shipper arising from or relating to charges for protection other than for the first $100 of declared value for carriage. The Released Claims

specifically encompass all packages shipped by any Class Member before

December 29, 2013, including packages shipped prior to January 1, 2011, and

specifically exclude packages shipped after December 29, 2013.

9.     For a period of three years from the date of the signing of the

Settlement Agreement, UPS is hereby enjoined as follows:

(a)     United Parcel Service, Inc., in its U.S. Rate and Service Guides shall

include the following text in the "fee" column of its Declared Value for Carriage

pricing tables:

| | |
|---|---|
| – Value from $100.01 to $300.00 | [fee in dollars] |
| – Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared) | [fee in dollars] |

(c)     Without limiting the generality of the foregoing, the following

example[1] will be deemed compliant with the foregoing Injunctive Relief:

---

[1] All dollar figures—including without limitation the incremental declared value charge and minimum declared value charge—shown in this example are illustrative only, and not mandated by this Judgment.

| Available Options | Description | Fee | |
|---|---|---|---|
| Declared Value for Carriage | – UPS's liability for loss or damage for each domestic package or international shipment, or to each pallet in a UPS Worldwide Express Freight® Midday or UPS Worldwide Express Freight® shipment is limited to $100.00 without a declaration of value.<br>– The maximum declared value is $50,000.00 per package/$100,000.00 per pallet shipped via UPS Worldwide Express Freight Midday and UPS Worldwide Express Freight services. UPS's liability for loss or damage can be increased up to $50,000.00 per package or $100,000.00 per pallet by making a declaration of value for an additional charge (subject to terms and conditions). Certain domestic packages are eligible for the enhanced maximum declared value of $70,000.00, subject to restrictions set forth in the "UPS Tariff/Terms and Conditions of Service – United States" available at ups.com/terms and also set forth in "Maximum Declared Values" on page 8.<br>– Declarations of value from $100.01 to $300.00 are subject to a charge of $3.45. Declarations of value over $300.00 incur a charge for each $100.00 (or portion of $100.00) of the total value declared, including the first $100.00. For example, a declaration of $950.00 value incurs a charge of $11.50 (10 times $1.15).<br>– For international shipments with a declared value of more than $50,000.00, multiply the total declared value by the rate to determine the declared value charge for the shipment.<br>– For packages tendered to a UPS driver with a declared value amount of more than $1,000.00, the shipper must retain a high-value shipment summary signed by the driver. The UPS Shipping System provides this form when the shipping label is requested.<br>– Declared value charges can be included in charges billed to receivers or third parties. | – Value from $100.01 to $300.00<br><br>– Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared)<br><br>– For international shipments with a declared value of more than $50,000.00: $0.009 times the declared value | $3.45<br><br><br><br>$1.15 |

(b)     UPS may during the period when this injunction is in effect notify
Class Counsel of a proposed change of the language or format of the language
required by such Injunctive Relief to reflect changes in the law or a change in
UPS's business practices (including, for example, changes in the appearance or
format of the U.S. Rate and Service Guide). Font or type size do not require
advance notice; nor does a change to reflect a change in declared value pricing that
does not assess a charge for the first increment of protection (currently $100). If
Class Counsel notifies UPS Counsel within seven (7) Days of an objection to the
proposed change, and the objection cannot be resolved amicably, UPS may seek
leave of Court on shortened notice prior to its proposed modification(s), or, at
UPS's option and sole expense, any dispute regarding the proposed change shall be
resolved through expedited mediation with the Hon. Gerald Rosen (Ret.) or other

mediator mutually agreeable to the parties.

10.     The Court hereby grants Class Counsel's request for attorneys' fees in the amount of $_____, representing ____% of the Settlement Common Fund. The Court next grants Class Counsels' application for reimbursement of costs and expenses in the amount of $_____. Finally, the Court awards a Service Award to the Class Representative in the amount of $_____. The Settlement Administrator is hereby directed to pay each of these amounts from the Settlement Common Fund as provided in the Settlement Agreement. Fifty percent of reasonable costs of Notice and administration of the settlement will be paid from the Settlement Common Fund; UPS will pay the other fifty percent.

11.     In accordance with Section 3.2.4 of the Settlement Agreement, Class Members with an Active Account with UPS shall receive their calculated distribution of the Net Settlement Fund via account credit. These account credits will be issued by UPS no later than 45 days after this settlement's Effective Date. As to Class Members who do not use their credits, UPS will attempt to locate the Class Member and pay the unused credits in accordance with UPS's regular business practices as to credit balances in inactive accounts. UPS will in no event retain unused credits.

12.     For Class Members who do not have an Active Account with UPS, the Settlement Administrator is directed to distribute checks to these Class

Members in the amount of their share of the Net Settlement Fund in accordance with Sections 3.2.6 and 12.3 of the Settlement Agreement.

13.   Distribution checks uncashed after 90 days, shall constitute "Unused Class Funds." Unused Class Funds will be donated to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, as *cy pres* award, or such other suitable non-profit organization as recommended by Class Counsel and approved by the Court.

14.   Neither this Judgment, the Settlement Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, or any related document shall be used as an admission of any act or omission by UPS or any Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by UPS or any other Released Parties, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

15.   The Parties are authorized without further approval from the Court to agree to such amendments or modifications of the Settlement Agreement and all of its exhibits as shall be consistent in all respects with this Judgment and do not limit the rights of Class Members.

16.     Without affecting the finality of this Judgment, this Court retains

jurisdiction to enforce and administer the settlement.

**IT IS SO ORDERED.**

Dated: _____, 2021            _____
                                        Hon. Denise Page Hood
                                        United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| BLEACHTECH L.L.C., on behalf of itself and all others similarly situated, | Case No. 2:14-cv-12719 |
| Plaintiff, | Hon. Denise Page Hood |
| vs. | CLASS ACTION |
| UNITED PARCEL SERVICE, INC., an Ohio Corporation, | |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,**
**FINAL APPROVAL HEARING, AND MOTION FOR**
**ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This notice ("Notice") advises you of the proposed Class Action Settlement ("Settlement") of the class action lawsuit, *Bleachtech LLC v. United Parcel Service*, Case No. 2:14-cv-12719 (E.D. Mich.) ("Lawsuit"). In the Lawsuit, Plaintiff seeks relief on behalf of itself and all persons or entities who, from January 1, 2011, through December 29, 2013, tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates. In such instances, Plaintiff alleges UPS breached its and Class Members' shipping contracts by overcharging them for the first $100 of declared value for such shipments. UPS denies all allegations of wrongdoing.

Plaintiff's claims ("Class Claims") are described more fully below. You may have received a postcard notice or email if UPS's records reflect that you are a member of the proposed Settlement Class (defined below).

**PLEASE READ THIS NOTICE CAREFULLY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION.**
**YOU HAVE NOT BEEN SUED.**

This case concerns UPS's shipping contract where a shipper, like Plaintiff, purchased additional protection for loss of damage beyond the $100 protection provided by UPS without additional charge. UPS's shipping contract allows shippers to increase UPS's liability beyond $100 by declaring a higher value and paying an additional incremental charge "for each $100.00 (or portion of $100.00) of the total value declared." Plaintiff alleges that from January 1, 2011, through December 29, 2013, UPS breached its shipping contract with Plaintiff and Class Members by

applying the incremental charge to the total value that Plaintiffs declared instead of only to that portion of declared value over $100.

UPS maintains it did not breach its contracts with Plaintiff and Class Members and denies all allegations of wrongdoing. The Court has not determined whether the allegations made by Plaintiffs are correct.

To resolve the Lawsuit, UPS has agreed to pay as part of a Settlement Common Fund $4,850,000, and to pay one-half of the settlement administration expenses, including notice costs. Class Members who do not exclude themselves from the Settlement will be paid from the Net Settlement Fund, via checks to Class Members without active UPS accounts and via credits to Class Members with active UPS accounts. As part of the Settlement, UPS will also stipulate to injunctive relief in the form of changes to language in its applicable U.S. Rate and Service Guides for three years.

**The Settlement resolves all claims against UPS and applies to all members of the Class who do not exclude themselves from the Class by the opt-out deadline.**

The Court in charge of the case still must decide whether to approve the Settlement. The payments and other settlement terms described above will happen only if the Court approves the Settlement and that approval is upheld if there are any appeals. This process is explained in greater detail below.

Your legal rights are affected if you are a member of the Settlement Class, whether or not you act.

**"Settlement Class" means:**  Except as excluded below, all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates.

The Settlement Class excludes:

    a.  Any shipments with a declaration of value that was later voided.

    b.  Any packages shipped under an account of a The UPS Store.

    c.  Any entity in which UPS has or had a controlling interest or which has a controlling interest in UPS.

    d.  The UPS Store locations, and all other UPS Third Party Retailers, including authorized shipping outlets, to the extent their packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide.

    e.  UPS's legal representatives, assigns, and successors.

    f.  The Court and any member of its staff.

    g.  Any Putative Class Member who timely submits a valid Request for Exclusion or is

found by the Court to have adequately opted out of the Class.

**Identification of Other Key Terms:** This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Settlement Agreement signed by the parties (the "Settlement Agreement"). The Settlement Agreement, and additional information with respect to the Lawsuit and the Settlement, is available at **www.UPSdeclaredvaluesettlement.com**. If you do not have access to the Internet, you may obtain a copy of the Settlement Agreement by writing to the Settlement Administrator at the address below.

**Reasons for the Settlement:** The Settlement resolves all claims in the Lawsuit against UPS regarding UPS's charges for protection for the first $100 of declared value for carriage. The Settlement is not, and should not be construed as, an admission of any fault or liability whatsoever by UPS, which continues to deny all allegations of wrongdoing. The Plaintiff and Class Counsel believe the proposed Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class. The Plaintiff and Class Counsel believe the Settlement provides substantial benefits to all Settlement Class Members as compared to the risks, significant litigation costs, and delays of proceeding with the Lawsuit.

**Identification of Settlement Administrator and Class Counsel:** The Settlement Administrator is Epiq Class Action & Claims Solutions, Inc. You should first try to answer any questions you may have about the Settlement or the Lawsuit by reviewing the information available on the website for this Settlement, www.UPSdeclaredvaluesettlement.com, or by calling 1-888-XXX-XXX. You can also write to the Settlement Administrator at the following address:

> UPS Declared Value Settlement Administrator
> P O Box XXX
> Portland, OR XXXXX-XXXX

The Court has preliminarily appointed the following attorneys as Class Counsel: Andrew J. McGuinness, Esq. of Ann Arbor, Michigan, Karon LLC of Cleveland, Ohio, and Milberg Phillips Grossman LLP of New York, New York.

**Please do not contact the Court about this settlement**; its personnel will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THE POST CARD OR EMAIL NOTICE WAS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED, YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY, ALTHOUGH YOU MAY HIRE AN ATTORNEY AT YOUR OWN EXPENSE IF YOU SO CHOOSE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING TO RECEIVE YOUR SETTLEMENT BENEFITS. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT | |
|---|---|
| NO ACTION IS NECESSARY. | If you want to remain in the Settlement Class and do not wish to object to the Settlement, you do not need to do anything. |
| YOU CAN OPT OUT by [Date], 2021. | If you do not want to be part of the Settlement Class or to participate in the Settlement, you can exclude yourself ("opt out") by following the instructions below. You must opt out by the deadline to preserve claims you may have against UPS that are being released or resolved as part of the Settlement. |
| CLASS MEMBERS CAN OBJECT NO LATER THAN [Date], 2021]. | If do not opt out and you wish to object to any part of the Settlement, you can write to the Court and explain why you do not like the Settlement. |
| CLASS MEMBERS CAN ATTEND THE HEARING ON [Date] 2021, BY FILING A NOTICE OF INTENTION TO APPEAR NO LATER THAN [Date], 2021. | If you have not opted out and have submitted a written objection to the Court, you can ask to address the Court about the fairness of the Settlement during the Final Approval Hearing. You may enter your appearance in Court through an attorney (at your own expense) if you wish. |
| | |

## WHAT THIS NOTICE CONTAINS

**Summary of Settlement** ........... 5
**Basic Information** ........... 6
1. Why did I get the postcard or email notice ........... 6
2. What is the lawsuit about? What has happened so far? ........... 7
3. Why is this case a class action? ........... 8
4. Why is there a Settlement? ........... 8
**Who Is In The Settlement?** ........... 8
5. How do I know whether I am part of the Settlement? ........... 8
**The Settlement Benefits – What you Get** ........... 9
6. What does the Settlement provide? ........... 9
7. How will the Settlement be distributed? ........... 9
8. How much will my payment be? ........... 10
9. When will I Receive my payment? ........... 10

**Questions? Visit www.UPSdeclaredvaluesettlement.com or call 1-888-XXX-XXXX.
DO NOT CALL THE COURT as it cannot answer your questions.**

10. What rights am I giving up in the Settlement? .......................................................... 10

**The Lawyers Representing You** ................................................................................. **11**

11. Do I have a lawyer in the case? ................................................................. 10

12. How will the lawyers be paid? ................................................................... 10

**Excluding Yourself From the Settlement** ................................................... **11**

13. Can I exclude myself from the Settlement? .............................................. 11

14. If I do not exclude myself from the Class, can I sue UPS for the same thing later?  ........11

15. If I exclude myself, can I get money from this Settlement? ...................... 12

**Objecting to the Settlement** ....................................................................... **12**

16. How do I tell the Court if I don't like the Settlement? ............................. 12

17. What is the difference between objecting and requesting Exclusion? ....................... 13

**The Court's Final Approval Hearing** ........................................................ **14**

18. When and where will the Court decide whether to approve the Settlement? ............ 14

19. Do I have to attend the hearing? ............................................................... 15

20. May I speak at the hearing? ....................................................................... 15

**If You Do Nothing** ........................................................................................ **14**

21. What happens if I do nothing at all? .......................................................... 15

**Getting More Information** ........................................................................... **15**

22.  How do I get more information? ................................................................ 15

As discussed more fully below, the Lawsuit was filed against UPS in federal district court in Detroit, Michigan. The named plaintiff ("Named Plaintiff" or "Class Representatives") is BleachTech LLC.

A copy of the Amended Complaint and other documents relevant to this Settlement are available at www.UPSdeclaredvaluesettlement.com.

## SUMMARY OF SETTLEMENT

The Settlement Class is defined above, and generally consist of all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates. The Settlement provides monetary benefits to the Settlement Class of $4,850,000 into a Settlement Common Fund, and UPS will also pay one-half of the settlement administration and notice costs. In addition, the Settlement provides changes to the language of UPS's U.S. Rate and Service Guide's pricing tables for at least three years.

Class Counsel believe the Settlement provides substantial benefits to the Class. UPS disputes that it has overcharged under the language of its U.S. Rate and Service Guides, and a jury might agree. Moreover, UPS asserts that only claims dating back 180 days or less from December 29, 2013,

5

**Questions? Visit www.UPSdeclaredvaluesettlement.com or call 1-888-XXX-XXXX.**
**DO NOT CALL THE COURT as it cannot answer your questions.**

potentially qualify for Plaintiff's claim as opposed to those dating back to January 1, 2011, which is the scope of the Settlement Class.

As with any litigation, the Parties would face an uncertain outcome if the case were to continue. Continued litigation of this case may result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or result in no recovery at all. Throughout the Lawsuit, Plaintiff and UPS have disagreed on liability and damages. UPS denies all allegations of wrongdoing. Plaintiff disagrees.

Class Counsel represent that, among other things, (1) they have conducted an extensive investigation into the facts, circumstances, and legal issues associated with the allegations made in this case; (2) they believe, based on the risks of litigation, the time necessary to achieve a complete resolution through litigation, the complexity of the claims set forth in the Amended Complaint, and the benefit accruing to Class Members under the Settlement, that the Settlement will provide a substantial benefit to the Settlement Class, and that, when that benefit is weighed against the risks of continuing the Litigation, the Settlement represents a reasonable, fair, and adequate resolution of the claims presented; and (3) they believe the Settlement will provide the Settlement Class with much of the benefits and protections they would have received if the case were litigated to a conclusion and Plaintiff prevailed.

UPS has denied, and continues to deny, the validity of all claims asserted in the Amended Complaint. The Settlement is not evidence of liability of any type. Plaintiff, on the other hand, continues to deny the validity of all defenses asserted by UPS. Nevertheless, the Parties have taken into account the uncertainty and risks inherent in the Lawsuit and have concluded that it is desirable that the Lawsuit be fully and finally settled on the terms and conditions set forth in the Settlement Agreement solely to avoid further risk, significant cost, expense, and time associated with continued litigation.

## BASIC INFORMATION

### 1.   Why did I get the postcard or email notice?

If you received a postcard or email or learned of one addressed to you associated with this class action, then according to UPS's records during the Class Period you contracted with UPS to ship one or more packages on which you purchased additional protection for loss or damage from UPS over $100 and are a member of the Settlement Class (or paid charges for such packages).

The Court has directed that postcard and/or email notice be sent to you, and that this Class Notice be made available to you because as a potential member of the Settlement Class you have a right to know about the proposed Settlement before the Court decides whether to approve it. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, UPS will provide to the Class the $4,8500,000 and additional monetary relief in the form of payment of one-half of settlement administration and notice costs, as described in this Class Notice and as detailed in the Settlement Agreement.

This Notice explains generally the case, the Settlement, and your legal rights. It also informs you of a hearing (the "Final Approval Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and to consider Class Counsel's application for their attorneys' fees and reimbursement of litigation expenses, as well as an application for any service awards for the Class Representative.

The Final Approval Hearing will be held at [_____ p.m. on Date], 2021, before the Honorable Denise Page Hood, Courtroom 701, in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231, W. Lafayette Blvd., Detroit, Michigan. The Court may schedule the hearing via video conference or teleconference. At or following the hearing, the Court will determine:

(a) Whether the Settlement Class should be certified as a class under the requirements of Federal Rules of Civil Procedure 23;

(b) Whether the Settlement Class has received adequate notice of the Settlement to satisfy due process;

(c) Whether the requirements of the Class Action Fairness Act have been satisfied;

(d) Whether the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(e) Whether final judgment approving the Settlement Agreement should be entered;

(f) Whether to grant a Service Award to Plaintiff as the Class Representative, and, if so, the amount; and

(g) Whether to award attorneys' fees and litigation expenses to counsel who represent members of the Settlement Class and, if so, in what amounts.

This Notice is not an expression of the Court's opinion on the merits of any claim in this case, and the Court still needs to decide whether to approve the Settlement. If the Court approves the Settlement, the payments by UPS described above will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year.

## 2.  What is the lawsuit about? What has happened so far?

On July 11, 2014, plaintiffs Joe Solo and BleachTech filed a putative class action complaint against UPS in the United States District Court for the Eastern District of Michigan, Case No. 2:14-cv-12719. On December 30, 2020, with leave of Court, BleachTech filed an Amended Complaint that excluded Joe Solo as a party, and Mr. Solo is not party to the Settlement Agreement between Plaintiff BleachTech and UPS.

Plaintiff's Amended Complaint alleges that UPS breached its contracts with Plaintiff and Class Members and seeks compensatory, declaratory, and injunctive relief. Plaintiff seeks relief on behalf of itself and all persons or entities who, during the Class Period, tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates. In such instances, Plaintiff alleges UPS breached its and Class Members' shipping contracts by overcharging them for the first $100 of declared value for such shipments. UPS denies Plaintiff's allegations and denies that it committed any wrongdoing.

The Parties and Class Counsel have been actively engaged in this and related litigation for almost seven years. UPS has filed several motions to dismiss Plaintiff's claims. Three appeals to the United States Court of Appeals for the Sixth Circuit have occurred. The Parties have taken depositions. Written discovery has also occurred, and counsel for the Parties have engaged in and

attempted to resolve numerous discovery disputes related to written discovery. Counsel for both sides have reviewed voluminous documents produced in response to their contentious discovery requests. The discovery process has involved substantial expense to UPS in its gathering and review of documents and electronically stored information.

The Parties participated in three mediation sessions before the Hon. Gerald E. Rosen (Ret.), on June 27, 2018, June 26, 2020, and September 1, 2020. At the third session, the Parties reached an agreement in principle to settle the Litigation on the terms set forth in the Settlement Agreement. This process led to a Settlement Agreement signed by the Parties on [Date], 2021.

The Settlement is the product of intensive, arm's length negotiations between Class Counsel and UPS's Counsel, with the assistance of an experienced third-party mediator.

### 3. Why is this case a class action?

In a class action, one or more plaintiffs, called "named plaintiff," or (where a class is certified) "class representative," sue on behalf of people who have similar claims. In this case, the Court has determined that it will likely be able to certify the Settlement Class at or after the Final Approval Hearing. The Class Representative (Named Plaintiff) is seeking relief on behalf of the Settlement Class. All the individuals on whose behalf the Class Representative is suing are "Class Members," and they are also referred to in this Notice as members of the Settlement Class. If the Court approves the proposed Settlement, it will resolve the claims of all Class Members on the issues raised in this case. The Honorable Denise Hood Page, Chief United States District Judge for the Eastern District of Michigan, is presiding over this Lawsuit. The Lawsuit seeks relief on behalf of UPS customers nationwide.

In this case, the Named Plaintiff is BleachTech LLC, and it is Class Representative for purposes of this Settlement.

### 4. Why is there a Settlement?

Under the proposed Settlement, the Court will not decide the merits of the case in favor of either the Plaintiff or UPS. By agreeing to a Settlement, Plaintiff and UPS avoid the significant costs, risks, and delays of litigating the Lawsuit.

This Settlement is the product of extensive arm's length negotiations between Class Counsel and UPS's Counsel, including utilizing the services of an experienced mediator. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Class.

### WHO IS IN THE SETTLEMENT?

### 5. How do I know whether I am part of the Settlement?

The Court has preliminarily certified this case as a class action for settlement purposes only. You are a member of the Settlement Class if, from January 1, 2011, through December 29, 2013, you tendered to UPS (or you paid for a package to be tendered to UPS if the package was billed to a different account than the shipper) a U.S. origin package under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates. You may have received a postcard or email from the Settlement Administrator or seen a notice published on the internet if you are a member of the Settlement Class.

If you believe you may be a member of the Settlement Class but did not receive a postcard or email notice, immediately contact the Settlement Administrator by mail or phone to confirm from a review of the applicable records whether you are Settlement Class member.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.  What does the Settlement provide?**

The Settlement provides monetary and non-monetary benefits to the Settlement Class.

Under the Settlement, UPS will make a $4,850,000 payment to a Settlement Common Fund, less the amount that will be distributed via account credit. The Settlement Common Fund also includes UPS's separate payment of 50% of settlement administration costs, including notice costs. UPS will pay the cash payment initially into an interest-bearing account to be established by the Settlement Administrator upon final approval of the Settlement. UPS will issue account credits to Class Members with active UPS accounts. The Settlement Administrator will distribute checks to Class Members who no longer have an active UPS account. The amounts paid (by check or account credit) to each Class Member will be made from the Net Settlement Fund on per claim point basis. This means that, based on data supplied from UPS's records, Class Members will receive two claim points for each Covered Package shipped between July 1, 2013, and December 29, 2013. Class Members will receive one claim point for each Covered Package shipped between January 1, 2011, and June 30, 2013. Class Members who do not exclude themselves from the settlement will not receive compensation for packages shipped prior to January 1, 2011. The Settlement Administrator or UPS will allocate the amount remaining in the Settlement Common Fund after payment of attorneys' fees, litigation expenses, any service awards, and settlement administration expenses, to each Class Member based upon such Class Member's combined claim points relative to the total number of claim points.

Checks issued to Class Members for their settlement payment that remain uncashed after 90 days will constitute "Unused Class Funds." Unused Class Funds will be donated to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, including recovery of overcharges of consumers by companies, as a *cy pres* award, or such other suitable non-profit organization as recommended by Class Counsel and approved by the Court.

UPS has also agreed to an injunction requiring certain negotiated changes to the language of its applicable U.S. Rate and Service Guides for three years. Specifically, all future UPS published pricing guides and/or price lists shall include the following text in the "fee" column of its Declared Value for Carriage pricing tables:

| | |
|---|---|
| – Value from $100.01 to $300.00 | [fee in dollars] |
| – Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared) | [fee in dollars] |

After the Settlement becomes final, and during the three-year injunctive relief period, UPS may notify Class Counsel of a proposed change in language or format to reflect changes in the law or a change in UPS's business practices. Font or type size do not require advance notice; nor does a change to reflect a change in declared value pricing that does not assess a charge for the first increment of protection (currently $100). If Class Counsel timely objects to the proposed change and the Parties cannot resolve the dispute, then UPS may seek leave of Court to modify the language or pay for the Parties to resolve the dispute through mediation.

Once the Settlement becomes effective, payment will be credited to Class Members' active accounts or paid by check to Class Members with no active accounts.

The above description of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement, which is available at www.UPSdeclaredvaluesettlement.com.

### 7. How will the Settlement be distributed?

This Settlement provides for a non-reversionary common fund settlement, whose net proceeds are to be distributed by the Settlement Administrator and UPS to Class Members. Claims forms are not required; however, Class Members may be required reasonably to (1) attest to the number of Covered Packages they shipped between January 1, 2011, and June 30, 2013, or (2) verify their identity and payment information to the Settlement Administrator if UPS's records are not sufficient to verify the same.

Class Members with Active Accounts with UPS will receive an account credit. These account credits will be issued by UPS no later than 45 days after the Effective Date, as defined in the Settlement Agreement available on the website. If such account credits are not applied (used), UPS will attempt to refund the unused credits in accordance with UPS's regular business practices as to unused account credits. No unapplied account credits will be retained by UPS. UPS shall document by amount and Class Member each account credit issued and certify under oath or declaration the total amount of such credits within 10 days of issuing the credits.

For Class Members who do not have Active Accounts, the Settlement Administrator shall mail checks to each such Class Member for its, his, or her distribution. Distribution checks will be good for 90 days after the date on the check.

### 8. How much will my payment be?

You will receive a share of the Net Settlement Fund on a per claim point basis based on your number of Covered Packages shipped during the Class Period relative to the total such Covered Packages. Class Members will receive two claim points for each Covered Package shipped between July 1, 2013, and December 29, 2013. Class Members will receive one claim point for each Covered Package shipped between January 1, 2011, and June 30, 2013. The Settlement Administrator will divide the Net Settlement Fund by the total number of claim points earned by the Class to determine the value of one claim point ("Claim Point Value"). Each Class Member will be entitled to a share of the Net Settlement Fund equal to the number of claims points that Class Member is entitled to multiplied by the Claim Point Value. The amount of payment per Claim Point Value is unknown at this time.

**9.  When will I Receive my Payment?**

The Court will hold a hearing on **[Date], 2021, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain how any such appeal will be resolved, and resolving them can take time, perhaps more than a year. After any approval by the Court and assuming that any appeals are decided favorably, it may take several months for the Settlement Administrator to pay the ultimate distribution amounts.

**10.  What rights am I giving up in the Settlement?**

If the Settlement is approved, the Court will enter a judgment. This judgment, when it becomes effective, will fully, finally, and forever release all claims asserted or which could have been asserted by Class members against UPS and its past or present employees, agents, officers, directors, shareholders, insurers, attorneys, advisors, consultants, representatives, parents, subsidiaries, affiliates, joint venturers, and divisions, and each of their predecessors, successors, heirs, and assigns (the "Released Parties") based upon the facts alleged in the Complaint. These claims described above are referred to as the "Released Claims." Class Members will release claims as to packages shipped before December 29, 2013, including before January 1, 2011, but not packages shipped after December 29, 2013.  See Section 13 of the Settlement Agreement, available at www.UPSdeclaredvaluesettlement.com for details of the release.

**THE LAWYERS REPRESENTING YOU**

**11.  Do I have a lawyer in the case?**

Andrew J. McGuinness of Andrew J. McGuinness, Esq., Daniel R. Karon of Karon LLC, and Sanford P. Dumain of Milberg Phillips Grossman LLP, represent Plaintiff and the Settlement Class ("Class Counsel"). You will not be charged by any lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12.  How will the lawyers be paid?**

At the Final Approval Hearing, Class Counsel will apply for an award of attorneys' fees from the Settlement Common Fund, as defined in the Settlement Agreement. The application for attorneys' fees will not exceed 33⅓ % calculated as a percentage of the total Settlement Common Fund (i.e., before deduction of any litigation expenses, settlement administration costs, or other amounts). Class Counsel will also seek reimbursement of litigation costs and any settlement administration expenses they incur from the Settlement Common Fund. These applications are subject to approval by the Court, which may award amounts less that those requested.

To date, Class Counsel have not received any payment for their services in prosecuting this case on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. The fees requested by Class Counsel would compensate Class Counsel for their unpaid efforts over seven years to achieve this Settlement for the benefit of Class Members and for their risk in undertaking this representation on a contingency basis.

Class Counsel may also seek approval at the Final Approval Hearing for payment of a service award of up to $5,000 to BleachTech, the Named Plaintiff and Class Representative. Any approved attorneys' fees, expenses, service awards, and one-half of settlement administration costs will be paid from the Settlement Common Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13.  Can I exclude myself from the Settlement?

Yes. If you exclude yourself ("opt out"), you will not be eligible to receive any credit or cash payment and will not be bound by any judgment or release of claims against UPS under the Settlement.

To opt out Settlement Class members must submit a timely and valid Request for Exclusion. To be timely, the Requests for Exclusion must be emailed or postmarked no later than thirty (30) days before the Final Approval Hearing (the "opt-out deadline"). To be valid, a Request for Exclusion must: (a) identify the full name and address of the Putative Class Member requesting exclusion; (b) be dated and personally signed (original or electronic signatures accepted) by the Putative Class Member or responsible individual requesting exclusion, or by a person documented to be acting under valid power of attorney, guardianship, or other legal authority to sign on behalf of the Putative Class member or his estate; (c) identify the unique ID of the notice received or UPS account numbers under which shipments were made (or paid); and (d) contain a statement that reasonably indicates a desire to be excluded from the settlement.

The following statement shall be deemed to meet the requirement of subpart (c) of the preceding sentence: "I want to opt out of the Settlement Class certified in the *BleachTech v. UPS* case." Additionally, the request for exclusion must provide the unique I.D. number contained on a postcard or email sent by the Settlement Administrator to the potential Settlement Class member; the UPS account number; and the full name and address of the Settlement Class Member. Requests for Exclusion that do not meet these requirements will not operate to exclude a Class member from the Settlement. Mass or class opt-outs will not be allowed.

Please mail requests for exclusion to:

> UPS Declared Value Settlement Administrator
> P O Box XXX
> Portland, OR XXXXX-XXXX

Please email requests for exclusion to: _____

Only Class members who do not opt out may object to the Settlement.

### 14.  If I do not exclude myself from the Class, can I sue UPS for the same thing later?

No. Unless you exclude yourself from the Class by submitting a timely and valid Request for Exclusion as detailed above, you may not bring a lawsuit or claim in any forum asserting any of the Released Claims against UPS.

### 15.  If I exclude myself, can I get money from this Settlement?

No. But you will retain any right you may have to bring a lawsuit, to continue to pursue an existing lawsuit, or to be part of a different lawsuit asserting a Released Claim against UPS.

## OBJECTING TO THE SETTLEMENT

### 16.  How do I tell the Court if I don't like the Settlement?

Class Members who do not request exclusion from the Class may object to the Settlement. Class Members who choose to object to the settlement must file written notices of intent to object with

the Court and serve copies of any such objection on counsel for the Parties. The written objection and supporting papers must: (1) clearly identify the case name and number "*BleachTech  v. UPS,* Case No. 2:14-cv-12719"; (2) be filed with the Court no later than 30 Days before the Final Approval Hearing; (3) be postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses listed in this Notice no later than 30 Days before the Final Approval Hearing, (unless the Class Member filed an objection via the Court's ECF system, such that copies will be transmitted electronically to these counsel); (4) set forth the full name, current address, and telephone number, and the unique I.D. number assigned by the Settlement Administrator of the objecting Class Member; (5) set forth a statement of the position the Class Member wishes to assert, including the factual and legal grounds for the position; (6) state whether the Class Member intends to appear and requests to be heard, in person or through counsel, at the Final Approval Hearing, and set forth the names and a summary of testimony of any witnesses that the Class Member might want to call in connection with the objection; (7) provide copies of all documents that the Class Member wishes to submit in support of his or her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Class Member; (9) identify by case name, case number and court each class action settlements objected to by the Class Member and his or her counsel (if any) in the last three years; and (10) include the Class Member's signature. If a Class Member, their counsel, or any person with whom they are working in bringing the objection has objected to a class action settlement on more than 3 occasions, the Class Member shall, (i) list all cases in which such objections were filed, and by whom; (ii) state the outcome of the objection; (iii) state the amount of money, if any, paid in connection with the objection to objector, to their counsel, or to anyone else, including by whom such payment was made and whether it was disclosed to the court overseeing the proposed settlement. Only objections fulfilling these requirements will be deemed adequate.

The addresses for filing objections with the Court and service on counsel are listed below. Written objections must be filed with the Court and mailed to the counsel listed below (postmarked or sent via fax or served via the Court's ECF system) by no later than [Date], 2021:

CLERK OF COURT:

> Clerk's Office
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd., Room 564
> Detroit, MI  48226

CLASS COUNSEL:

> Andrew J. McGuinness
> ANDREW J. MCGUINNESS, ESQ.
> P O Box 7711
> Ann Arbor, MI  48107
> Fax: (734) 786-9935

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave. Ste. 200
Cleveland, OH  44113
Fax: (216) 241-8175

Sanford P. Dumain
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY  11530
Fax: (212) 868-1229

COUNSEL FOR UPS:

Gregory B. Koltun
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
Fax: (310) 892-5454

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY MEMBER OF THE SETTLEMENT CLASS WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO THE NAMED PLAINTIFF.**

## 17.  What is the difference between objecting and requesting Exclusion?

Objecting is simply telling the Court you do not like something about the proposed Settlement. Objecting does not prevent you from participating and recovering money in the Settlement. But you can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 18.     When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **[Time, on Date], 2021, at the United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit, Michigan, Courtroom No. 716. The Court may schedule the Final Approval Hearing via videoconference or teleconference. Check the settlement website for updates.

14

## YOU DO NOT NEED TO ATTEND THE FINAL APPROVAL HEARING.

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses and service award to the Plaintiff. It is unknown how long the hearing or these decisions will take.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. You are welcome to attend at your own expense. If you file and mail an objection, you do not have to attend the hearing to talk about it. If you filed and served on counsel for the Parties your objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. At your own expense, you may also have your own lawyer attend the Final Approval Hearing, but such attendance is not necessary.

**20. May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely objection, you may ask the Court for permission to speak during the Final Approval Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Approval Hearing in *BleachTech v. UPS*, Case No. 2:14-cv-12719." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be served on the attorneys listed in Paragraph 16, above, postmarked no later than **[Date] 2021, and must also be filed with the Clerk of the Court no later than **[Date], 2021.

The Final Approval Hearing may be delayed by the Court without further notice to the Class. If you wish to attend the hearing, you should confirm the date and time on the settlement website or check with Class Counsel.

## IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you do nothing and you are a Class member, your claims against UPS will be released if the Settlement is approved.

## GETTING MORE INFORMATION

**22. How do I get more information?**

This Notice summarizes the proposed Settlement. Full details of the Settlement are set forth in the Settlement Agreement. You may read or download a copy of the Settlement Agreement at the Settlement website at the URL provided in this Notice, by calling the listed toll-free number, or by making a written request and mailing it to the Settlement Administrator. Copies of the Settlement Agreement, as well as the motion seeking preliminary approval of the Settlement and the Preliminary Approval Order, may be viewed at www.UPSdeclaredvaluesettlement.com. **Do not call UPS or the Court with questions about the settlement.**

DATED:          [Date], 2021                    By Order of the Court
                                                Hon. Denise P. Hood
                                                United State District Judge

**Questions? Visit www.UPSdeclaredvaluesettlement.com or call 1-888-XXX-XXXX.**
**DO NOT CALL THE COURT as it cannot answer your questions.**

# EXHIBIT C

UPS Declared Value Settlement Administrator
PO Box _____
[City], [State]  [Zip]

PRESORTED
FIRST-CLASS
MAIL
US POSTAGE
**PAID**
CITY, ST
PERMIT #000

## Important Notice About a Class Action Settlement



<<BARCODE>>

<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

www.UPSdeclaredvaluesettlement.com 1-888-XXX-XXXX

Legal Notice                                                                                           Legal Notice

**If, from January 1, 2011, through December 29, 2013, you shipped directly with UPS a U.S. origin package with a declared value in excess of $300 pursuant to UPS's published non-Retail rates or in excess of $200 pursuant to UPS's published Retail rates, you might be eligible for a payment from a class action settlement.**

A Settlement has been reached in a class action lawsuit involving UPS's charges for its declared value service, which covers liability for loss or damage over $100 for parcels shipped pursuant to UPS's published shipping rates. UPS's shipping contract allows shippers to increase UPS's liability limit by declaring a higher value and paying an additional charge "for each $100.00 (or portion of $100.00) of the total value declared." Plaintiff alleges that from January 1, 2011, through December 29, 2013, UPS breached its shipping contract with Plaintiff and Class Members by applying the incremental charge to the total value that shippers declared instead of only to that portion of declared value over $100. UPS denies all allegations of wrongdoing. The Court has not determined whether the allegations are correct.

**Who's Included?** The Class includes all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200

charged pursuant to UPS's published Retail rates. Excluded from the class are customers who shipped packages through The UPS Store franchises or other Third-Party Retailers as more fully described in the Settlement Agreement and full Notice available at the website below.

**What Are the Settlement Terms?** UPS has agreed to pay $4,850,000 into a Settlement Common Fund and to pay one-half of the settlement administration expenses, including notice costs. The Settlement Common Fund will be used to pay costs, expenses, any service award to the Class Representative, and attorneys' fees. UPS has also agreed to language changes to its Rate and Service Guides.

**How Can I Get a Payment?** Payments owed to Class Members with an active UPS account will receive an account credit. If a Class Member no longer has an active UPS account, the payment will be paid by check. Class Members do not need to file a claim.

**Your Rights May Be Affected.** If you do not want to be bound by the Settlement, you must exclude yourself by **[Date, 2021]**. If you do not exclude yourself, you will release claims you may have against UPS as more fully described in the

Settlement Agreement and full Notice available at the website listed below.

If you stay in the Class you may object to the Settlement by **[Date, 2021].** The full Notice explains how to exclude yourself from the Class or object to the Settlement. The Court will hold a hearing on **[Date, 2021]** (subject to change) to consider whether to approve the Settlement and request for attorneys' fees of up to one-third of the total Settlement Common Fund, plus expenses, and a Class Representative service award of up to $5,000. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call 1-888-xxx-xxxx or visit **www.UPSdeclaredvaluesettlement.com.**

UPS Declared Value Settlement Administrator
PO Box _____
[City], [State]  [Zip]


Important Notice About a Class Action Settlement

| | |
|---|---|
| **If, from January 1, 2011, through December 29, 2013, you shipped directly with UPS a U.S. origin package with a declared value in excess of $300 pursuant to UPS's published non-Retail rates or in excess of $200 pursuant to UPS's published Retail rates, you might be eligible for a payment from a class action settlement.** | <<MAIL ID>><br><br><<NAME LINE 1>><br><<NAME LINE 2>><br><<ADDRESS LINE 1>><br><<ADDRESS LINE 2>><br><<CITY, STATE ZIP>><br><<COUNTRY>> |

A Settlement has been reached in a class action lawsuit involving UPS's charges for its declared value service, which covers liability for loss or damage over $100 for parcels shipped pursuant to UPS's published shipping rates. UPS's shipping contract allows shippers to increase UPS's liability limit by declaring a higher value and paying an additional charge "for each $100.00 (or portion of $100.00) of the total value declared." Plaintiff alleges that from January 1, 2011, through December 29, 2013, UPS breached its shipping contract with Plaintiff and Class Members by applying the incremental charge to the total value that shippers declared instead of only to that portion of declared value over $100. UPS denies all allegations of wrongdoing. The Court has not determined whether the allegations are correct.

**Who's Included?** The Class includes all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates. Excluded from the class are customers who shipped packages through The UPS Store franchises or other Third-Party Retailers as more fully described in the Settlement Agreement and full Notice available at the website below.

**What Are the Settlement Terms?** UPS has agreed to pay $4,850,000 into a Settlement Common Fund and to pay one-half of the settlement administration expenses, including notice costs. The Settlement Common Fund will be used to pay costs, expenses, any service award to the Class Representative, and attorneys' fees. UPS has also agreed to language changes to its Rate and Service Guides.

**How Can I Get a Payment?** Payments owed to Class Members with an active UPS account will receive an account credit. If a Class Member no longer has an active UPS account, the payment will be paid by check. Class Members do not need to file a claim.

**Your Rights May Be Affected.** If you do not want to be bound by the Settlement, you must exclude yourself by **[Date, 2021]**. If you do not exclude yourself, you will release claims you may have against UPS as more fully described in the Settlement Agreement and full Notice available at the website listed below.

If you stay in the Class you may object to the Settlement by **[Date, 2021]**. The full Notice explains how to exclude yourself from the Class or object to the Settlement. The Court will hold a hearing on **[Date, 2021]** (subject to change) to consider whether to approve the Settlement and request for attorneys' fees of up to one-third of the total Settlement Common Fund, plus expenses, and a Class Representative service award of up to $5,000. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call 1-888-xxx-xxxx or visit **www.UPSdeclaredvaluesettlement.com**.

# EXHIBIT D

## *BleachTech v. UPS*

## Banner Advertisement

300x250 Online Display Banner

Frame 1 (Visible 6.5 seconds):               Frame 2 (Visible 4.5 seconds):



Frame 3 (Visible 4 seconds):



## *BleachTech v. UPS*

728x90 Online Display Banner

Frame 1 (Visible 6.5 seconds):



Frame 2 (Visible 4.5 seconds):



Frame 3 (Visible 4 seconds):



# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and
on behalf of all others similarly
situated,

Case No. 14-12719 DPH-RSW

Honorable Denise Page Hood

        Plaintiff

v.

UNITED PARCEL SERVICE, INC., an
Ohio Corporation,

        Defendant.

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CONDITIONAL CLASS ACTION SETTLEMENT AND DIRECTING CLASS NOTICE

WHEREAS, Plaintiff, BleachTech LLC, and Defendant, United Parcel

Service, Inc., an Ohio Corporation (the "Parties") have entered into an Amended

Class Action Settlement Agreement ("Settlement Agreement") subject to the

Court's final approval;

WHEREAS, Plaintiff has moved pursuant to Rule 23(e), without

Defendant's opposition, for preliminary approval of the settlement on a classwide

basis under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), conditioned

upon the Court's final approval;

WHEREAS, it appears to the Court that the settlement described in the

.

Settlement Agreement was the result of extensive arms'-length settlement negotiations between the Parties with a neutral mediator;

WHEREAS, Plaintiff asks the Court to conditionally certify the Class as defined below for settlement purposes, appoint it as class representative, and appoint class counsel; and

WHEREAS, Plaintiff asks this Court to appoint Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator to authorize class notice as detailed in the moving papers, set a Final Approval Hearing date, and authorize the Parties and Epiq Class Action & Claims Solutions, Inc. to take steps to implement the settlement subject to final approval and certification of a settlement class;

NOW THEREFORE, the Court hereby orders as follows:

1.    Plaintiff's motion for preliminary approval is granted. The Court finds, based on the parties' submissions, that the Court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the Class for purposes of judgment on the proposal.

2.    The Court hereby directs the Parties and the Settlement Administrator to notify the Class of the proposed settlement pursuant to the notice plan set forth in the Settlement Agreement, as highlighted below.

3.    ***Final Approval Hearing.*** The Final Approval Hearing will be held before this Court, **[Zoom hearing information to be obtained from Clerk, or]** in

Courtroom _____, at the United States District Court of the Eastern District of

Michigan, 231 W. Lafayette Blvd., Detroit, Michigan at __:__ _.m. on

_____, 2021, or such other place, time, and date set by the Court.

4.      Unless otherwise provided herein, the terms defined in the Settlement

Agreement shall have the same meanings in this Order.

5.      *Class.* For settlement purposes only and contingent upon Final

Approval by this Court, the Court provisionally certifies the following class:

> Except as excluded below, all persons or entities who, from January 1,
> 2011, through December 29, 2013 (the "Class Period"), tendered to
> UPS (or paying party if the package was billed to a different account
> than the shipper) one or more U.S. origin packages under contract
> with UPS with a declared value in excess of $300 charged pursuant to
> UPS's published non-Retail rates or in excess of $200 charged
> pursuant to UPS's published Retail rates.

Specifically excluded from the scope of the Class are any packages with a

declaration of value that was later voided, any packages shipped under an

account of a The UPS Store location, and any packages shipped through any

other Third-Party Retailer (as defined by the July 8, 2013, UPS Tariff/Terms

and Conditions of Service—United States, attached as Exhibit A to

Plaintiff's Amended Complaint) to the extent the claim is asserted by a

customer of such Third-Party Retailer, which packages will not be deemed

Covered Packages. Also excluded is any entity in which Defendant has or

had a controlling interest or that has a controlling interest in Defendant and

all The UPS Store locations, and all other authorized UPS shipping agents and partners, including authorized outlets, to the extent packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Also excluded are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submitted a valid Request for Exclusion or was found by the Court to have adequately opted out of the Class.

6.   ***Appointments.*** The Court appoints BleachTech LLC provisionally as Class Representative. The Court appoints Andrew J. McGuinness, Daniel R. Karon, and Sanford P. Dumain as interim Class Counsel pursuant to Rule 23(g)(3).

7.   ***Notice.*** The Court approves Epiq Class Action & Claims Solutions, Inc. to serve as Settlement Administrator. Under Class Counsel's direction and in accordance with the Court's order, the Settlement Administrator will provide Notice as provided in the Settlement Agreement, respond to inquiries from potential Class Members, and receive Requests for Exclusion. Defendant will pay for fifty percent of the Settlement Administrator's reasonable services and expenses in connection with administering the settlement. The remaining fifty percent shall be paid from the Settlement Common Fund, subject to review by

Class Counsel.

8.      The Settlement Administrator shall disseminate Notice to the potential Class Members by the following means:

      a.      For all Class Members for whom Defendant has supplied an email address, the Settlement Administrator shall send via email a Short Form Notice by *[30 days after this order's entry]* (the "Notice Date").

      b.      The email Short Form Notice shall direct Class Members to the Settlement Website, www.UPSdeclaredvaluesettlement.com where the full Long Form Notice, including opt out instructions and electronic Request for Exclusion Form, is available.

      c.      For Class Members without an email address on file with Defendant or whose Short Form Notice sent via email is returned as undeliverable, the Settlement Administrator will send via United States Mail, First Class postage prepaid, a copy of the Postcard Notice by the Notice Date.

      d.      The Postcard Notice shall direct Class Members to the Settlement Website where the full Long Form Notice, including opt out instructions and electronic Request for Exclusion Form, is available.

e.  The Postcard Notice shall be sent to the last addresses provided to the Settlement Administrator by UPS.

f.  For Class Members whose Postcard Notices are returned as undeliverable, the Settlement Administrator shall use commercially reasonable efforts to locate forwarding or updated addresses and resend the Postcard Notice to such updated addresses.

g.  No later than the Notice Date, the Settlement Administrator shall implement an Internet publication notice program through the Google Display Network for 30 days duration targeting at least 14 million impressions. The Publication Notice shall use banner advertisements substantially in the form of Exhibit D to the Settlement Agreement.

h.  Defendant is responsible for notifying the appropriate federal and state officials of this Settlement Agreement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

i.  No fewer than 15 days before the Final Approval Hearing, the Settlement Administrator shall provide the following information to counsel for the Parties:

  i.  The number of email Short Form Notices sent to Putative Class Members;

      ii. The number of Postcard Notices sent to Putative Class Members;

      iii. The approximate number of visits to the Settlement Website from the date of this Order's entry;

      iv. Any information about objections to the settlement that the Settlement Administrator has not previously forwarded;

      v. Any other tracking information reasonably requested by either Party's counsel; and

      vi. A report stating the number of Putative Class Members who have submitted timely and valid Requests for Exclusion, including a listing of the names and addresses of such Opt Outs, and reporting the number of claim points allocated to the Putative Class Members who have submitted timely and valid Requests for Exclusion divided by the total claim points available to the Settlement Class, as calculated by the Settlement Administrator (the "Exclusion Percentage").

    j.    Class Counsel shall file the list of Opt-Outs not less than seven (7) days before the Final Approval Hearing. Class Counsel's submission shall differentiate between valid Opt-Outs and invalid Opt-Outs as determined by the Settlement Administrator.

    9.    The Court finds that the dissemination of Notice in the manner described above constitutes reasonable notice and the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort, and is consistent with Federal Rule of Civil

Procedure 23 and the Due Process Clause of the United States Constitution.

10.   ***Opting Out.*** Putative Class Members who wish to exclude themselves from the Class, the Settlement, its benefits, and the release of claims pursuant to the Settlement must submit a Request for Exclusion. To be effective, the Request for Exclusion must be valid and timely.

11.   To be valid, a Request for Exclusion must:

    a.   identify the full name and address of the Putative Class Member requesting exclusion;

    b.   be dated and personally signed (original or electronic signatures accepted) by the Putative Class Member, responsible individual requesting exclusion, or person documented to be acting under valid power of attorney, guardianship, or other legal authority to sign on behalf of the Putative Class member or his or her estate;

    c.   contain a statement that reasonably indicates a desire to be excluded from the settlement. The following statement meets this requirement: "I want to opt out of the Settlement Class certified in the Bleachtech v. UPS case"; and

    d.   provide the unique I.D. number contained in the Settlement Administrator's email or postcard sent or the Putative Class Member's UPS account number(s).

12.   To be timely, the Requests for Exclusion must be emailed or postmarked no later than 30 days before the Final Approval Hearing (the "opt-out deadline"). If the opt-out deadline falls on a Sunday or federal holiday, the deadline is the next day that is not a Sunday or federal holiday.

13.   Requests for Exclusion that do not meet these requirements will not

exclude a Putative Class Member from the Settlement. Mass or class opt-outs are not allowed.

14.     The Short Form, Postcard, and Long Form Notices shall state the opt-out deadline. Request for Exclusion Forms shall be available for download from the Settlement Website and available by the Settlement Administrator through First Class Mail. A Class Member who submits a valid and timely Request for Exclusion is not eligible to receive any Settlement Benefit.

15.     The Settlement Administrator shall log all Requests for Exclusion and shall forward the log to counsel for the Parties by 15 business days after the opt-out deadline.

16.     By seven business days after the opt-out deadline, counsel for the Parties shall forward to the Settlement Administrator any Requests for Exclusion they have received.

17.     ***Objections.*** Class Members who do not request exclusion from the Class may object to the Settlement. Class Members who object must file with the Court written notices of their intent to object and must serve copies of their objection on counsel for the Parties as set forth below.

18.     Any Class Member who submits a valid objection may appear at the Final Approval Hearing in person, by video or audio feed if the Court orders, or by counsel and may be heard to the extent permitted under applicable law and allowed

by the Court concerning the fairness, reasonableness, and adequacy of the

settlement and Class Counsel's application for Service Award, attorneys' fees, and

reimbursement of costs and expenses.

19.    Class Members must individually exercise their right to object to the

settlement and, except in the case of a deceased or incapacitated Class Member or

where a Class Member is represented by counsel, not by another Person acting or

purporting to act in a representative capacity.

20.    To be considered valid, an objection must:

    a.    identify the case name and number "*BleachTech v. UPS,* Case No. 2:14-cv-12719";

    b.    be filed with the Court no fewer than 30 days before the Final Approval Hearing;

    c.    be postmarked and mailed to counsel for the Parties at the addresses listed in the Long Form Notice no fewer than 30 days before the Final Approval Hearing (unless the Class Member filed an objection via the Court's ECF system such that copies are transmitted electronically to counsel for the Parties);

    d.    set forth the full name, current address, telephone number, and unique I.D. number of the objecting Class Member assigned by the Settlement Administrator;

    e.    set forth a statement of the position the Class Member wishes to assert, including the factual and legal grounds for the position;

    f.    state whether the Class Member intends to appear and requests to be heard in person or through counsel at the Final Approval Hearing and state the names of any witnesses the Class Member might call in connection with the Objection and summarize these witnesses' testimony;

g.    provide copies to counsel for the Parties of all documents the Class Member wishes to submit in support of their position;

h.    provide the names, addresses, and phone numbers of any attorneys representing the Class Member;

i.    identify by case name, case number, and court all class action settlements objected to by the Class Member and their counsel in the last three years; and

j.    include the Class Member's signature.

17.    If a Class Member, their counsel, or any person with whom they are working in bringing the objection has objected to a class action settlement on more than three occasions, the Class Member shall:

a.    list all cases in which such objections were filed, including by whom;

b.    state the outcome of the objection;

c.    state the amount of money, if any, paid in connection with the objection to the objector, their counsel, or anyone else, and state by whom such payment was made and whether it was disclosed to the court overseeing the proposed settlement.

18.    Only objections fulfilling the foregoing requirements will be deemed adequate.

19.    Any Class Member who does not file a timely and adequate notice of intent to object in accordance with the foregoing requirements waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the settlement.

20.    To the extent any Class Member objects to the settlement and their

objection is overruled in whole or in part, the Class Member will be forever bound by the Judgment of the Court.

21.     Counsel for the Parties may seek expedited leave from the Court to depose any objector before the scheduled Final Approval Hearing if an objector does not agree to an expedited deposition. Counsel for the Parties may also request expedited production before the deposition of any nonprivileged materials relevant to the objection and proportionate to the needs of this case.

21.     ***Final Approval.*** Class Counsel shall submit a motion for final approval of the settlement by the Court, as well as a motion for attorneys' fees, expenses, and Service Award and any supporting memoranda, declarations, or other statements and materials, no later forty-five (45) days before the Final Approval Hearing. The Parties may submit supplemental memoranda in support of the motions for final settlement approval and attorneys' fees, expenses, and Service Awards no fewer than seven (7) days before the Final Approval Hearing.

22.     The Notice to the Class shall contain a date, time, and location of the Final Approval Hearing, subject to later change by the Court. A Final Approval Hearing will occur seventy-five (75) days from the date the Court enters its order granting preliminary approval of the Settlement Agreement but not less than 100 days after Class Counsel files the Motion for Preliminary Approval of the settlement.

23.   At the Final Approval Hearing the Court will consider:

a.   the fairness, reasonableness, and adequacy of the settlement and whether to approve it;

b.   whether to grant the Injunctive Relief set forth in the Settlement Agreement;

c.   whether to retain jurisdiction to enforce the Settlement and to dismiss the action with prejudice; and

d.   whether to grant Class Counsel's application for attorneys' fees, expenses, and Service Awards for the Class Representative.

24.   In the event the Settlement Agreement is terminated in accordance with its provisions, the settlement shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

25.   ***Summary of Dates.*** The following chart contains a summary of Dates and Deadlines:

| Event | Date |
|---|---|
| Defendant causes to be provided to the Settlement Administrator an Excel spreadsheet of the names and last known email addresses and mailing addresses of Putative Class Members ("Class Member List")[1] | 10 days after the date of this Order. |

---

[1] The Settlement Administrator shall maintain the confidentiality of the Class Member List, Class Member account data, or other Class Member information and shall use the information contained in the Class Member List and other Class Member information solely for purposes of implementing this Settlement or as directed by the Court.

| Event | Date |
|---|---|
| Deadline for Defendants to fund $700,000 of the Settlement Common Fund. | 15 Days after the date of this Order. |
| Deadline to disseminate Notice to the Class ("Notice Date") | 30 days after the date of this Order. |
| Plaintiff to File Motion for Final Approval and Fee and Cost Application | At least 45 days before the Final Approval Hearing. |
| Last day for objections to settlement or opposition to Motion for Final Approval and/or Application for Fees, Costs, and Service Award | 30 days before the Final Approval Hearing |
| Last day for potential Class Members to file Requests for Exclusion | 30 days before the Final Approval Hearing. |
| Counsel for the Parties to forward to the Settlement Administrator copies of any Requests for Exclusion received by them | Seven business days after the Opt-Out deadline. |
| Settlement Administrator to log each Request for Exclusion received and forward copies of the log and all Requests for Exclusion counsel for the Parties. | 15 business days after the Opt-Out deadline. |
| Settlement Administrator to provide counsel for the Parties: (1) number of email Short Form Notices it sent to Putative Class Members; (2) number of Postcard Notices it sent to Putative Class Members; (3) approximate number of visits to the Settlement Website from the date of this Order's entry; (4) any information about objections to the settlement that it has not previously forwarded; (5) any other tracking information reasonably requested by either Party's counsel; (6) a report stating the number of Putative Class Members who have submitted timely and valid Requests for | 15 Days before the Final Approval Hearing. |

| Event | Date |
|---|---|
| Exclusion, including a listing of the names and addresses of such Opt-Outs, and reporting the number of claim points allocated to the Putative Class Members who have submitted timely and valid Requests for Exclusion divided by the total claim points available to the Settlement Class, as calculated by the Settlement Administrator (the "Exclusion Percentage"). | |
| Last day for the Parties to file supplemental papers in support of Motion for Final Approval and/or Fee Cost and Service Award Applications | Seven Days before the Final Approval Hearing. |
| Deadline for Class Counsel to file report regarding Requests for Exclusion | Seven Days before the Final Approval Hearing. |
| Final Approval Hearing | *[Date]* (75 days from the date of this Order but not less than 100 days following the filing of Plaintiff's Preliminary Approval Motion). |
| Defendant to cause the amount approved by the Court for attorneys' fees and expenses and the Service Award to be paid into the Qualified Settlement Fund. | 10 Days of the Effective Date, "Effective Date" defined as the later of: (i) 37 Days after the entry of the judgment or entry of the Court's order on attorneys' fees and costs, whichever occurs later, where the time for appeal has expired and no appeal has been filed; or (ii) if any appeal, petition for rehearing, motion to reconsider, or other review of the judgment has been filed or sought, 37 Days after the judgment is affirmed without substantial or material change or the appeal is dismissed or otherwise disposed of (unless any substantial or material change is accepted by the Parties), and no other appeal, petition for rehearing, or other review is |

| Event | Date |
|---|---|
| | pending, and the time for further appeals, petitions, requests for rehearing, or other review has expired; or<br>(iii) if any appeal, petition for rehearing, motion to reconsider, or other review of the Court's order on attorneys' fees and costs has been filed or sought, 37 Days after the Court's order on attorneys' fees and costs is resolved, or the appeal is resolved, dismissed or otherwise disposed of and no other appeal, petition for rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired. |
| Settlement Administrator to divide the Net Settlement Fund by the total number of claim points calculated under Sections 3.2.1 and 3.2.2 of the Settlement Agreement to determine the value of one claim point ("Claim Point Value"). | 10 Days of the Effective Date. |
| Settlement Administrator to withdraw 50 percent of its Notice and Administration Expenses from the Settlement Common Fund. | 20 Days of the Effective Date. |
| Deadline for Settlement Administrator to pay Class Counsel Court-approved fees, expenses, and Service Award out of the Settlement Common Fund. | 20 Days of the Effective Date. |
| Defendant to cause the estimated remainder of the Cash Payment to be paid into the Qualified Settlement Fund—$4,850,000 less amounts previously paid to the Qualified Settlement Fund and less estimated Total Account Credits. | 30 days of the Effective Date. |

| Event | Date |
|---|---|
| Deadline for Defendant to issue account credits. | 45 Days after the Effective Date. |
| Deadline for Defendant to document by amount and Class Member each account credit issued and certify under oath or declaration subject to penalty of perjury the total amount of such credits. | 10 days after Defendant issues Class Members' credits. |
| Deadline for Settlement Administrator to mail checks. | 60 Days after the Effective Date or receipt of the mailing addresses from Defendant, whichever comes later. |
| Class Counsel to take steps necessary to destroy or erase all documents and data provided by Defendant. | Within 60 Days after the Effective Date. |
| Donation of Unused Class Funds (i.e., uncashed checks) to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, as *cy pres* award, or such other suitable non-profit organization as recommended by Class Counsel and approved by the Court. | 90 days after checks are mailed. |
| Injunction expires | *[Date]* (Three years after signing of the Settlement Agreement) |

**IT IS SO ORDERED.**

DATED: _____, 2021      _____

Hon. Denise Page Hood
United States District Judge

17

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| BLEACHTECH L.L.C., on behalf of itself and all others similarly situated, | Case No. 2:14-cv-12719 |
| Plaintiff, | |
| vs. | Hon. Denise Page Hood |
| UNITED PARCEL SERVICE, INC., | CLASS ACTION |
| Defendant. | |

**DECLARATION OF CAMERON R. AZARI
REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PROGRAM**

I, Cameron Azari, declare as follows:

1.      My name is Cameron R. Azari.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President with Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications ("Hilsoft"); a firm that specializes in designing, developing, analyzing, and implementing large-scale legal notification plans.  Hilsoft is a business unit of Epiq.

4.      This declaration will describe the current implementation of the Settlement Notice Program ("Notice Program" or "Notice Plan") here for *BleachTech L.L.C. v. United Parcel Service Inc.,* 2:14-cv-12719 in the United States District Court for the Eastern District of Michigan.  I previously executed my *Declaration of Cameron R. Azari, Esq. Regarding Notice Program* on August 6, 2021, which described the Notice Program, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae*.  I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## OVERVIEW

5.    On April 10, 2022, the Court approved the Notice Program designed by Hilsoft and appointed Epiq as the Settlement Administrator in the *Order Granting Preliminary Approval of Conditional Class Action Settlement and Directing Class Notice* ("Preliminary Approval Order").  In the Preliminary Approval Order, the Court provisionally certified the following Class:

> [A]ll persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates.

> Specifically excluded from the scope of the Class are any packages with a declaration of value that was later voided, any packages shipped under an account of a The UPS Store location, and any packages shipped through any other Third-Party Retailer (as defined by the July 8, 2013, UPS Tariff/Terms and Conditions of Service—United States, attached as Exhibit A to Plaintiff's Amended Complaint) to the extent the claim is asserted by a customer of such Third-Party Retailer, which packages will not be deemed Covered Packages. Also excluded is any entity in which Defendant has or had a controlling interest or that has a controlling interest in Defendant and all The UPS Store locations, and all other authorized UPS shipping agents and partners, including authorized outlets, to the extent packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Also excluded are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submitted a valid Request for Exclusion or was found by the Court to have adequately opted out of the Class.

6.    After the Court's Preliminary Approval Order was entered, we began to implement the Notice Program.  This declaration will detail the notice activities undertaken to date and explain how and why the Notice Program was comprehensive and well-suited to the Settlement Class.  This declaration will also discuss the administration activity to date.  The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Hilsoft and Epiq.

## NOTICE PROGRAM IMPLEMENTATION

7.     Federal Rules of Civil Procedure 23 directs that notice must be the best notice practicable under the circumstances.[1]  The Notice Program here satisfied this requirement.  It is anticipated that the individual notice portion of the Notice Program will reach approximately 90% of the identified members of the Settlement Class.  The reach will be further enhanced by internet banner advertising (currently running) and a Settlement Website, which were not included in the estimated reach calculation).  In my experience, this reach of the Notice Program is consistent with or exceeds other court-approved notice programs, is the best notice practicable under the circumstances of this case, and reflects the parties' "desire to actually inform" class members of the settlement.[2]

### *Individual Notice*

8.     On August 25, 2021, Epiq received four data files with the original data set from defense counsel, which contained the names and contact information for identified Class Members.  Epiq deduplicated and rolled-up records where names and addresses were an exact match and loaded the identified Class Member records into its database.  These efforts resulted in 2,151,648 identified Class Members (2,083,465 that contained valid contact information – a complete email address and/or complete mailing address, and 68,183 without a valid email or mailing address).  In total, Epiq received valid contact information for almost 97% of the Class. Of the 2,083,465 records, there were 429,453 identified Class Members with one or more valid email address(es) who were sent an Email notice and 1,654,012 identified Class Members with a valid mailing address who were sent a Postcard Notice.

---

[1] Fed. R. Civ. P. 23(c)(2)(B).

[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

*Individual Notice - Email Notice*

9.      From April 29, 2022, through May 6, 2022, Epiq sent 883,807 Email Notices to all identified Class Members for whom a facially valid email address was available (429,453 identified Class Members had one or more valid email address(es) that were sent an Email Notice).  Industry standard best practices were followed for the Email Notice efforts.  The Email Notice was drafted in such a way that the subject line, the sender, and the body of the message overcome SPAM filters and ensure readership to the fullest extent reasonably practicable.  For instance, the Email Notice used an embedded html text format.  This format provided easy to read text without graphics, tables, images, attachments, and other elements that could increase the likelihood that the message could be blocked by Internet Service Providers (ISPs) and/or SPAM filters.

10.     The Email Notices were sent from an IP address known to major email providers as one not used to send bulk "SPAM" or "junk" email blasts.  Each Email Notice was transmitted with a digital signature to the header and content of the Email Notice, which allowed ISPs to programmatically authenticate that the Email Notices are from our authorized mail servers.  Each Email Notice was also transmitted with a unique message identifier.  The Email Notice included an embedded link to the Settlement Website.  By clicking the link, recipients were able to easily access the Long Form Notice, Settlement Agreement, and other information about the Settlement. The Email Notice is included as **Attachment 1**.

11.     If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier.  For any Email Notice for which a bounce code was received indicating that the message was undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical auto-replies, etc., at least two additional attempts were made to deliver the Notice by email.

12.     After completion of the initial Email Notice efforts, 265,982 Email Notices were not deliverable.

*Individual Notice – Direct Mail*

13.     On May 11, 2022, Epiq sent 1,654,012 Postcard Notices to all identified Class Members with an associated physical mailing address for whom a valid email address was not available or an Email Notice remained undeliverable after multiple attempts.  The Postcard Notice directed the recipients to the Settlement Website where they could access additional information.  The Postcard Notice was sent via USPS first class mail.  The Postcard Notice is included as **Attachment 2**.

14.     Prior to mailing, all mailing addresses provided were checked against the National Change of Address ("NCOA") database maintained by the USPS.[3]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

15.    The return address on the Postcard Notice is a post office box that Epiq maintains for this case.  Postcard Notices returned as undeliverable are re-mailed to any new address available through USPS information, or to better addresses that are found using a third-party lookup service.  Upon successfully locating better addresses, Postcard Notices will be promptly re-mailed.

## <u>*Media Plan*</u>

### *Targeted Internet Banner Advertising*

16.     Internet advertising has become a standard component in legal notice programs.  The internet has proven to be an efficient and cost-effective method to target class members as part of providing notice of class certification and/or a settlement for a class action case.  According

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

to MRI-Simmons syndicated research, 89.5% of adults, aged 18+ in the United States are online.[4]

17.    The Notice Program includes Banner Notices in various sizes (728x90, 300x250, 300x600, and 970x250), which are currenting being placed on the advertising network, *Google Display Network*.  All Banner Notices are running on desktop, mobile, and tablet devices, distributed and targeted to adults 18+ nationwide.  Banner Notices are also targeted (remarketed) to people who visit the Settlement Website after clicking on a Banner Notice.

18.    The Internet Banner Notice effort is ongoing.  It began on May 9, 2022, and will continue through June 8, 2022.  The internet Banner Notices will generate approximately 14.5 million impressions[5] when the banner advertising efforts are complete.  At the conclusion of the internet Banner Notice effort, I will provide a supplemental declaration detailing its completion. Examples of the Banner Notices are included as **Attachment 3**.

### *Settlement Website, Toll-free Telephone Number, and Postal Mailing Address*

19.    On April 28, 2022, Epiq established a dedicated Settlement Website with an easy to remember domain name (www.UPSDeclaredValueSettlement.com).  The Settlement Website allows Class Members to obtain detailed information about the case and review key documents, including the Long Form Notice, Postcard Notice, Email Notice, Request for Exclusion Form, Amended Complaint, Plaintiff's Unopposed Motion for Preliminary Approval, Preliminary Approval Order, and Settlement Agreement, as well as answers to frequently asked questions ("FAQs").  The website address is displayed prominently on all Notice documents.  The Long Form Notice is included as **Attachment 4**.  As of May 13, 2022, there have been 5,151 unique visitor sessions to the Settlement Website and 7,365 website pages presented.

20.    On April 28, 2022, a toll-free telephone number (1-866-991-0730) was established

---

[4] MRI 2021 Survey of the American Consumer®.
[5] The third-party ad management platform, ClickCease was used to audit the digital Banner Notice ad placements.  This type of platform tracks all Banner Notice ad clicks to provide real-time ad monitoring, fraud traffic analysis, blocks clicks from fraudulent sources, and quarantines dangerous IP addresses.  This helps reduce wasted, fraudulent, or otherwise invalid traffic (*e.g.*, ads being seen by 'bots' or non-humans, ads not being viewable, etc.).

to allow Class Members to call for additional information, listen to answers to FAQs, request that a Notice be mailed to them.  The toll-free telephone number is displayed prominently on all Notice documents as well.  During normal business hours, callers also have the option to speak to a service agent.  The automated telephone system is available 24 hours per day, 7 days per week.

21.     As of May 13, 2022, there have been 221 calls to the toll-free telephone number representing 1,668 minutes of use and service agents have handled 114 incoming calls to the toll-free telephone number representing 1,628 minutes of use.

22.     A post office box for correspondence about the case was also established and is maintained, allowing Class Members to contact the Settlement Administrator by mail with any specific requests or questions.

### *Requests for Exclusion and Objections*

23.     The deadline to request exclusion from the Settlement or to object to the Settlement is May 30, 2022.  As of May 13, 2022, Epiq has received zero requests for exclusion.  As of May 13, 2022, I am not aware of any objections to the Settlement.  I will provide a supplemental declaration to the Court prior to the Final Approval Hearing to provide updated information regarding any requests for exclusion and/or objections to the Settlement.

### *CAFA Notice*

24.     On August 30, 2021, Epiq sent 54 CAFA Notice Packages ("CAFA Notice") on behalf of the Defendant, as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.  The CAFA Notice was mailed via United States Postal Service ("USPS") certified mail to 53 officials (Attorneys General of each of the 50 states, the District of Columbia, Puerto Rico, and the Virgin Islands) and the CAFA Notice was sent via United Parcel Service ("UPS") to the Attorney General of the United States.  Details regarding the CAFA Notice mailing are provided in the Declaration of Stephanie J. Fiereck, Esq. on Implementation of CAFA Notice, dated August 31, 2021, which is included as **Attachment 5**.

### <u>CONCLUSION</u>

25.     In class action notice planning, execution, and analysis, we are guided by due

process considerations under the United States Constitution, and by case law pertaining to the recognized notice standards under Fed. R. Civ. P. 23. This framework directs that the notice plan be optimized to reach the class and, in a settlement notice situation such as this, that the notice or notice plan itself not limit knowledge of legal rights—nor the ability to exercise other options— to class members in any way. All of these requirements were met in this case.

26.    It is anticipated that the individual notice portion of the Notice Program will reach approximately 90% of the identified Class Members. The reach will be further enhanced by internet banner advertising and a Settlement Website. In 2010, the Federal Judicial Center issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide. This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."[6] Here, we have developed and are currently implementing a Notice Program that will readily achieve a reach at the highest end of that standard.

27.    The Notice Program followed the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's, which is to: a) endeavor to actually inform the class, and b) demonstrate that notice is reasonably calculated to do so:

> A.    "But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950).
>
> B.    "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) citing *Mullane* at 314.

28.    As a factual manner, based upon my and Epiq's detailed work in this case, the

---

[6] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-andclaims-process-checklist-and-plain-language-guide-0.

Notice Program described in this declaration provides for the best notice practicable under the circumstances of this case consistent with Rule 23 and the guidance for effective notice set out in the Manual for Complex Litigation, Fourth.

29.     The Notice Program schedule affords sufficient time to provide full and proper notice to Class Members before the exclusion request and objection deadlines.

30.     I will provide a supplemental declaration to the Court prior to the Final Approval Hearing, which will provide updated notice and settlement administration statistics.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed on May 16, 2022, at Beaverton, Oregon.


_____
Cameron R. Azari

# Attachment 1

UPS Declared Value Settlement Administrator
P.O. Box 5370
Portland, OR 97228-5370

PRESORTED
FIRST CLASS MAIL
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

## Important Notice About a Class Action Settlement

**Unique ID:** 

**If, from January 1, 2011, through December 29, 2013, you shipped directly with UPS a U.S.-origin package with a declared value in excess of $300 pursuant to UPS's published non-Retail rates or in excess of $200 pursuant to UPS's published Retail rates, you might be eligible for a payment from a class action settlement.**

1
1

A settlement has been reached in a class action lawsuit involving UPS's charges for its declared value service, which covers liability for loss or damage over $100 for parcels shipped pursuant to UPS's published shipping rates. UPS's shipping contract allows shippers to increase UPS's liability limit by declaring a higher value and paying an additional charge "for each $100.00 (or portion of $100.00) of the total value declared." Plaintiff alleges that from January 1, 2011, through December 29, 2013, UPS breached its shipping contract with Plaintiff and Class Members by applying the incremental charge to the total value that shippers declared instead of only to that portion of declared value over $100. UPS denies all allegations of wrongdoing. The Court has not determined whether the allegations are correct.

**Who's Included?** The Settlement Class includes all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to an account different from the shipper) one or more U.S.-origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates. Excluded from the Settlement Class are customers who shipped packages through The UPS Store franchises or other Third-Party Retailers as more fully described in the Settlement Agreement and Long Form Notice available at **UPSDeclaredValueSettlement.com**.

**What Are the Settlement Terms?** UPS has agreed to pay $4,850,000 into a Settlement Common Fund and to pay one-half of the settlement administration expenses, including Notice costs. The Settlement Common Fund will be used to pay costs, expenses, any Service Award to the Class Representative, and attorneys' fees. UPS has also agreed to language changes to its Rate and Service Guides.

**How Can I Get a Payment?** Class Members with an active UPS account will receive an account credit. If a Class Member no longer has an active UPS account, the payment will be paid by check. Class Members do not need to file a claim.

**Your Rights May Be Affected.** If you do not want to be bound by the Settlement, you must exclude yourself by **May 30, 2022**. If you do not exclude yourself, you will release claims you may have against UPS, as more fully described in the Settlement Agreement and Long Form Notice available at the website listed below.

If you stay in the Settlement Class, you may object to the Settlement by **May 30, 2022**. The Long Form Notice explains how to exclude yourself from the Settlement Class or object to the Settlement. The Court will hold a hearing on **June 28, 2022** (subject to change) to consider whether to approve the Settlement and request for attorneys' fees of up to one-third of the total Settlement Common Fund, plus expenses, and a Class Representative Service Award of up to $5,000. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call **1-866-991-0730** or visit **UPSDeclaredValueSettlement.com**.

AE4012 v.08

Attachment 2

## BleachTech v. UPS Settlement Notice

Settlement Administrator (No Reply) <notice@upsdeclaredvaluesettlement.com>

Tue 4/19/2022 9:40 AM

To: ████████████████████████████████████████████

*Email Notice*

**If, from January 1, 2011, through December 29, 2013, you shipped directly with UPS a U.S. origin package with a declared value in excess of $300.00 pursuant to UPS's published non-Retail rates or in excess of $200.00 pursuant to UPS's published Retail rates, you might be eligible for a payment from a class action settlement.**

A settlement has been reached in a class action lawsuit involving UPS's charges for its declared value service, which covers liability for loss or damage over $100.00 for parcels shipped pursuant to UPS's published shipping rates. UPS's shipping contract allows shippers to increase UPS's liability limit by declaring a higher value and paying an additional charge "for each $100.00 (or portion of $100.00) of the total value declared." Plaintiff alleges that from January 1, 2011, through December 29, 2013, UPS breached its shipping contract with Plaintiff and Class Members by applying the incremental charge to the total value that shippers declared instead of only to that portion of declared value over $100.00. UPS denies all allegations of wrongdoing. The Court has not determined whether the allegations are correct.

**Who's Included?** The Class includes all Persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300.00 charged pursuant to UPS's published non-Retail rates or in excess of $200.00 charged pursuant to UPS's published Retail rates. Excluded from the class are customers who shipped packages through The UPS Store franchises or other Third-Party Retailers as more fully described in the Settlement Agreement and full Notice available at the website here.

**What Are the Settlement Terms?** UPS has agreed to pay $4,850,000.00 into a Settlement Common Fund and to pay one-half of the settlement administration expenses, including notice costs. The Settlement Common Fund will be used to pay costs, expenses, any Service Award to the Class Representative, and attorneys' fees. UPS has also agreed to language changes to its Rate and Service Guides.

**How Can I Get a Payment?** Payments owed to Class Members with an active UPS account will receive an account credit. If a Class Member no longer has an active UPS account, the payment will be paid by check. Class Members do not need to file a claim.

**Your Rights May Be Affected.** If you do not want to be bound by the Settlement, you must exclude yourself by **May 30, 2022**. If you do not exclude yourself, you will release claims you may have against UPS as more fully described in the Settlement Agreement and full Notice available at the website here.

If you stay in the Class, you may object to the Settlement by **May 30, 2022**. The full Notice explains how to exclude yourself from the Class or object to the Settlement. The Court will hold a hearing on **June 28, 2022** (subject to change) to consider whether to approve the Settlement and request for

attorneys' fees of up to one-third of the total Settlement Common Fund, plus expenses, and a Class Representative Service Award of up to $5,000.00. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call 1-866-991-0730 or visit **UPSDeclaredValueSettlement.com**.

Unique ID: ███████

AE696_v04

To unsubscribe from this list, please click on the following link: Unsubscribe

Attachment 3

NHL SCORES ▼

HOME | SCORES | SCHEDULE | STANDINGS | TEAMS | STATS | EXPERT PICKS | ODDS | ... | PLAY | WATCH | BET | PODCASTS | ALL NHL SCORES | LOG IN

CAR 2 / BOS 5 FINAL
MIN 2 / STL 5 FINAL
TOR 3 / TB 7 FINAL
EDM 0 / LA 4 FINAL

Did you ship a package before December 30, 2013 via UPS with a declared value in excess of $300 (non-Retail rates) or $200 (Retail rates)?



Avs' G Darcy Kuemper hit in eye area by stick
WAJIH ALBAROUDI

WATCH: Official hit by glass during Bruins-Hurricanes
WAJIH ALBAROUDI

Coyotes' relocation deal to ASU is complete: report
WAJIH ALBAROUDI

Shesterkin stops Rangers record 79 saves in loss
CHRIS BENGEL

Top players to watch this postseason
AUSTIN NIVISON

2022 NHL Playoffs: Each first round series ranked
AUSTIN NIVISON



Predicting first round, Stanley Cup winner
2022 NHL PLAYOFFS

Stanley Cup Playoffs: Scores, bracket, schedule

Burning questions for the Cup contenders
2022 NHL PLAYOFFS

No annual fee plus earn 5% back at Amazon.com
Learn more
prime VISA







Bruins' Brad Marchand, Derek Forbort fined $5,000 each
BY: ISABEL GONZALEZ
Marchand and Forbort got called for slashing and high-sticking, respectively, during Bosto...


Wayne Gretzky reclaims iconic quote from 'The Office'
BY: CHRIS BENGEL
The Great One wants his quote back

CBS | NHL | HOME | SCORES | SCHEDULE | STANDINGS | TEAMS | STATS | EXPERT PICKS | ODDS | ...

NHL SCORES

CAR 2 / BOS 5 FINAL
MIN 2 / STL 5 FINAL
TOR 3 / TB 7 FINAL
EDM 0 / LA 4 FINAL

**Avs' G Darcy Kuemper hit in eye area by stick**
WAJIH ALBAROUDI

**WATCH: Official hit by glass during Bruins-Hurricanes**
WAJIH ALBAROUDI

**Coyotes' relocation deal to ASU is complete: report**
WAJIH ALBAROUDI

**Shesterkin stops Rangers record 79 saves in loss**
CHRIS BENGEL

**Top players to watch this postseason**
AUSTIN NIVISON

**2022 NHL Playoffs: Each first round series ranked**
AUSTIN NIVISON



**Predicting first round, Stanley Cup winner**
2022 NHL PLAYOFFS

**Stanley Cup Playoffs: Scores, bracket, schedule**

**Burning questions for the Cup contenders**
2022 NHL PLAYOFFS

If so, you may be eligible for a payment from a class action settlement.


No annual fee plus earn 5% back at Amazon.com
Learn more › With an eligible Prime membership, terms and conditions apply
prime VISA



**Bruins' Brad Marchand, Derek Forbort fined $5,000 each**
BY: ISABEL GONZALEZ

Marchand and Forbort got called for slashing and high-sticking, respectively, during Bosto...



**Wayne Gretzky reclaims iconic quote from 'The Office'**
BY: CHRIS BENGEL

The Great One wants his quote back

Visit www.UPSdeclaredvaluesettlement.com for more information.

Avs' G Darcy Kuemper hit in eye area by stick
WAJIH ALBAROUDI

WATCH: Official hit by glass during Bruins-Hurricanes
WAJIH ALBAROUDI

Coyotes' relocation deal to ASU is complete: report
WAJIH ALBAROUDI

Shesterkin stops Rangers record 79 saves in loss
CHRIS BENGEL

Top players to watch this postseason
AUSTIN NIVISON

2022 NHL Playoffs: Each first round series ranked
AUSTIN NIVISON


No annual fee plus earn 5% back at Amazon.com
Learn more ▸
With an eligible Prime membership, terms and conditions apply
prime VISA

2022 NHL PLAYOFFS

## Predicting first round, Stanley Cup winner

## Stanley Cup Playoffs: Scores, bracket, schedule

2022 NHL PLAYOFFS

## Burning questions for the Cup contenders



## Bruins' Brad Marchand, Derek Forbort fined $5,000 each
BY: ISABEL GONZALEZ

Marchand and Forbort got called for slashing and high-sticking, respectively, during Bosto...

## Wayne Gretzky reclaims iconic quote from 'The Office'
BY: CHRIS BENGEL

The Great One wants his quote back

AccuWeather Los Angeles, CA 54° F

TODAY | HOURLY | **DAILY** | RADAR | MINUTECAST | MONTHLY | AIR QUALITY | HEALTH & ACTIVITIES

Search

Location ∨

Sponsored by Electric-Saver.com

# 1 Simple Trick That Cuts People's Electric Bill by Up To 90%



Did you ship a package before December 30, 2013 via UPS with a declared value in excess of $300 (non-Retail rates) or $200 (Retail rates)?

## Top Stories



**HURRICANE**
All eyes on coastal Atlantic for possible tropical development
5 hours ago



**WEATHER NEWS**
Bikini one day, boots the next. Suddenly, it's winter in May
2 days ago



**WEATHER FORECASTS**
Rain, snow and wind targets western US this week
4 hours ago



Podcast: Royal Meteorological Society

▲ Beach Hazards Statement

MAY 9 - MAY 20

| | | | |
|---|---|---|---|
| **MON** 5/9 | **69°** /51° | ☁️ | Some low clouds, then sun |
| **TUE** 5/10 | **68°** /49° | ☁️ | Partly sunny and cool |
| **WED** 5/11 | **67°** /50° | ☁️ | Mostly sunny and cool |
| **THU** 5/12 | **78°** /56° | ☀️ | Sunny, pleasant and warmer |

2%  2%  3%  1%

Citigold

**AD**

Sponsored by Electro-Saver.com

# 1 Simple Trick That Cuts People's Electric Bill by Up To 90%



If so, you may be eligible for a payment from a class action settlement.

AccuWeather

Los Angeles, CA 54° F

TODAY  HOURLY  DAILY  RADAR  MINUTECAST  MONTHLY  AIR QUALITY  HEALTH & ACTIVITIES

Location ⌄

Search

## Top Stories

HURRICANE
All eyes on coastal Atlantic for possible tropical development
5 hours ago

WEATHER NEWS
Bikini one day, boots the next. Suddenly, it's winter in May
2 days ago

WEATHER FORECASTS
Rain, snow and wind targets western US this week
4 hours ago

Podcast: Royal Meteorological Society weather photographer of the year

More Stories

Beach Hazards Statement

MAY 9 - MAY 20

| MON 5/9 | TUE 5/10 | WED 5/11 | THU 5/12 |
|---|---|---|---|
| ☁ 2% | ☁ 2% | ☁ 3% | ☁ 1% |
| Some low clouds, then sun | Partly sunny and cool | Mostly sunny and cool | Sunny, pleasant and warmer |
| 69° /51° | 68° /49° | 67° /50° | 78° /56° |

AD

# 1 Simple Trick That Cuts People's Electric Bill by 90%

Sponsored by Electric-Saver.com



## Visit www.UPSdeclaredvalue settlement.com for more information.



## Top Stories

HURRICANE
**All eyes on coastal Atlantic for possible tropical development**
5 hours ago

WEATHER NEWS
**Bikini one day, boots the next. Suddenly, it's winter in May**
2 days ago

WEATHER FORECASTS
**Rain, snow and wind targets western US this week**
4 hours ago

**Podcast: Royal Meteorological Society weather photographer of the year**




---

**Beach Hazards Statement**

MAY 9 – MAY 20



| | | | |
|---|---|---|---|
| **MON** 5/9 | Some low clouds, then sun | 2% | 69° /51° |
| **TUE** 5/10 | Partly sunny and cool | 2% | 68° /49° |
| **WED** 5/11 | Mostly sunny and cool | 3% | 67° /50° |
| **THU** 5/12 | Sunny, pleasant and warmer | 1% | 78° /56° |



READ MORE

Top Articles by AccuWeather

---

AccuWeather   Los Angeles, CA 54° F

TODAY   HOURLY   DAILY   RADAR   MINUTECAST   MONTHLY   AIR QUALITY   HEALTH & ACTIVITIES

Location

Search



## CNBC

MARKETS | BUSINESS | INVESTING | TECH | POLITICS | CNBC TV | INVESTING CLUB | PRO

# BUSINESS NEWS

ECONOMY | FINANCE | HEALTH | REAL ESTATE | ENERGY | CLIMATE | TRANSPORTATION | INDUSTRIALS | RETAIL | WEALTH | SMALL BUSINESS |
INVESTIGATIONS

Squawk on the Street
UP NEXT TechCheck 11:00 am ET — WATCH LIVE — Listen

Did you ship a package before December 30, 2013 via UPS with a declared value in excess of $300 (non-Retail rates) or $200 (Retail rates)?

If so, you may be eligible for a payment from a class action settlement.

Visit www.UPSdeclaredvalue settlement.com for more information.



## 5 things to know before the stock market opens Monday

Matthew J. Belvedere 26 MIN AGO



## Rivian stock plummets as Ford plans to offload 8 million shares of EV start-up

Michael Wayland 2 MIN AGO



## Your new 'retirement' home could be a cruise ship

By David Kaufman SUN, MAY 8TH 2022



## 'Doctor Strange in the Multiverse of Madness' snares $185 million in domestic debut

Sarah Whitten SUN, MAY 8TH 2022



## Bitcoin drops below $33,000 to hit its lowest level since July 2021 after stock sell-off

Arjun Kharpal AN HOUR AGO






START FREE
TRIAL
1 Month Free

USA TODAY

News | Sports | Entertainment | Life | Money | Tech | Travel | Opinion | Subscribe | Sign In

UKRAINE-RUSSIA CRISIS
Full coverage on Ukraine

STUDENT DEBT
Get loan relief

ELECTRIC VEHICLE SALES SURGE
Charging stations lag

2022 TV STATUS REPORT
Save our Shows results

Advertisement - scroll for more content

Did you ship a package before December 30, 2013 via UPS with a declared value in excess of $300 (non-Retail rates) or $200 (Retail rates)?

If so, you may be eligible for a payment from a class action settlement.

Visit www.UPSdeclaredvaluesettlement.com for more information.

## *Top Headlines*

**State Department 'closely monitoring' probe into deaths of 3 Americans at Bahamas resort**

**5 things you need to know Monday**

FOR SUBSCRIBERS
**Mariupol shows that Putin won't be able to break Ukraine's spirit**

**Internet providers to cut broadband service costs for low-income Americans**

FOR SUBSCRIBERS
**W.Va. primary puts Biden infrastructure bill against Trump endorsement**

**New Mexico wildfires: Strong winds ground firefighting aircraft, threatening more communities**

FOR SUBSCRIBERS
**A day without child care? Providers across the US are going on strike**

**'Finally home': Nick Jonas, Priyanka Chopra 'overjoyed' daughter is out of NICU**

✉ **Get the Daily Briefing in your inbox**

Advertisement



G Google Store     From $179.99

See what's



## End of Roe could be the beginning of economic damage to millions

If the Supreme Court overturns Roe v. Wade, it will have consequences in a nation that offers little child care assistance and no paid family leave.

FOR SUBSCRIBERS MONEY 5:01 a.m. ET May 9

- **Abortion ruling may spur attacks on clinics, advocates fear**
- **US would become a 'global outlier' if Roe is overturned**

FOR SUBSCRIBERS
**Strongest hurricanes getting stronger, faster as they near landfall**

The past two hurricane seasons have been busier than normal with more rapidly intensifying hurricanes, which means people should prepare even earlier

NEWS 5:00 a.m. ET May 9





**As 'Don't Say Gay' bills take hold, LGBTQ youths are 'getting crushed'**

LGBTQ students speak with USA TODAY about bills targeting classroom discussions and after-school activities around sexuality and gender identity.

EDUCATION 6:39 a.m. ET May 9

**Victory Day: No escalation from Putin; Zelenskyy vows '2 Victory Days.' Updates**

POLITICS 9:08 a.m. ET May 9

Attachment 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| BLEACHTECH L.L.C., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation,<br><br>    Defendant. | Case No. 2:14-cv-12719<br><br>Hon. Denise Page Hood<br><br>CLASS ACTION |

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This notice ("Notice") advises you of the proposed Class Action Settlement ("Settlement") of the class action lawsuit, *Bleachtech LLC v. United Parcel Service*, Case No. 2:14-cv-12719 (E.D. Mich.) ("Lawsuit"). In the Lawsuit, Plaintiff seeks relief on behalf of itself and all persons or entities who, from January 1, 2011, through December 29, 2013, tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300.00 charged pursuant to UPS's published non-Retail rates or in excess of $200.00 charged pursuant to UPS's published Retail rates. In such instances, Plaintiff alleges UPS breached its and Class Members' shipping contracts by overcharging them for the first $100.00 of declared value for such shipments. UPS denies all allegations of wrongdoing.

Plaintiff's claims ("Class Claims") are described more fully below. You may have received a postcard notice or email if UPS's records reflect that you are a member of the proposed Settlement Class (defined below).

**PLEASE READ THIS NOTICE CAREFULLY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION.**
**YOU HAVE NOT BEEN SUED.**

This case concerns UPS's shipping contract where a shipper, like Plaintiff, purchased additional protection for loss or damage beyond the $100.00 protection provided by UPS without additional charge. UPS's shipping contract allows shippers to increase UPS's liability beyond $100.00 by declaring a higher value and paying an additional incremental charge "for each $100.00 (or portion of $100.00) of the total value declared." Plaintiff alleges that from January 1, 2011, through December 29, 2013, UPS breached its shipping contract with Plaintiff and Class Members by applying the incremental charge to the total value that Plaintiffs declared instead of only to that portion of declared value over $100.00.

UPS maintains it did not breach its contracts with Plaintiff and Class Members and denies all allegations of wrongdoing. The Court has not determined whether the allegations made by Plaintiffs are correct.

To resolve the Lawsuit, UPS has agreed to pay as part of a Settlement Common Fund $4,850,000.00, and to pay one half of the settlement administration expenses, including notice costs. Class Members who do not exclude themselves from the Settlement will be paid from the Net Settlement Fund, via checks to Class Members without active UPS accounts and via credits to Class Members with active UPS accounts. As part of the Settlement, UPS will also stipulate to injunctive relief in the form of changes to language in its applicable U.S. Rate and Service Guides for three years.

**The Settlement resolves all claims against UPS and applies to all members of the Class who do not exclude themselves from the Class by the opt-out deadline.**

The Court in charge of the case still must decide whether to approve the Settlement. The payments and other settlement terms described above will happen only if the Court approves the Settlement and that approval is upheld if there are any appeals. This process is explained in greater detail below.

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**

Your legal rights are affected if you are a member of the Settlement Class, whether or not you act.

**"Settlement Class" means:** Except as excluded below, all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300.00 charged pursuant to UPS's published non-Retail rates or in excess of $200.00 charged pursuant to UPS's published Retail rates.

The Settlement Class excludes

a. any shipments with a declaration of value that was later voided;

b. any packages shipped under an account of a The UPS Store;

c. any entity in which UPS has or had a controlling interest or which has a controlling interest in UPS;

d. The UPS Store locations, and all other UPS Third-Party Retailers, including authorized shipping outlets, to the extent their packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide;

e. UPS's legal representatives, assigns, and successors;

f. the Court and any member of its staff; and

g. any Putative Class Member who timely submits a valid Request for Exclusion or is found by the Court to have adequately opted out of the Class.

**Identification of Other Key Terms:** This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Settlement Agreement signed by the parties (the "Settlement Agreement"). The Settlement Agreement, and additional information with respect to the Lawsuit and the Settlement, is available at **UPSDeclaredValueSettlement.com**. If you do not have access to the Internet, you may obtain a copy of the Settlement Agreement by writing to the Settlement Administrator at the address below.

**Reasons for the Settlement:** The Settlement resolves all claims in the Lawsuit against UPS regarding UPS's charges for protection for the first $100.00 of declared value for carriage. The Settlement is not, and should not be construed as, an admission of any fault or liability whatsoever by UPS, which continues to deny all allegations of wrongdoing. The Plaintiff and Class Counsel believe the proposed Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class. The Plaintiff and Class Counsel believe the Settlement provides substantial benefits to all Settlement Class Members as compared to the risks, significant litigation costs, and delays of proceeding with the Lawsuit.

**Identification of Settlement Administrator and Class Counsel:** The Settlement Administrator is Epiq Class Action & Claims Solutions, Inc. You should first try to answer any questions you may have about the Settlement or the Lawsuit by reviewing the information available on the website for this Settlement, UPSDeclaredValueSettlement.com, or by calling 1-866-991-0730. You can also write to the Settlement Administrator at the following address:

> UPS Declared Value Settlement Administrator
> P.O. Box 5370
> Portland, OR 97228-5370

The Court has preliminarily appointed the following attorneys as Class Counsel: Andrew J. McGuinness of Ann Arbor, Michigan; Daniel R. Karon of Cleveland, Ohio; and Sanford P. Dumain of Garden City, New York.

**Please do not contact the Court about this Settlement**; its personnel will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THE POSTCARD OR EMAIL NOTICE WAS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED, YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY, ALTHOUGH YOU MAY HIRE AN ATTORNEY AT YOUR OWN EXPENSE IF YOU SO CHOOSE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING TO RECEIVE YOUR SETTLEMENT BENEFITS. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

AE5622 v.11

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.
DO NOT CALL THE COURT, as it cannot answer your questions.**
2

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT | |
|---|---|
| **NO ACTION IS NECESSARY.** | If you want to remain in the Settlement Class and do not wish to object to the Settlement, you do not need to do anything. |
| **YOU CAN OPT OUT BY MAY 30, 2022.** | If you do not want to be part of the Settlement Class or to participate in the Settlement, you can exclude yourself ("opt out") by following the instructions below. You must opt out by the deadline to preserve claims you may have against UPS that are being released or resolved as part of the Settlement. |
| **CLASS MEMBERS CAN OBJECT NO LATER THAN MAY 30, 2022.** | If do not opt out and you wish to object to any part of the Settlement, you can write to the Court and explain why you do not like the Settlement. |
| **CLASS MEMBERS CAN ATTEND THE HEARING ON JUNE 28, 2022, BY FILING A NOTICE OF INTENTION TO APPEAR NO LATER THAN MAY 30, 2022.** | If you have not opted out and have submitted a written objection to the Court, you can ask to address the Court about the fairness of the Settlement during the Final Approval Hearing. You may enter your appearance in Court through an attorney (at your own expense) if you wish. |

## WHAT THIS NOTICE CONTAINS

SUMMARY OF SETTLEMENT ........................................................................................................**4**

BASIC INFORMATION ...............................................................................................................**5**

    1.  Why did I get the postcard or email notice?.................................................... 5
    2.  What is the Lawsuit about? What has happened so far? ................................. 5
    3.  Why is this case a class action?...................................................................... 6
    4.  Why is there a settlement?.............................................................................. 6

WHO IS IN THE SETTLEMENT?...................................................................................................**6**

    5.  How do I know whether I am part of the Settlement? ..................................... 6

THE SETTLEMENT BENEFITS – WHAT YOU GET .........................................................................**6**

    6.  What does the Settlement provide? ................................................................ 6
    7.  How will the Settlement be distributed?.........................................................7
    8.  How much will my payment be?..................................................................... 8
    9.  When will I receive my payment?................................................................... 8
    10. What rights am I giving up in the Settlement?............................................... 8

THE LAWYERS REPRESENTING YOU ..........................................................................................**8**

    11. Do I have a lawyer in the case?..................................................................... 8
    12. How will the lawyers be paid? ...................................................................... 8

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................................................**9**

    13. Can I exclude myself from the Settlement? ................................................... 9
    14. If I do not exclude myself from the Class, can I sue UPS for the same thing later? ............................... 9
    15. If I exclude myself, can I get money from this Settlement?............................ 9

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**

AE5623 v.11

3

**OBJECTING TO THE SETTLEMENT** ................................................................................................. **9**

    16.  How do I tell the Court if I don't like the Settlement? ........................................................... 9
    17.  What is the difference between objecting and requesting exclusion? ..................................... 10

**THE COURT'S FINAL APPROVAL HEARING** ............................................................................... **11**

    18.  When and where will the Court decide whether to approve the Settlement? ......................... 11
    19.  Do I have to attend the hearing? ........................................................................................... 11
    20.  May I speak at the hearing? ................................................................................................... 11

**IF YOU DO NOTHING** ................................................................................................................ **11**

    21.  What happens if I do nothing at all? ..................................................................................... 11

**GETTING MORE INFORMATION** ................................................................................................ **11**

    22.  How do I get more information? ............................................................................................ 11

As discussed more fully below, the Lawsuit was filed against UPS in federal district court in Detroit, Michigan. The named plaintiff ("Named Plaintiff" or "Class Representatives") is BleachTech LLC.

A copy of the Amended Complaint and other documents relevant to this Settlement are available at UPSDeclaredValueSettlement.com.

## SUMMARY OF SETTLEMENT

The Settlement Class is defined above, and generally consist of all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300.00 charged pursuant to UPS's published non-Retail rates or in excess of $200.00 charged pursuant to UPS's published Retail rates. The Settlement provides monetary benefits to the Settlement Class of $4,850,000.00 into a Settlement Common Fund, and UPS will also pay one half of the settlement administration and notice costs. In addition, the Settlement provides changes to the language of UPS's U.S. Rate and Service Guide's pricing tables for at least three years.

Class Counsel believe the Settlement provides substantial benefits to the Class. UPS disputes that it has overcharged under the language of its U.S. Rate and Service Guides, and a jury might agree. Moreover, UPS asserts that only claims dating back 180 days or less from December 29, 2013, potentially qualify for Plaintiff's claim as opposed to those dating back to January 1, 2011, which is the scope of the Settlement Class.

As with any litigation, the Parties would face an uncertain outcome if the case were to continue. Continued litigation of this case may result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or result in no recovery at all. Throughout the Lawsuit, Plaintiff and UPS have disagreed on liability and damages. UPS denies all allegations of wrongdoing. Plaintiff disagrees.

Class Counsel represent that, among other things, (1) they have conducted an extensive investigation into the facts, circumstances, and legal issues associated with the allegations made in this case; (2) they believe, based on the risks of litigation, the time necessary to achieve a complete resolution through litigation, the complexity of the claims set forth in the Amended Complaint, and the benefit accruing to Class Members under the Settlement, that the Settlement will provide a substantial benefit to the Settlement Class, and that, when that benefit is weighed against the risks of continuing the Litigation, the Settlement represents a reasonable, fair, and adequate resolution of the claims presented; and (3) they believe the Settlement will provide the Settlement Class with much of the benefits and protections they would have received if the case were litigated to a conclusion and Plaintiff prevailed.

UPS has denied, and continues to deny, the validity of all claims asserted in the Amended Complaint. The Settlement is not evidence of liability of any type. Plaintiff, on the other hand, continues to deny the validity of all defenses asserted by UPS. Nevertheless, the Parties have taken into account the uncertainty and risks inherent in the Lawsuit and have concluded that it is desirable that the Lawsuit be fully and finally settled on the terms and conditions set forth in the Settlement Agreement solely to avoid further risk, significant cost, expense, and time associated with continued litigation.

AE5624 v.11

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**
4

## BASIC INFORMATION

| 1. | Why did I get the postcard or email notice? |
|---|---|

If you received a postcard or email or learned of one addressed to you associated with this class action, then according to UPS's records during the Class Period you contracted with UPS to ship one or more packages on which you purchased additional protection for loss or damage from UPS over $100.00 and are a member of the Settlement Class (or paid charges for such packages).

The Court has directed that postcard and/or email notice be sent to you, and that this Class Notice be made available to you because as a potential member of the Settlement Class, you have a right to know about the proposed Settlement before the Court decides whether to approve it. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, UPS will provide to the Class the $4,8500,000.00 and additional monetary relief in the form of payment of one half of settlement administration and notice costs, as described in this Class Notice and as detailed in the Settlement Agreement.

This Notice explains generally the case, the Settlement, and your legal rights. It also informs you of a hearing (the "Final Approval Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and to consider Class Counsel's application for their attorneys' fees and reimbursement of litigation expenses, as well as an application for any Service Awards for the Class Representative.

The Final Approval Hearing will be held at 10:00 a.m. on June 28, 2022, before the Honorable Denise Page Hood, Courtroom 218, in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231, W. Lafayette Blvd., Detroit, Michigan. The Court may schedule the hearing via video conference or teleconference. At or following the hearing, the Court will determine

(a) whether the Settlement Class should be certified as a class under the requirements of Federal Rules of Civil Procedure 23;

(b) whether the Settlement Class has received adequate notice of the Settlement to satisfy due process;

(c) whether the requirements of the Class Action Fairness Act have been satisfied;

(d) whether the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(e) whether final judgment approving the Settlement Agreement should be entered;

(f) whether to grant a Service Award to Plaintiff as the Class Representative, and, if so, the amount; and

(g) whether to award attorneys' fees and litigation expenses to counsel who represent members of the Settlement Class and, if so, in what amounts.

This Notice is not an expression of the Court's opinion on the merits of any claim in this case, and the Court still needs to decide whether to approve the Settlement. If the Court approves the Settlement, the payments by UPS described above will be made after all related appeals, if any, are favorably resolved. It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year.

| 2. | What is the Lawsuit about? What has happened so far? |
|---|---|

On July 11, 2014, plaintiffs Joe Solo and BleachTech filed a putative class action complaint against UPS in the United States District Court for the Eastern District of Michigan, Case No. 2:14-cv-12719. On December 30, 2020, with leave of Court, BleachTech filed an Amended Complaint that excluded Joe Solo as a party, and Mr. Solo is not party to the Settlement Agreement between Plaintiff BleachTech and UPS.

Plaintiff's Amended Complaint alleges that UPS breached its contracts with Plaintiff and Class Members and seeks compensatory, declaratory, and injunctive relief. Plaintiff seeks relief on behalf of itself and all persons or entities who, during the Class Period, tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300.00 charged pursuant to UPS's published non-Retail rates or in excess of $200.00 charged pursuant to UPS's published Retail rates. In such instances, Plaintiff alleges UPS breached its and Class Members' shipping contracts by overcharging them for the first $100.00 of declared value for such shipments. UPS denies Plaintiff's allegations and denies that it committed any wrongdoing.

AE5625 v.11

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**
5

The Parties and Class Counsel have been actively engaged in this and related litigation for approximately eight years. UPS has filed several motions to dismiss Plaintiff's claims. Three appeals to the United States Court of Appeals for the Sixth Circuit have occurred. The Parties have taken depositions. Written discovery has also occurred, and counsel for the Parties have engaged in and attempted to resolve numerous discovery disputes related to written discovery. Counsel for both sides have reviewed voluminous documents produced in response to their contentious discovery requests. The discovery process has involved substantial expense to UPS in its gathering and review of documents and electronically stored information.

The Parties participated in three mediation sessions before the Hon. Gerald E. Rosen (Ret.), on June 27, 2018, June 26, 2020, and September 1, 2020. At the third session, the Parties reached an agreement in principle to settle the Litigation on the terms set forth in the Settlement Agreement. This process led to a Settlement Agreement signed by the Parties on August 20, 2021.

The Settlement is the product of intensive, arm's length negotiations between Class Counsel and UPS's Counsel, with the assistance of an experienced third-party mediator.

## 3.   Why is this case a class action?

In a class action, one or more plaintiffs, called "named plaintiff," or (where a class is certified) "class representative," sue on behalf of people who have similar claims. In this case, the Court has determined that it will likely be able to certify the Settlement Class at or after the Final Approval Hearing. The Class Representative (Named Plaintiff) is seeking relief on behalf of the Settlement Class. All the individuals on whose behalf the Class Representative is suing are "Class Members," and they are also referred to in this Notice as members of the Settlement Class. If the Court approves the proposed Settlement, it will resolve the claims of all Class Members on the issues raised in this case. The Honorable Denise Hood Page, United States District Judge for the Eastern District of Michigan, is presiding over this Lawsuit. The Lawsuit seeks relief on behalf of UPS customers nationwide.

In this case, the Named Plaintiff is BleachTech LLC, and it is Class Representative for purposes of this Settlement.

## 4.   Why is there a settlement?

Under the proposed Settlement, the Court will not decide the merits of the case in favor of either the Plaintiff or UPS. By agreeing to a Settlement, Plaintiff and UPS avoid the significant costs, risks, and delays of litigating the Lawsuit.

This Settlement is the product of extensive arm's length negotiations between Class Counsel and UPS's Counsel, including utilizing the services of an experienced mediator. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Class.

### WHO IS IN THE SETTLEMENT?

## 5.   How do I know whether I am part of the Settlement?

The Court has preliminarily certified this case as a class action for settlement purposes only. You are a member of the Settlement Class if, from January 1, 2011, through December 29, 2013, you tendered to UPS (or you paid for a package to be tendered to UPS if the package was billed to a different account than the shipper) a U.S. origin package under contract with UPS with a declared value in excess of $300.00 charged pursuant to UPS's published non-Retail rates or in excess of $200.00 charged pursuant to UPS's published Retail rates. You may have received a postcard or email from the Settlement Administrator or seen a notice published on the internet if you are a member of the Settlement Class.

If you believe you may be a member of the Settlement Class but did not receive a postcard or email notice, immediately contact the Settlement Administrator by mail or phone to confirm from a review of the applicable records whether you are Settlement Class Member.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6.   What does the Settlement provide?

The Settlement provides monetary and non-monetary benefits to the Settlement Class.

AE5626 v.11

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.
DO NOT CALL THE COURT, as it cannot answer your questions.**
6

Under the Settlement, UPS will make a $4,850,000.00 payment to a Settlement Common Fund, less the amount that will be distributed via account credit. The Settlement Common Fund also includes UPS's separate payment of 50% of settlement administration costs, including notice costs. UPS will pay the cash payment initially into an interest-bearing account to be established by the Settlement Administrator upon final approval of the Settlement. UPS will issue account credits to Class Members with active UPS accounts. The Settlement Administrator will distribute checks to Class Members who no longer have an active UPS account. The amounts paid (by check or account credit) to each Class Member will be made from the Net Settlement Fund on per claim point basis. This means that, based on data supplied from UPS's records, Class Members will receive two claim points for each Covered Package shipped between July 1, 2013, and December 29, 2013. Class Members will receive one claim point for each Covered Package shipped between January 1, 2011, and June 30, 2013. Class Members who do not exclude themselves from the settlement will not receive claim points for packages shipped prior to January 1, 2011. The Settlement Administrator will allocate the amount remaining in the Settlement Common Fund, after payment of attorneys' fees, litigation expenses, any Service Awards, and settlement administration expenses, to each Class Member based upon such Class Member's combined claim points relative to the total number of claim points.

Checks issued to Class Members for their settlement payments that remain uncashed after 90 days will constitute "Unused Class Funds." Unused Class Funds will be donated to the National Consumer Law Center, a § 501(c)(3) nonprofit public interest law firm engaged in the education, training, and promotion of consumer protection law, including recovery of overcharges of consumers by companies, as a *cy pres* award, or such other suitable nonprofit organization as recommended by Class Counsel and approved by the Court.

UPS has also agreed to an injunction requiring certain negotiated changes to the language of its applicable U.S. Rate and Service Guides for three years. Specifically, all future UPS published pricing guides and/or price lists shall include the following text in the "fee" column of its Declared Value for Carriage pricing tables:

| | |
|---|---|
| – Value from $100.01 to $300.00 | [fee in dollars] |
| – Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared) | [fee in dollars] |

After the Settlement becomes final, and during the three-year injunctive relief period, UPS may notify Class Counsel of a proposed change in language or format to reflect changes in the law or a change in UPS's business practices. Font or type size do not require advance notice; nor does a change to reflect a change in declared value pricing that does not assess a charge for the first increment of protection (currently $100.00). If Class Counsel timely objects to the proposed change and the Parties cannot resolve the dispute, then UPS may seek leave of Court to modify the language or pay for the Parties to resolve the dispute through mediation.

Once the Settlement becomes effective, payment will be credited to Class Members' active accounts or paid by check to Class Members with no active accounts.

The above description of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement, which is available at UPSDeclaredValueSettlement.com.

## 7.    How will the Settlement be distributed?

This Settlement provides for a non-reversionary common fund settlement, whose net proceeds are to be distributed by the Settlement Administrator and UPS to Class Members. Claims forms are not required; however, Class Members may be required reasonably to (1) attest to the number of Covered Packages they shipped between January 1, 2011, and December 29, 2013, or (2) verify their identity and payment information to the Settlement Administrator if UPS's records are not sufficient to verify the same.

Class Members with Active Accounts with UPS will receive an account credit. These account credits will be issued by UPS no later than 45 days after the Effective Date, as defined in the Settlement Agreement available on the website. If such account credits are not applied (used), UPS will attempt to refund the unused credits in accordance with UPS's regular business practices as to unused account credits. No unapplied account credits will be retained by UPS. UPS shall document by amount and Class Member each account credit issued and certify under oath or declaration the total amount of such credits within 10 days of issuing the credits.

For Class Members who do not have Active Accounts, the Settlement Administrator shall mail checks to each such Class Member for its, his, or her distribution. Distribution checks will be good for 90 days after the date on the check.

AE5627 v.11

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**
7

## 8.     How much will my payment be?

You will receive a share of the Net Settlement Fund on a per claim point basis based on your number of Covered Packages shipped during the Class Period relative to the total such Covered Packages. Class Members will receive two claim points for each Covered Package shipped between July 1, 2013, and December 29, 2013. Class Members will receive one claim point for each Covered Package shipped between January 1, 2011, and June 30, 2013. The Settlement Administrator will divide the Net Settlement Fund by the total number of claim points earned by the Class to determine the value of one claim point ("Claim Point Value"). Each Class Member will be entitled to a share of the Net Settlement Fund equal to the number of claims points that Class Member is entitled to multiplied by the Claim Point Value. The amount of payment per Claim Point Value is unknown at this time.

## 9.     When will I Receive my Payment?

The Court will hold a hearing on June 28, 2022, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain how any such appeal will be resolved, and resolving them can take time, perhaps more than a year. After any approval by the Court and assuming that any appeals are decided favorably, it may take several months for the Settlement Administrator to pay the ultimate distribution amounts.

## 10.     What rights am I giving up in the Settlement?

If the Settlement is approved, the Court will enter a judgment. This judgment, when it becomes effective, will fully, finally, and forever release all claims asserted or which could have been asserted by Class Members against UPS and its past or present employees, agents, officers, directors, shareholders, insurers, attorneys, advisors, consultants, representatives, parents, subsidiaries, affiliates, joint venturers, and divisions, and each of their predecessors, successors, heirs, and assigns (the "Released Parties") based upon the facts alleged in the Complaint. These claims described above are referred to as the "Released Claims." Class Members will release claims as to packages shipped before December 29, 2013, including before January 1, 2011, but not packages shipped after December 29, 2013. See Section 13 of the Settlement Agreement, available at UPSDeclaredValueSettlement.com for details of the release.

### THE LAWYERS REPRESENTING YOU

## 11.     Do I have a lawyer in the case?

Andrew J. McGuinness of Andrew J. McGuinness, Esq., Daniel R. Karon of Karon LLC, and Sanford P. Dumain of Milberg Coleman Bryson Phillips Grossman, PLLC represent Plaintiff and the Settlement Class ("Class Counsel"). You will not be charged by any lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 12.     How will the lawyers be paid?

At the Final Approval Hearing, Class Counsel will apply for an award of attorneys' fees from the Settlement Common Fund, as defined in the Settlement Agreement. The application for attorneys' fees will not exceed 33⅓ % calculated as a percentage of the total Settlement Common Fund (i.e., before deduction of any litigation expenses, settlement administration costs, or other amounts). Class Counsel will also seek reimbursement of litigation costs and any settlement administration expenses they incur from the Settlement Common Fund. These applications are subject to approval by the Court, which may award amounts less than those requested.

To date, Class Counsel have not received any payment for their services in prosecuting this case on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. The fees requested by Class Counsel would compensate Class Counsel for their unpaid efforts over eight years to achieve this Settlement for the benefit of Class Members and for their risk in undertaking this representation on a contingency basis.

Class Counsel may also seek approval at the Final Approval Hearing for payment of a Service Award of up to $5,000.00 to BleachTech, the Named Plaintiff and Class Representative. Any approved attorneys' fees, expenses, Service Awards, and one half of settlement administration costs will be paid from the Settlement Common Fund.

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**

AE5628 v.11

8

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.   Can I exclude myself from the Settlement?**

Yes. If you exclude yourself ("opt out"), you will not be eligible to receive any credit or cash payment and will not be bound by any judgment or release of claims against UPS under the Settlement.

To opt out, Settlement Class members must submit a timely and valid Request for Exclusion. To be timely, the Requests for Exclusion must be emailed or postmarked no later than thirty (30) days before the Final Approval Hearing (the "opt-out deadline"). To be valid, a Request for Exclusion must (a) identify the full name and address of the Putative Class Member requesting exclusion; (b) be dated and personally signed (original or electronic signatures accepted) by the Putative Class Member or responsible individual requesting exclusion, or by a person documented to be acting under valid power of attorney, guardianship, or other legal authority to sign on behalf of the Putative Class member or his estate; (c) identify the unique ID of the notice received or UPS account numbers under which shipments were made (or paid); and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.

The following statement shall be deemed to meet the requirement of subpart (d) of the preceding sentence: "I want to opt out of the Settlement Class certified in the *BleachTech v. UPS* case." Additionally, the request for exclusion must provide the unique ID number contained on a postcard or email sent by the Settlement Administrator to the potential Settlement Class member; the UPS account number; and the full name and address of the Settlement Class Member. Requests for Exclusion that do not meet these requirements will not operate to exclude a Class Member from the Settlement. Mass or class opt-outs will not be allowed.

Please mail requests for exclusion to the following address:

> UPS Declared Value Settlement Administrator
> P.O. Box 5370
> Portland, OR 97228-5370

Please email requests for exclusion to the following email: **exclusion@upsdeclaredvaluesettlement.com**.

Only Class Members who do not opt out may object to the Settlement.

**14.   If I do not exclude myself from the Class, can I sue UPS for the same thing later?**

No. Unless you exclude yourself from the Class by submitting a timely and valid Request for Exclusion as detailed above, you may not bring a lawsuit or claim in any forum asserting any of the Released Claims against UPS.

**15.   If I exclude myself, can I get money from this Settlement?**

No, but you will retain any right you may have to bring a lawsuit, to continue to pursue an existing lawsuit, or to be part of a different lawsuit asserting a Released Claim against UPS.

## OBJECTING TO THE SETTLEMENT

**16.   How do I tell the Court if I don't like the Settlement?**

Class Members who do not request exclusion from the Class may object to the Settlement. Class Members who choose to object to the settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties. The written objection and supporting papers must (1) clearly identify the case name and number "*BleachTech v. UPS,* Case No. 2:14-cv-12719"; (2) be filed with the Court no later than 30 days before the Final Approval Hearing; (3) be postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses listed in this Notice no later than 30 days before the Final Approval Hearing, (unless the Class Member filed an objection via the Court's ECF system, such that copies will be transmitted electronically to these counsel); (4) set forth the full name, current address, and the unique ID number assigned by the Settlement Administrator of the objecting Class Member; (5) set forth a statement of the position the Class Member wishes to assert, including the factual and legal grounds for the position; (6) state whether the Class Member intends to appear and requests to be heard, in person or through counsel, at the Final Approval Hearing, and set forth the names and a summary of testimony of any witnesses that the Class Member might want to call in connection with

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**
AE5629 v.11
9

the objection; (7) provide copies of all documents that the Class Member wishes to submit in support of his or her position; (8) provide the name(s), address(es) and phone number(s) of any attorney(s) representing the Class Member; (9) identify by case name, case number, and court each class action settlement objected to by the Class Member and his or her counsel (if any) in the last three years; and (10) include the Class Member's signature. If a Class Member, their counsel, or any person with whom they are working in bringing the objection has objected to a class action settlement on more than three occasions, the Class Member shall, (i) list all cases in which such objections were filed, and by whom; (ii) state the outcome of the objection; (iii) state the amount of money, if any, paid in connection with the objection to objector, to their counsel, or to anyone else, including by whom such payment was made and whether it was disclosed to the court overseeing the proposed settlement. Only objections fulfilling these requirements will be deemed adequate.

The addresses for filing objections with the Court and service on counsel are listed below. Written objections must be filed with the Court and mailed to the counsel listed below (postmarked or sent via fax or served via the Court's ECF system) by no later than May 30, 2022:

CLERK OF COURT:

>Clerk's Office
>Theodore Levin U.S. Courthouse
>231 W. Lafayette Blvd., Room 564
>Detroit, MI 48226

CLASS COUNSEL:

>Andrew J. McGuinness
>ANDREW J. McGUINNESS, ESQ.
>P.O. Box 7711
>Ann Arbor, MI 48107
>Fax: (734) 786-9935

>Daniel R. Karon
>KARON LLC
>700 W. St. Clair Ave. Ste. 200
>Cleveland, OH 44113
>Fax: (216) 241-8175

>Sanford P. Dumain
>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
>100 Garden City Plaza, Suite 500
>Garden City, NY 11530
>Fax: (212) 868-1229

COUNSEL FOR UPS:

>Gregory B. Koltun
>MORRISON & FOERSTER LLP
>707 Wilshire Boulevard
>Los Angeles, CA 90017-3543
>Fax: (310) 892-5454

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY MEMBER OF THE SETTLEMENT CLASS WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS TO THE NAMED PLAINTIFF.**

## 17. What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court you do not like something about the proposed Settlement. Objecting does not prevent you from participating and recovering money in the Settlement, but you can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

AE56210 v.11

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**
10

## THE COURT'S FINAL APPROVAL HEARING

**18.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing at 10:00 a.m., on June 28, 2022, at the United States District Court for the Eastern District of Michigan, 231 W. Lafayette Blvd., Detroit, Michigan, Courtroom No. 218. The Court may schedule the Final Approval Hearing via videoconference or teleconference. Check the Settlement Website for updates.

### YOU DO NOT NEED TO ATTEND THE FINAL APPROVAL HEARING.

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Final Approval Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses and Service Award to the Plaintiff. It is unknown how long the hearing or these decisions will take.

**19.   Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. You are welcome to attend at your own expense. If you file and mail an objection, you do not have to attend the hearing to talk about it. If you filed and served on counsel for the Parties your objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. At your own expense, you may also have your own lawyer attend the Final Approval Hearing, but such attendance is not necessary.

**20.   May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely objection, you may ask the Court for permission to speak during the Final Approval Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Approval Hearing in *BleachTech v. UPS*, Case No. 2:14-cv-12719." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be served on the attorneys listed in Paragraph 16, above, postmarked no later than May 30, 2022, and must also be filed with the Clerk of the Court no later than May 30, 2022.

The Final Approval Hearing may be delayed by the Court without further notice to the Class. If you wish to attend the hearing, you should confirm the date and time on the Settlement Website or check with Class Counsel.

### IF YOU DO NOTHING

**21.   What happens if I do nothing at all?**

If you do nothing and you are a Class Member, your claims against UPS will be released if the Settlement is approved.

### GETTING MORE INFORMATION

**22.   How do I get more information?**

This Notice summarizes the proposed Settlement. Full details of the Settlement are set forth in the Settlement Agreement. You may read or download a copy of the Settlement Agreement at the Settlement Website at the URL provided in this Notice, by calling the listed toll-free number, or by making a written request and mailing it to the Settlement Administrator. Copies of the Settlement Agreement, as well as the motion seeking preliminary approval of the Settlement and the Preliminary Approval Order, may be viewed at UPSDeclaredValueSettlement.com. **Do not call UPS or the Court with questions about the Settlement**.

DATED:          April 8, 2022                               By Order of the Court
                                                            Hon. Denise P. Hood
                                                            United State District Judge

**Questions? Visit UPSDeclaredValueSettlement.com or call 1-866-991-0730.**
**DO NOT CALL THE COURT, as it cannot answer your questions.**

AE56211 v.11

# Attachment 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| BLEACHTECH L.L.C., on behalf of itself and all others similarly situated, | Case No. 2:14-cv-12719 |
| Plaintiff, | |
| vs. | Hon. Denise Page Hood |
| UNITED PARCEL SERVICE CO., | CLASS ACTION |
| Defendant. | |

### DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

I, STEPHANIE J. FIERECK, ESQ., hereby declare and state as follows:

1.      My name is Stephanie J. Fiereck, Esq.  I am over the age of 21 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Legal Notice Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.

3.      Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management, and distribution services.

4.      I am an active member of the Oregon State Bar, and received my Juris Doctor degree from the University of Oregon School of Law.  I have served as the Legal Notice

DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

Manager for Epiq since 2012. During that time, I have overseen and handled Class Action Fairness Action ("CAFA") noticing efforts for more than 325 class action settlements.

5.      The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

6.      At the direction of counsel for the Defendant United Parcel Service, Inc., an Ohio Corporation, 54 officials, which included the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, Puerto Rico, and the Virgin Islands were identified to receive CAFA notice.

7.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice. Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

8.      On August 30, 2021, Epiq sent 54 CAFA Notice Packages ("Notice"). The Notice was mailed via USPS Certified Mail to 53 officials, including the Attorneys General of each of the 50 states, the District of Columbia, Puerto Rico, and the Virgin Islands. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States. The CAFA Notice Service List (USPS Certified Mail and UPS) is included as **Attachment 1**.

9.      The materials sent to the federal and state officials included a cover letter, which provided notice of the proposed settlement of the above-captioned case. The cover letter is included as **Attachment 2**.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces. The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

10. The cover letter was accompanied by a CD, which included the following:

   a. Complaint, Amended Complaint, and Agreed Order Substituting United Parcel Service, Inc. for Defendant United Parcel Service Co.;

   b. Plaintiff's Unopposed Motion and Brief in Support for Preliminary Approval of Class Settlement, which attaches the Amended Class Action Settlement Agreement (with Exhibits A-E), Declaration of Andrew J. McGuinness in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and Declaration of Cameron R. Azari Regarding Notice Program;

   c. Long Form Notice, Short Form and Postcard Notice, and Publication Notice;

   d. Amended Class Action Settlement Agreement (with exhibits);

   e. [Proposed] Preliminary Approval Order and [Proposed] Judgment; and

   f. Geographic Distribution of Class Members and Proportionate Share of Claims Report.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 31, 2021.

Stephanie J. Fiereck, Esq.

DECLARATION OF STEPHANIE J. FIERECK, ESQ. ON IMPLEMENTATION OF CAFA NOTICE

3

# **Attachment 1**

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

CAFA Notice Service List

USPS Certified Mail

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | PO Box 110300 | | Juneau | AK | 99811 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36130 |
| Office of the Attorney General | Leslie Carol Rutledge | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Mark Brnovich | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Law Section | 455 Golden Gate Ave Ste 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway 10th Fl | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Karl A. Racine | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Office Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Clare E. Connors | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Thomas J Miller | 1305 E Walnut St | | Des Moines | IA | 50319 |
| Office of the Attorney General | Lawrence G Wasden | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Indiana Attorney General's Office | Todd Rokita | Indiana Government Center South | 302 W Washington St 5th Fl | Indianapolis | IN | 46204 |
| Office of the Attorney General | Derek Schmidt | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Avenue | Suite 118 | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Maura Healey | 1 Ashburton Pl | | Boston | MA | 02108 |
| Office of the Attorney General | Brian E. Frosh | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO Box 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St | Suite 1400 | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Eric Schmitt | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| MS Attorney General's Office | Lynn Fitch | Walter Sillers Bldg | 550 High St Ste 1200 | Jackson | MS | 39201 |
| Office of the Attorney General | Austin Knudsen | Department of Justice | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Wayne Stenehjem | State Capitol | 600 E Boulevard Ave Dept 125 | Bismarck | ND | 58505 |
| Nebraska Attorney General | Doug Peterson | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Andrew J. Bruck | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Hector Balderas | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street | 15th Floor | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 East Broad Street | 14th Floor | Columbus | OH | 43215 |
| Office of the Attorney General | John O'Connor | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Jason Ravnsborg | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Herbert H. Slatery III | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | 300 W 15th St | | Austin | TX | 78701 |
| Office of the Attorney General | Sean D. Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Mark R. Herring | 202 North Ninth Street | | Richmond | VA | 23219 |
| Office of the Attorney General | TJ Donovan | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 Fifth Avenue | Suite 2000 | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex | Bldg 1 Room E 26 | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 2320 Capitol Avenue | | Cheyenne | WY | 82002 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N. George | 34-38 Kronprindsens Gade | GERS Bldg 2nd Fl | St Thomas | VI | 00802 |

# **Attachment 2**

**NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

August 30, 2021

**VIA UPS OR USPS CERTIFIED MAIL**

---

| Class Action Fairness Act – Notice to Federal and State Officials |
| :---: |

---

Dear Sir or Madam:

Pursuant to the "Class Action Fairness Act," ("CAFA"), 28 U.S.C. § 1715, please find enclosed information from United Parcel Service, Inc., an Ohio Corporation, relating to the proposed settlement of a class action lawsuit.

- **Case:** *BleachTech L.L.C. v. United Parcel Service, Inc.*, Case No. 2:14-cv-12719-DPH-RSW

- **Court:** United States District Court, Eastern District of Michigan, Southern Division

- **Defendant:** United Parcel Service, Inc., an Ohio Corporation

- **Judicial Hearing Scheduled:** At this time, a Preliminary Approval Hearing and a Final Approval Hearing have not been scheduled by the Court. At the time of the hearings, these matters may be continued without further notice.

- **Documents Enclosed:** In compliance with 28 U.S.C. § 1715(b), copies of the following documents are contained on the enclosed CD:

  1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** Copies of the Complaint, Amended Complaint, and Agreed Order Substituting United Parcel Service, Inc. for Defendant United Parcel Service Co. are included on the enclosed CD.

  2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** As of August 30, 2021, the Court has not yet scheduled a preliminary approval hearing or a final fairness hearing in this matter. A copy of Plaintiff's Unopposed Motion and Brief in Support for Preliminary Approval of Class Settlement, which attaches the Amended Class Action Settlement Agreement (with Exhibits A-E), Declaration of Andrew J. McGuinness in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, and Declaration of Cameron R. Azari Regarding Notice Program, is included on the enclosed CD.

  3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Copies of the proposed Long Form Notice, Short Form and Postcard Notice, and Publication Notice are included on the enclosed CD.

  4. **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** A copy of the Amended Class Action Settlement Agreement, with exhibits, is included on the enclosed CD.

**NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** There are no other settlements or other agreements between class counsel and counsel for Defendant beyond what is set forth in the Amended Class Action Settlement Agreement.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment**: No Final Judgment has been reached as of August 30, 2021, nor has a Notice of Dismissal been granted at this time. Copies of the [Proposed] Preliminary Approval Order and [Proposed] Judgment are included on the enclosed CD.

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Geographic Distribution of Class Members and Proportionate Share of Claims:** Pursuant to 28 U.S.C. § 1715(b)(7)(B), a spreadsheet with a reasonable estimate of the number of class members residing in each State and their estimated proportion to the class as a whole is included on the enclosed CD.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** As the proposed Settlement is still pending final approval by the Court, there are no other opinions available at this time. As of August 30, 2021, there has been no written judicial opinion related to the settlement.

If you have any questions about this notice, the case, or the enclosed materials, please contact the undersigned Notice Administrator listed below.

Very truly yours,

Notice Administrator

Enclosures