UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and
on behalf of all others similarly situated,

        Plaintiff

v.

UNITED PARCEL SERVICE, INC., an
Ohio Corporation,

        Defendant.
_____/

Case No. 14-12719

Honorable Denise Page Hood

**OPINION AND ORDER GRANTING MOTION FOR
FINAL APPROVAL OF CLASS SETTLEMENT [ECF No. 150]**

On May 16, 2022, Plaintiff filed its Motion for Final Approval of Class Settlement ("Motion for Final Approval") (ECF No. 150), seeking Final Approval of the Settlement with United Parcel Service, Inc. ("UPS"). Plaintiff and Class Counsel also filed declarations to enable the Court to evaluate the fairness, adequacy and reasonableness of the Settlement. Following Notice to the Settlement Class, no objections to the Settlement were filed.

This matter came before the Court on June 28, 2022, for a Final Approval Hearing pursuant to the Court's Preliminary Approval Order dated April 8, 2022 (ECF No. 148). The Court carefully reviewed all of the filings related to the Settlement and heard argument on the Motion for Final Approval.

After full consideration of the Motion for Final Approval and the presentations of the Parties, the Court concludes that this Settlement provides a substantial recovery for Settlement Class Members who do not opt-out of the Settlement and is an excellent result under the circumstances and challenges presented by the action. The Court specifically concludes that the Settlement is fair, adequate, and reasonable, and an acceptable compromise of the claims filed for the benefit of the Settlement Class. The Settlement complies with Fed. R. Civ. P. 23(e).

The Court therefore: (a) grants the Motion for Final Approval of the Settlement; (b) certifies the Settlement; (c) appoints Plaintiff BleachTech LLC as class representative; and (d) appoints as Class Counsel Andrew J. McGuinness, Daniel R. Karon, and Sanford P. Dumain ("Final Approval Order").

The parties having submitted a duly executed Amended Class Action Settlement ("Settlement Agreement") seeking to settle this action on a classwide basis, the Court having reviewed the submissions of the parties, and having held a final fairness hearing after due notice and opportunity for all class members to be heard, and the Court being fully advised in the premises, the Court now makes the following findings of fact and conclusions of law, and **HEREBY ORDERS AND ADJUDGES THAT**:

1. All of the definitions contained in the Settlement Agreement (attached to the this Final Approval Order as Exhibit A) shall apply to this Final Approval

Order and are incorporated by reference as if fully set forth herein. Further, the Court incorporates herein and accepts the factual allegations contained in the Motion for Final Approval.

2. This Court has jurisdiction over the subject matter of this action, the Settlement Class, and over those individuals and entities undertaking affirmative obligations under the Settlement Agreement.

3. This Court hereby approves the Settlement set forth in this Final Approval Order and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23 and the United States Constitution (including the Due Process Clause), and all other applicable law, including the factors set forth in *Int'l Union v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *22 (E.D. Mich. July 13, 2006).

4. Each of the relevant factors weighs in favor of Final Approval of this Settlement. The Court finds that the Settlement was reached in the absence of collusion, and is the product of good-faith, informed and arm's length negotiations by competent counsel. Furthermore, an analysis of the factors related to the fairness, adequacy and reasonableness demonstrates that the Settlement is sufficient under Rule 23(e), such that Final Approval is clearly warranted.

<u>Likelihood of Success at Trial</u>

5.     Plaintiff faced the risk of losing the motions to dismiss, at the class certification stage, at summary judgment, in trial, or on appeal based on various theories advanced by UPS.  Major risks included the possibility that many claims would be time-barred or that Plaintiff potentially would have been responsible for considerable e-discovery costs associated with a class of over 2 million members and 12 million Covered Packages in 2013 alone.  Each of these risks, by itself, could have impeded Plaintiff's and the Settlement Class' successful prosecution of these claims at trial and in an eventual appeal.  The risks of maintaining this action as a class action through trial provides additional support to Plaintiffs' position that the Settlement should be approved.  Under the circumstances, Plaintiff and Class Counsel appropriately determined that the Settlement reached with UPS outweighs the gamble of continued litigation.

The Risk of Fraud or Collusion

6.     The Settlement in this case is the result of intensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this action.  Furthermore, Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  In negotiating this Settlement in particular, Class Counsel had the benefit of years of experience and a familiarity with the facts of this case, as well as with other cases involving similar claims.  Class

Counsel devoted many hours and expended significant resources investigating, researching, and prosecuting this action in order to achieve this result for the Class. Class Counsel were also well-positioned to evaluate the strengths and weaknesses of Plaintiff's claims, and the appropriate basis upon which to settle them, as a result of their litigating similar claims in both state and federal courts across the country.

Complexity, Expense and Duration of Litigation

7. The claims and defenses in this action are complex, as is clear by Class Counsel's efforts in other overdraft fee cases that have been hard fought for more than six years. There is no doubt that continued litigation here would be difficult, expensive, and time consuming. The risks and obstacles in this case are great and this case would likely have taken several more years to successfully prosecute. Recovery by any means other than settlement would require additional years of litigation in this Court and the Sixth Circuit Court of Appeals.

The Amount of Discovery Engaged in By the Parties

8. Class Counsel conducted a thorough investigation and analysis of Plaintiffs' claims and engaged in informal discovery with UPS. Plaintiffs settled the action with the benefit of an analysis of key documentation and data regarding UPS's pricing policies. The review of this information and data positioned Settlement Class Counsel to evaluate with confidence the strengths and weaknesses of

5

Plaintiffs' claims and prospects for success at the motions to dismiss and class certification stages, summary judgment, and trial. Class Counsel's understanding of the evidence related to central questions in the case prepared it for well-informed settlement negotiations. Accordingly, the discovery in this case was sufficient to permit the Plaintiff to make an informed evaluation of the merits of a possible settlement and to permit this Court to intelligently approve or disapprove the settlement.

### The Opinions of Class Counsel

9. As stated previously, Class Counsel have significant experience in class actions in federal and state courts throughout the country. The experience, resources and knowledge Class Counsel bring to this action is extensive. Class Counsel is qualified to represent the Settlement Class and will, along with the class representative, vigorously protect the interests of the Settlement Class. Class Counsel are reputable practitioners and trial counsel experienced in complex class action litigation. Their collective judgment in favor of the Settlement is entitled to considerable weight.

### The Reaction of Absent Settlement Class Members

10. Following the completion of the Notice Program, there have been no objections to the Settlement, a clear indication that the Settlement Class Members support the Settlement. Further, only thirty-seven (37) of over two million members

of the Settlement Class have requested to be excluded. The overwhelmingly favorable reaction of the Settlement Class to the Settlement supports final approval.

### The Public Interest

11. There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources. The Court finds no countervailing public interest present in this litigation which would militate against the strong public interest in the settlement of this complex action. Indeed, given the risks detailed above, this Settlement serves the public interest by conserving the resources of the parties and the court, and by promoting the strong public interest in encouraging settlement of complex litigation and class action suits.

12. Plaintiff's approximately $5,700,000 million recovery is significant, given the complexity of the litigation and the significant barriers that would loom in the absence of settlement: motions to dismiss, motion for class certification, motion for summary judgment, trial, and appeals after a Plaintiffs' verdict. In addition, credits not applied to Class Members within 45 days of issuance and checks uncashed after 90 days ("Unused Class Funds") will be donated *cy pres* to the National Consumer Law Center, a § 501(c)(3) nonprofit public interest law firm engaged in the education, training, and promotion of consumer protection law or

such other suitable non-profit organization as recommended by Class Counsel and approved by the Court. The $5,700,000 Settlement is a fair and reasonable recovery for the Settlement Class in light of UPS's defenses, and the challenging and unpredictable path of litigation Plaintiff would have faced absent a settlement.

13. As the Settlement is in the best interests of the Parties and the Settlement Class, the Court directs the Parties and their counsel to implement and consummate the Settlement in accordance with the terms and conditions of the Settlement Agreement.

14. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class consists of:

> Except as excluded below, all persons or entities who, from January 1, 2011, through December 29, 2013 (the "Class Period"), tendered to UPS (or paying party if the package was billed to a different account than the shipper) one or more U.S. origin packages under contract with UPS with a declared value in excess of $300 charged pursuant to UPS's published non-Retail rates or in excess of $200 charged pursuant to UPS's published Retail rates.

Specifically excluded from the scope of the Class are any packages with a declaration of value that was later voided, any packages shipped under an account of a The UPS Store location, and any packages shipped through any other Third-Party Retailer (as defined by the July 8, 2013, UPS Tariff/Terms and Conditions of Service—United States, attached as Exhibit A to Plaintiff's Amended Complaint) to the extent the claim is asserted by a customer of such Third-Party Retailer, which

packages will not be deemed Covered Packages. Also excluded is any entity in which Defendant has or had a controlling interest or that has a controlling interest in Defendant and all The UPS Store locations, and all other authorized UPS shipping agents and partners, including authorized outlets, to the extent packages were not shipped pursuant to a contract with UPS during the Class Period to purchase declared value coverage at the rates set forth in the pricing tables published in the applicable UPS Service Guide. Also excluded are UPS's legal representatives, assigns, and successors; the Court and any member of its staff; and any Putative Class Member who timely submitted a valid Request for Exclusion or was found by the Court to have adequately opted out of the Class.

15. The Class Period is from January 1, 2011, through and including December 29, 2013.

16. The Settlement Class as previously provisionally certified satisfies all the requirements contained in Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Approval Order by this reference.

17. No one objected to the Settlement and only thirty-seven (37) members of the Settlement Class requested exclusion from the Settlement through the opt-out process approved by this Court. This Court hereby dismisses this action. This

dismissal is on the merits and is with prejudice as though after trial and a final adjudication of the facts and the law as to all Settlement Class Members who have not opted-out of the Settlement, all of whom are deemed to have released every Released Claim against UPS. The sole exception to the dismissal being with prejudice is the individual claims of those who duly opted-out of the Settlement Class (identified in Exhibit B to this Final Approval Order).

18. Plaintiffs and all Settlement Class Members who have not opted-out of the Settlement, and their respective representatives, assigns, heirs, executors, administrators, successors and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any entity included in Section 1.2(x) of the Settlement Agreement, any and all individual, representative or class claims or any such lawsuit which they had or have related in any way to the Released Claims. Plaintiffs, including their representatives, assigns, heirs, executors, administrators, successors and custodians, are hereby forever barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against any entity in Section 1.2(x) of the Settlement Agreement, any and all individual, representative or class claims or any such lawsuit which he, she or it had or has related to the Covered Packages.

19. The Settlement Class Notice Program, consisting of, among other things, the Publication Notice, Long Form Notice, website, and toll-free telephone

number, was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.

20. All Persons who are included within the definition of the Settlement Class and who did not properly file Requests for Exclusion are hereby bound by this Judgment and by the settlement. Attached as Exhibit B to this Final Approval Order is a list setting forth the name of each Person who the Court finds has properly submitted a Request for Exclusion from the Class. The Persons identified shall not be entitled to benefits from the settlement and are not bound by this Judgment.

21. The Court further finds that all Class Members and Releasing Parties who have not timely and properly excluded themselves shall, by operation of this Judgment, fully and irrevocably release and forever discharge the Released Parties, from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, including any claim under any federal or state law, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or

otherwise, including any claim under any federal or state law, asserted or which could have been asserted arising from or relating to allegations in the Complaint or an incremental charge for the first $100 of declared value on a package tendered for shipment before December 29, 2013, where the declared value charge was above the minimum charge (collectively the "Released Claims"). Notwithstanding the foregoing, nothing in the Agreement or this Judgment shall release any claim by a shipper arising from or relating to charges for protection other than for the first $100 of declared value for carriage. The Released Claims specifically encompass all packages shipped by any Class Member before December 29, 2013, including packages shipped prior to January 1, 2011, and specifically exclude packages shipped after December 29, 2013.

22. For a period of three years from the date of the signing of the Settlement Agreement, UPS is hereby enjoined as follows:

(a) United Parcel Service, Inc., in its U.S. Rate and Service Guides shall include the following text in the "fee" column of its Declared Value for Carriage pricing tables:

| | |
|---|---|
| – Value from $100.01 to $300.00 | [fee in dollars] |
| – Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from | [fee in dollars] |

12

$0.00 to total value declared)

(c) Without limiting the generality of the foregoing, the following example[1] will be deemed compliant with the foregoing Injunctive Relief:

| Available Options | Description | Fee | |
|---|---|---|---|
| Declared Value for Carriage | – UPS's liability for loss or damage for each domestic package or international shipment, or to each pallet in a UPS Worldwide Express Freight® Midday or UPS Worldwide Express Freight® shipment is limited to $100.00 without a declaration of value.<br>– The maximum declared value is $50,000.00 per package/$100,000.00 per pallet shipped via UPS Worldwide Express Freight Midday and UPS Worldwide Express Freight services. UPS's liability for loss or damage can be increased up to $50,000.00 per package or $100,000.00 per pallet by making a declaration of value for an additional charge (subject to terms and conditions). Certain domestic packages are eligible for the enhanced maximum declared value of $70,000.00, subject to restrictions set forth in the "UPS Tariff/Terms and Conditions of Service – United States" available at ups.com/terms and also set forth in "Maximum Declared Values" on page 8.<br>– Declarations of value from $100.01 to $300.00 are subject to a charge of $3.45. Declarations of value over $300.00 incur a charge for each $100.00 (or portion of $100.00) of the total value declared, including the first $100.00. For example, a declaration of $950.00 value incurs a charge of $11.50 (10 times $1.15).<br>– For international shipments with a declared value of more than $50,000.00, multiply the total declared value by the rate to determine the declared value charge for the shipment.<br>– For packages tendered to a UPS driver with a declared value amount of more than $1,000.00, the shipper must retain a high-value shipment summary signed by the driver. The UPS Shipping System provides this form when the shipping label is requested.<br>– Declared value charges can be included in charges billed to receivers or third parties. | – Value from $100.01 to $300.00<br><br>– Value over $300.00, charge for each $100.00 (or portion of $100.00) of the total value declared (from $0.00 to total value declared)<br><br>– For international shipments with a declared value of more than $50,000.00: $0.009 times the declared value | $3.45<br><br><br><br>$1.15 |

(b) UPS may during the period when this injunction is in effect notify Class Counsel of a proposed change of the language or format of the language required by such Injunctive Relief to reflect changes in the law or a change in UPS's business practices (including, for example, changes in the appearance or format of the U.S.

---

[1] All dollar figures—including without limitation the incremental declared value charge and minimum declared value charge—shown in this example are illustrative only, and not mandated by this Order.

13

Rate and Service Guide). Font or type size do not require advance notice; nor does a change to reflect a change in declared value pricing that does not assess a charge for the first increment of protection (currently $100). If Class Counsel notifies UPS Counsel within seven (7) days of an objection to the proposed change, and the objection cannot be resolved amicably, UPS may seek leave of Court on shortened notice prior to its proposed modification(s), or, at UPS's option and sole expense, any dispute regarding the proposed change shall be resolved through expedited mediation with the Hon. Gerald Rosen (Ret.) or other mediator mutually agreeable to the parties.

23. In accordance with Section 3.2.4 of the Settlement Agreement, Class Members with an Active Account with UPS shall receive their calculated distribution of the Net Settlement Fund via account credit. These account credits will be issued by UPS no later than 45 days after this settlement's Effective Date. As to Class Members who do not use their credits, UPS will attempt to locate the Class Member and pay the unused credits in accordance with UPS's regular business practices as to credit balances in inactive accounts. UPS will in no event retain unused credits.

24. For Class Members who do not have an Active Account with UPS, the Settlement Administrator is directed to distribute checks to these Class Members in the amount of their share of the Net Settlement Fund in accordance with

Sections 3.2.6 and 12.3 of the Settlement Agreement.

25. Distribution checks uncashed after 90 days, shall constitute "Unused Class Funds." Unused Class Funds will be donated to the National Consumer Law Center, a § 501(c)(3) non-profit public interest law firm engaged in the education, training, and promotion of consumer protection law, as a *cy pres* award.

26. Neither this Order, the Settlement Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, or any related document shall be used as an admission of any act or omission by UPS or any Released Parties, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by UPS or any other Released Parties, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

27. Fifty percent of reasonable costs of Notice and administration of the Settlement will be paid from the Settlement Common Fund; UPS will pay the other fifty percent.

28. The Parties are authorized without further approval from the Court to agree to such amendments or modifications of the Settlement Agreement and all of its exhibits as shall be consistent in all respects with this Judgment and do not limit the rights of Class Members.

29. Without affecting the finality hereof, this Court retains jurisdiction to enforce and administer the settlement.

**IT IS SO ORDERED.**

Dated: July 20, 2022                              s/Denise Page Hood
                                              Hon. Denise Page Hood
                                              United States District Judge