UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.

UNITED PARCEL SERVICE, INC., an
Ohio Corporation,

        Defendant.
_____/

Case No. 14-12719

Honorable Denise Page Hood

**ORDER AWARDING FEES, COSTS AND SERVICE AWARD**

On May 16, 2022, Plaintiff filed its Motion for Attorney Fees, Approval of Service Award, and for Reimbursement of Expenses ("Motion for Fees") (ECF No. 151). Plaintiff and Class Counsel also filed declarations to enable the Court to evaluate the fairness, adequacy and reasonableness of the proposed attorney fees, costs, and Service Award. Following Notice to the Settlement Class, no objections to the proposed fees, costs, and Service Award were filed.

This matter came before the Court on June 28, 2022, for a Final Approval Hearing pursuant to the Court's Preliminary Approval Order dated April 8, 2022. The Court carefully reviewed all of the filings related to the Settlement, including the Motion for Fees and heard argument on the Motion for Final Approval and the

Motion for Fees.

After full consideration of the Motion for Fees and the presentations of the Parties, the Court specifically concludes that the proposed fees, costs, and Service Award are fair, adequate, and reasonable, and an acceptable amount to compensate Plaintiff and Class Counsel for litigating the claims filed for the benefit of the Settlement Class.

The Court therefore: (a) grants the Motion for Fees; (b) authorizes the payment of the Service Award to Plaintiff; and (c) awards attorneys' fees and costs to Class Counsel ("Order Awarding Fees").

The Court now makes the following findings of fact and conclusions of law, and **HEREBY ORDERS AND ADJUDGES THAT**:

1. All of the definitions contained in the Settlement Agreement (attached to the Final Approval Order as Exhibit A) shall apply to this Order Awarding Fees and are incorporated by reference as if fully set forth herein.  Further, the Court incorporates herein and accepts the factual allegations contained in the Motion for Fees.

2. An award of attorneys' fees in common fund cases need only be "reasonable under the circumstances."  *Weitz & Luxenberg P.C. v. Sulzer Orthopedics, Inc.*, 398 F.3d 778, 780 (6th Cir. 2005).  The Sixth Circuit permits calculation of attorneys' fees under either the percentage of the fund method

(counsel receive a percentage of the total settlement fund) or the lodestar method (multiplying the number of hours spent on the litigation by law firm members by their hourly rate). *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993). In weighing the benefits and shortcomings of each method, the Sixth Circuit in *Rawlings* concluded: "For these reasons, it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Id*. at 516. The Sixth Circuit has observed that "[t]he percentage of the fund method has a number of advantages; it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Id*.

3. In applying the percentage method, "commonly, fee awards in common fund cases are calculated as a percentage of the fund created, typically ranging from 20 to 50 percent of the fund." *In re Rio*, 1996 WL 780512 at *16 (citing *Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. 1993). District courts in the Sixth Circuit begin with a "benchmark percentage" ranging between 20-50%. *In re Cincinnati Gas & Elec. Co. Sec. Litig.*, 643 F. Supp. 148, 150 (S.D. Ohio 1986); *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 1029, 1046 (S.D. Ohio 2001) (noting that the range of reasonableness has been designated as between 20% and 50% of the

3

common fund). These courts then generally apply the factors enumerated in *Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996), discussed and applied below, to determine the reasonableness of a requested fee.

4. Class Counsel's request for 33 1/3 % of the common fund created by their efforts is well within the benchmark range and in line with what is often awarded in this Circuit. *See e.g., Bessey v. Packerland Plainwell, Inc.*, 4:06-cv-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007) (awarding one-third of settlement fund as attorneys' fees and holding that "[e]mpirical studies show that, regardless whether the percentage method or the lodestar method is used fee awards in class actions average around one-third of the recovery") (internal question omitted). The fee requested here is also in line with the fees awarded in other overdraft fee class actions throughout the country.

5. In evaluating the reasonableness of a fee request, courts in the Sixth Circuit evaluate the following factors: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's take in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Bowling*, 102 F.3d at 780. As discussed below, each of these factors supports the requested fee here.

4

The Value of the Benefit Rendered to the Class

6.  As noted above, the Settlement establishes a common fund of approximately $5,700,000, and Notice has been disseminated to approximately 90% of the nearly 2,150,00 members of the Settlement Class. If the Court approves the Settlement, Plaintiff and the Settlement Class will recover over fifty percent (50%) of their most probable damages (Covered Packages shipped in the second half of 2013) and a lesser amount of other claims (Covered Packages shipped before the second half of 2013) when basing it on the Settlement Fund alone. However, when considering UPS's separate payment of up to half of the costs of Notice and Settlement administration, the percentage recovery is significant. As discussed above, this is an extraordinary result given the obstacles facing Plaintiffs. As the action has resulted in significant benefits to Settlement Class Members, this factor weighs heavily in favor of the requested fee award.

The Value of the Services on an Hourly Basis

7.  The collective lodestar of all Class Counsel is $3,063,068 based on counsels' ordinary rates. An award of $1,894,400 represents a multiplier of -.38 (*i.e.*, 62% of the lodestar amount), which is well within the range adopted by courts in the Sixth Circuit. *See In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 767-78 (S.D. Ohio 2007) ("Most courts agree that the typical lodestar multiplier" in a large class action "ranges from 1.3 to 4.5."). Given the nature, complexity, and

5

potential duration of this action, as detailed above, the risk of non-recovery, the value of the social benefit, and the results in light of the obstacles, the multiplier is appropriate and reasonable.

<u>Whether the Services Were Undertaken on a Contingent Fee Basis</u>

8. In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee. *See e.g., Bowling*, 922 F. Supp. at 1282. The risks are inherent in financing and prosecuting complex litigation of this type, but Class Counsel undertook representation with the knowledge that they would have to spend substantial time and money and face significant risks without any assurance of being compensated for their efforts. Only the most experienced plaintiffs' litigation firms would risk the time and expense involved in bringing this action in light of the possibility of a recovery at an uncertain date, or of no recovery at all. Apart from the risk of no recovery, the deferral of fees in such an undertaking while at the same time advancing possibly hundreds of thousands of dollars in expenses would deter most firms.

<u>Society's Stake in Rewarding Attorneys Who Produce Such Benefits in Order to Maintain an Incentive to Others</u>

9. As noted above, Class Counsel's fee request is well within the range of awards in similar cases both in the Sixth Circuit and elsewhere. *Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. 1993). It is these types of awards that maintain an

incentive for lawyers, like Class Counsel, to take on cases, wholly on contingency, prosecuting them for years, all the while never knowing whether they will in the end recoup substantial investment of dollars of time and costs invested in the case. Class Counsel took on representation of this class in what were simultaneously the worthiest and riskiest of circumstances. Society has an interest in adequately compensating counsel who take on such risks to ensure that classes will be able to find representation.

The Complexity of the Litigation

10. The claims and defenses are complex and litigating them is both difficult and time-consuming. This action settled after over six years of litigation, and recovery by any means other than settlement would have required additional years of litigation. Class Counsel's experience and knowledge from those cases resulted in the settlement of this action at this juncture. The Settlement also provides immediate and substantial benefits to approximately 2,000,000 members of the Settlement Class, all of which are current or former UPS customers.

The Professional Skill and Standing of Counsel Involved on Both Sides

11. In any given case, the skill of legal counsel should be commensurate with the novelty and complexity of the issues, as well as the skill of the opposing counsel. Litigation of this action required counsel highly trained in class action law and procedure as well as the specialized issues presented here. Class Counsel

possess these attributes, and their participation added immense value to the representation of this large Settlement Class. The record demonstrates that the action involved a broad range of complex and novel challenges, which Class Counsel met at every juncture. Class Counsel used the extensive knowledge and experience obtained from past cases and applied it to the instant action in order to achieve a fair and reasonable settlement for the Settlement Class Members. Further, considering the potential for this action to turn into an even more lengthy litigation, Class Counsel's ability to negotiate the instant Settlement demonstrates their high level of skill and efficiency. Moreover, throughout the litigation, UPS has been represented by highly capable counsel who were competent adversaries.

12. For these reasons, Class Counsel is hereby awarded $1,894,000 in attorneys' fees, which is 33 1/3 % of the $5,700,000 Settlement Fund. Further, the Court finds that Class Counsel's request for reimbursement of $54,882.00 in expenses to be reasonable and that the expenses were incurred in furtherance of the action.

13. The Court finds that Class Counsel's request for Service Award to be paid to Plaintiff BleachTech LLC is appropriate, and the amount of $5,000.00 requested is reasonable. Awards to class representatives lie within the discretion of the Court and may be awarded for the benefit conferred on the Settlement Class. Plaintiff provided assistance that enabled Class Counsel to successfully prosecute

8

the action and reach the Settlement, including: (a) submitting to interviews with Class Counsel; (b) locating and forwarding responsive documents and information; and (c) participating in conferences with Class Counsel. In so doing, the Plaintiff was integral to forming the theory of the case. Plaintiff's representatives not only devoted their time and effort to the litigation, but the end result of their efforts, and those of Class Counsel, constituted substantial benefits to the Settlement Class. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 535 (E.D. Mich. 2003). Therefore, Plaintiffs BleachTech LLC shall be paid a Service Award of $5,000.00 from the Settlement Fund.

14. The Settlement Administrator is hereby directed to pay the attorneys' fees, expenses, and Service Award from the Settlement Common Fund as provided in the Settlement Agreement. Fifty percent of reasonable costs of Notice and administration of the Settlement will be paid from the Settlement Common Fund; UPS will pay the other fifty percent.

**IT IS SO ORDERED.**

Dated: July 20, 2022                    s/Denise Page Hood
                                        Hon. Denise Page Hood
                                        United States District Judge