IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

BLEACHTECH LLC, individually and
on behalf of all others similarly
situated,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,
an Ohio Corporation,

      Defendant.
_____/

Case No. 2:14-cv-12719

Hon. Denise Page Hood

## AGREED ORDER MODIFYING DISTRIBUTION PLAN

WHEREAS on October 11, 2022, this Court entered an agreed order staying further implementation of the distribution plan set forth in the Settlement Agreement and in the Final Approval Order (ECF No. 155), being fully advised in the premises;

WHEREAS, Class Counsel have filed an Unopposed Motion to Modify Distribution Plan based upon information provided by UPS and the Settlement Administrator, with supporting brief (ECF 160);

WHEREAS, this Court is fully advised in the premises, the Court hereby issues the following findings and order:

**Findings**

1. Under the original distribution plan, the number of class members without active UPS accounts who would have been entitled to a distribution by check in an amount less than $1.00 number is approximately 1,314,120.

2. The total amount of the Net Settlement Fund to have been distributed to such class members would be approximately $79,500.

3. The average distribution amount to the aforementioned 1,314,120 class members would be approximately $0.06.

4. The printing and postage costs for checks to the aforementioned 1,314,120 class members would be approximately $1,065,751, or slightly more than $0.81 per check.

5. In addition, it has become apparent that credits that UPS issued in the amount of less than $1.00 to active accounts that (a) have not made a shipment within in three months of the distribution and (b) have not been otherwise claimed are unlikely to be used. The process of attempting to locate those account holders and to pay them those unused credits, which includes printing and mailing checks, will cost far more than the value that would have been distributed to such accounts.

6. Very few class members would likely cash checks less than $1.00.

7. Under the Settlement Agreement, funds from uncashed checks are to be paid to the approved *cy pres* recipient, the National Consumer Law Center.

8. Under the circumstances, it is not economically feasible to distribute by check Net Settlement Fund amounts less than $1.00 per class member.

9. This Court has retained jurisdiction to administer and enforce the class action settlement (Final Approval Order ¶ 29, ECF No. 155), which encompasses its jurisdiction to enter this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

10. The distribution plan for the Amended Class Action Settlement approved by this Court in this matter is hereby modified as follows:

   a. UPS accounts for class members who have not made a shipment within three months of a distribution are classified as "inactive";

   b. Class members without active UPS accounts whose allocation under the original distribution plan was to be under $1.00 will not be entitled to a cash payment;

   c. The funds representing the total amount of checks to class members whose allocation would have been under $1.00 will be distributed to the designated *cy pres* recipient, National Consumer Law Center, together with funds representing all distribution checks not cashed within 90 days;

   d. The Settlement Administrator will calculate a second pro rata allocation amount for 50% of the amount of reduced administration costs, including postage and printing costs, using the original allocation formula, but without including the claim points for class members without active UPS accounts whose original allocation would have been under $1.00;

e. The second pro rata distribution calculation will be added to the original allocation for class members without active UPS accounts, and the Settlement Administrator will promptly send out a single check to each such class member for the combined total of the two allocations;

f. For class members with active UPS accounts that have shipped within the last three months of the second distribution, UPS shall make a second allocation by account credit to all such members. UPS will not be entitled to compensation for any costs of such second allocation;

g. To the extent that funds already paid into the Settlement Common Fund by UPS are to be allocated by account credits in the second pro rata allocation to class members with active UPS accounts in amount of $1.00 or more, the Settlement Administrator will refund said funds to UPS to accomplish such second distribution;

h. UPS will return to the Settlement Administrator funds representing the amounts allocated to inactive accounts in the first distribution whose distribution (a) was an amount less than $1.00 and (b) has not been otherwise claimed, and such funds will be included in those to be paid to the *cy pres* recipient;

i. The Settlement Administrator will retain any funds that would have been allocated in a second distribution to active accounts at UPS that have not shipped within three months of the distribution in an amount less than $1.00, and such funds will be paid to the *cy pres* recipient;

j. UPS will be entitled to a refund from the Common Settlement Fund of 50% of the amount of reduced administration costs, including postage and printing costs, to the extent it will have overpaid for settlement administration and notice costs. In all events, UPS will remain responsible for payment of one-half of all settlement administration and notice costs; and

  k. This Order shall go into effect 30 days after it is posted by the Settlement Administrator on the Settlement Website. In the event that any class member with standing communicates in writing a formal objection to the modified distribution plan set forth in this Order to the Settlement Administrator or to Class Counsel, implementation of this order will be delayed until further order of this Court.

SO ORDERED.

Dated: October 24, 2022

s/Denise Page Hood
Denise Page Hood
United States District Judge

STIPULATED AND AGREED:

| /s/ Andrew J. McGuinness | /s/ Gregory B. Koltun (by AJM, w/permission) |
|---|---|
| Andrew J. McGuinness (P42074) | Gregory B. Koltun (*admitted*) |
| Counsel for Plaintiffs | Counsel for Defendant |